UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No.: 24-CR-406 (RC) |
| | : | |
| **TRAYON WHITE, SR.** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO SET A TRIAL DATE AND ANCILLARY SCHEDULE**

The United States, hereby, requests that the Court set a trial date in this matter, schedule pretrial proceedings, and exclude certain time from the Speedy Trial Act, 18 U.S.C. § 3161 (STA), calculation of time within which trial must commence.[1]

**I.    Background**

On August 18, 2024, the defendant was arrested on a complaint, and he made his initial appearance on August 19, 2024. The grand jury returned an indictment charging the defendant with one count of bribery in violation of 18 U.S.C. § 201, on September 5, 2024. The defendant was arraigned on the indictment on September 12, 2024. At that time, the Court scheduled a status conference for November 13, 2024, and excluded the intervening time from the STA calculation.

**II.   Proposed Schedule**

The government requests that the Court schedule this matter for trial in July 2025. (The government's case-in-chief will take approximately two weeks to present.) That would allow

---

[1] The government sought to engage defense counsel regarding scheduling in the hope of presenting a joint scheduling proposal to the Court, but our efforts have been unsuccessful.

sufficient time to conduct necessary pretrial proceedings, for the parties to adequately prepare for trial, and for continuity of counsel.  In making this request, the government is mindful of the Court's observation (made at the arraignment) that trials need to be scheduled timely in order to secure the desired time slot before it becomes otherwise unavailable.  It is important to set a trial date now because the STA cannot be tolled due to "general congestion of the court's calendar." 18 U.S.C. § 3161(h)(7)(C).

Due to the nature of this case and the publicity that it has received, the government asks that the Court summon a special jury panel and that a jury questionnaire be used.  The government requests that the Court summon a special panel because many members of the venire may have already gleaned a significant amount of information about this case or have formed strong opinions, or both.  Additionally, many venire members may have pre-existing travel plans during July.  Similarly, we believe that using a jury questionnaire is necessary in this case to ensure that an unbiased jury is selected, since this case involves a public figure and there has been significant media coverage.

Specifically, the government proposes the following schedule:

**2024**

- Parties Meet and Confer regarding status of discovery        Nov. 6
- Status Hearing        Nov. 13
- Discovery Motions (if necessary)        Nov. 27
- Discovery Motions Oppositions        Dec. 11
- Discovery Motions Replies        Dec. 18

**2025**

- Hearing on Discovery Motions        Week of Jan. 6

- Rule 12 Motions                                                    Jan. 13
- Rule 12 Oppositions                                                Feb. 3
- Rule 12 Replies                                                    Feb. 17
- Hearing on Rule 12 Motions                                         Week of Mar. 3
- Motions In Limine                                                  Mar. 10
- Oppositions to Motions In Limine                                   Mar. 24
- Replies to Motions In Limine                                       Mar. 31
- Hearing on Motions In Limine                                       Week of Apr. 14
- Motions for proposed voir dire questions and Proposed Jury Instructions    Apr. 21
- Oppositions to proposed voir dire and jury instructions            May 5
- Replies to proposed voir dire and jury instructions                May 12
- Pretrial Conference                                                May 26
- Venire Completes Questionnaire                                     Jun. 26
- Government provides Jencks/Giglio Materials                        Jun. 30
- Individual Voir Dire Begins                                        July 7
- Trial Commences                                                    Upon completion of individual voir dire

### III.   Tolling the Speedy Trial Act

The proposed schedule complies with the directives of the STA, which provide that, absent proper tolling, the defendant must be tried[2] "within seventy days from the filing date (and making

---

[2]   "'Trial' for purposes of speedy trial calculations begins at voir dire." *United States v. Jones*, 23 F.3d 1307, 1309-09 (8th Cir. 1994) (collecting cases).

public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the defendant was initially charged by complaint and first appeared on August 19, 2024; therefore, the 70-day period began on September 5, 2024, the day the indictment was returned.[3] The STA has been tolled since September 12, 2024. Minute Entry (Sep. 12, 2024).

The STA provides for the exclusion from the calculation of the 70-day period of certain periods of delay. 18 U.S.C. § 3161(h)(1)-(7). The exclusion of some periods of delay is automatic, while the exclusion of other periods is discretionary. The latter exclusions require the Court to determine that the interest of justice served by the delay outweighs both the public's and the defendant's interests in a speedy trial. *Compare Henderson v. United States*, 476 U.S. 321, 327 (1986) ("exclusion of the periods defined in (1)-([5])[4] was intended to be automatic."), *with Bloate* 559 U.S. at 203 ("Some of these delays are excludable only if the district court makes certain findings enumerated in the statute."). As set forth below, both automatic and discretionary exclusions of time apply here. (The specific periods of excludable time and the corresponding STA provisions are set forth in the chart attached as Exhibit A.)

**A.   Automatic Tolling**

It is anticipated that motions will be filed and litigated in this matter. The STA provides

---

[3]   *See, e.g., United States v. Lopez-Valenzuela*, 511 F.3d 487, 489 (5th Cir. 2007) ("in cases in which the defendant appears before being indicted, the indictment is the start date" for calculation of the 70-day period); *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007) (same).

[4]   *Bloate v. United States*, 559 U.S. 196, 199, n.2 (2010) ("Congress passed the Judicial Administration and Technical Amendments Act of 2008, 122 Stat. 4291, which made technical changes to the Speedy Trial Act, including the renumbering of several provisions.").

for the automatic exclusion of periods of time related to motions practice:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> \* \* \*
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> \* \* \*
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1)(D)(H); *see also United States v. Stubblefield*, 643 F.3d 291, 295 (D.C. Cir. 2011) ("exclusion provided [for pretrial motions] is 'automatic,' and applies 'without district court findings'").[5]

The filing of any motion tolls the STA. *See, e.g.*, *United States v. Hemphill*, 514 F.3d 1350, 1356-57 (D.C. Cir. 2008) (holding that excludable delay results from the government's motion for a continuance). For example, discovery motions[6] and motions in limine[7] toll the STA. But a mere "notice" does not toll the STA. *See, e.g., United States v. Harris*, 491 F.3d 440 (D.C. Cir. 2007) (government's filing notice of intent to impeach the defendant did not toll).

---

[5] In *United States v. Tinklenberg*, 563 U.S. 647 (2011), the Supreme Court held that pretrial motion delay "does not contain [a] causation requirement." *Id.* at 650. That is, a pretrial motion generates excludable delay "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *Id.*

[6] *See, e.g., United States v. Chalkias*, 971 F.2d 1206 (6th Cir. 1992) (per curiam), (the defendant's discovery motions that "elicited a response from the United States and . . . a ruling from the District Court" tolled STA).

[7] *See, e.g, United States v. Thomas*, 749 F.3d 1302, 1309 (10th Cir. 2014) (defense motion in limine tolled STA); *United States v. Bloate*, 655 F.3d 750, 753 (8th Cir. 2011) (government motion in limine tolled STA).

Whether a particular motion necessitates a hearing is within the Court's discretion. *See, e.g., United States v. Ibrahim*, 814 F.3d 30, 33 (1st Cir. 2016) ("we reiterate the established principle that a district court's determination of need for a particular hearing deserves substantial deference"). "The STA does not define the word 'hearing.' But we have understood it capaciously as 'any on-the-record colloquy in which the district court hears the arguments of counsel and considers those arguments prior to deciding a pending motion.'" *Id.* at 34. A proceeding need not involve the presentation of testimony or other evidence to qualify as a "hearing." *United States v. Tannehill*, 49 F.3d 1049, 1053 (5th Cir. 1995); *see also United States v. Grosz*, 76 F.3d 1318, 1324-25 (5th Cir. 1996) (brief exchange between district judge and prosecutor at pretrial conference at which defense counsel was present constituted "hearing" on defendant's motion in limine).

The STA's exclusion of time resulting from the filing of pretrial motions includes any time after a hearing, if the Court has determined that additional filings from the parties are needed for proper disposition of the motion. As the Supreme Court explained:

> The provisions of the [STA] are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion. District courts often find it impossible to resolve motions on which hearings have been held until the parties have submitted posthearing briefs or additional factual materials, especially where the motion presents complicated issues. It would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials.

*Henderson,* 476 U.S. at 331 (citation omitted).

A motion is "actually under advisement" once the court has held any appropriate hearing and has received all filings it reasonably expects. *See, e.g., United States v. Robertson*, 260 F.3d 500, 504-05 & n.1 (6th Cir. 2001); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).

Thereafter, the STA is tolled for up to 30 days while the motion is under advisement by the Court. 18 U.S.C. § 3161(h)(1)(H); *see also Henderson*, 476 U.S. at 329 ("The 'point at which time will cease to be excluded' is identified by subsection ([H]), which permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court.").

**B.     Ends of Justice Tolling**

The STA provides for the exclusion of time arising from a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. §3161(h)(7)(A).  When making this determination, the Court should consider, among other factors, the following:

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(ii)(iv).

The Supreme Court has explained that the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *United States v. Zedner*, 547 U.S. 489, 497 (2006).  "Much of the Act's flexibility is furnished by § 3161(h)([7]), which governs ends-of-justice continuances." *Id.* at 498.  "This provision gives the district court discretion . . . to accommodate limited delays for case-specific needs." *Id.* at 499.  "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id.* at 508.  And it knew "that the many sound grounds for granting ends-of-justice continuances

could not be rigidly structured." *Id.* Therefore, "[t]he exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act . . . ." *Id.* at 509.

Here, the ends of justice served by excluding certain periods of time outweigh the best interests of the public and the defendant in a speedy trial because this case is "unusual [and] complex"; and, even if not "so unusual [and] so complex," the exclusion of time is necessary to provide "counsel for the defendant [and] the attorney for the Government the reasonable time necessary for effective preparation . . . . [and] continuity of counsel . . . ." 18 U.S.C. § 3161(h)(7)(B)(ii)(iv). First, the time needed to prepare motions should be excluded. *See Bloate*, 559 U.S. at 214 (time provided for preparing and filing pretrial motions may be excluded pursuant to an ends-of-justice continuance).

Second, at the defense's request, the Court has already found that this case involves voluminous discovery. The government has worked to expeditiously provide all discoverable materials to the defense, but some material remains, e.g., the contents of the defendant's cellular telephone to which the FBI only recently gained access.[8] Additionally, this case presents complex legal issues, will require a significant amount of time for both the defense and the government to prepare for trial, and necessitates an in-depth voir dire process. Accordingly, the time needed by both defense and government counsel to adequately prepare is excludable pursuant to an ends-of-justice continuance. *See, e.g., United States v. Dota,* 33 F.3d 1179, 1183-84 (9th Cir. 1994) (delay excludable where defendants needed more time to review large amounts of discovery and conduct follow-up investigation and government needed more time to review and analyze records and

---

[8] The defendant's cellular telephone was seized pursuant to a search warrant on August 18, 2024.

conduct follow-up investigation); *United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012) ("'Defense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance.'"); *United States v. Sherer*, 770 F.3d 407, 411 (6th Cir. 2014) (delay to allow government to develop evidence excludable).

Last, delay arising from continuances that are necessary to provide for defense or government continuity of counsel, is excludable. 18 U.S.C. § 3161(h)(7)(B)(iv) (appropriate to toll STA to allow "the defendant or the Government continuity of counsel"); s*ee, e.g., United States v. Carpenter*, 781 F.3d 599, 619 (1st Cir. 2015) (in determining excludability of time court properly "considered why and for how long the government and [defense] counsel would be unavailable"); *United States v. Griffin*, 194 F.3d 808, 824-25 (7th Cir. 1999) (upholding 7-week continuance to permit AUSA to try another case). Here, one of the undersigned government counsel has a trial scheduled to begin on May 5, 2025 (estimated to last three weeks). The time necessary for that trial and preparation, should be excluded from the STA calculation.[9]

---

[9] At the arraignment, the defense requested an exclusion of time to review voluminous discovery and resisted setting a trial date. Accordingly, the defense should not now be heard to claim that the time needed for trial preparation is not excludable. *See, e.g., United States v. Gonzalez*, 399 F. App'x 641, 644 (2d Cir. 2010) ("it is 'plausible to regard [a defendant's] active participation and acquiescence in such delays as itself a significant indication of their reasonableness.'"); *cf. United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013) ("Therefore, the [defendant's] attorney's requests for and agreement to continuances exclude them from the days counted towards the Speedy Trial Act clock."); *United States v. Bikundi*, 926 F.3d 761, 779 (D.C. Cir. 2019) (no STA violation, where, among other things, defendant "consented to the next-to-last continuance"). Notably, "the plain language of section 3161(h)(7)(A) does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) (internal quotation marks omitted)); *see also United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013) ("the STA does not include the defendant's consent among the factors a court must consider in weighing whether the ends of justice would be served by granting a continuance").

## IV. Conclusion

The government asks that the Court set the trial date and ancillary schedule, as proposed, and exclude from the STA calculation the appropriate time periods, as set forth in Ex. A.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

_____/s/_____
John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794