**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 24-cr-406 (RC) |
| TRAYON WHITE, SR. | ) | |

## OPPOSITION TO GOVERNMENT'S OMNIBUS MOTIONS *IN LIMINE*

Mr. Trayon White, through undersigned counsel, respectfully files this response to the government's motion in limine, ECF 24. In its motion, the government asks that the Court to (A) preclude Mr. White from presenting jury nullification arguments to the jury; (B) preclude Mr. White from presenting selective prosecution arguments to the jury; (C) preclude Mr. White from referring to punishment or other consequences; (D) preclude Mr. White from offering evidence of prior good conduct; (E) preclude the use of self-serving hearsay; (F) preclude Mr. White from cross-examining the government's primary witness; (G) preclude Mr. White from presenting an entrapment defense; and (H) preclude Mr. White from impeaching witnesses with interview reports.[1]  The government's requests must be denied.

## ARGUMENT

### I.    THE GOVERNMENT'S FIRST REQUESTS ARE PREMATURE

The government's arguments concerning jury nullification, selective prosecution, and references to punishment essentially amount to asking the Court to require that defense counsel follow the rules of evidence. These requests, which have become all too common from the U.S. Attorney's Office, are inappropriate and premature.  Counsel for Mr. White, understand the rules of evidence and their obligations as officers of the Court.  Additionally, it is not clear what the

---

[1] These arguments are presented out of order for ease of discussion.  The government also seeks permission for a case agent to sit at counsel table during the trail.  Mr. White does not oppose this request.

government seeks since as they are objecting prematurely to hypothetical scenarios. If the government has a legitimate basis for an objection during opening statements, cross examinations, or closing arguments, they can raise it at the appropriate time.

## II.     THE GOVERNMENT'S EVIDENTIARY MOTIONS ARE BASED ON PURE SPECULATION

The government has moved to preclude Mr. White from presenting evidence of Mr. White's prior good conduct, evidence of self-serving hearsay, and prevent Mr. White from cross-examining the government's primary witness, and preclude cross examination based on notes taken at witness interviews.

First, the government's request that Mr. White not be permitted to present irrelevant character evidence or present improper hearsay evidence are based in pure speculation. The government has no way of knowing what evidence the defense intends to introduce at trial, nor could it. As the defense continues to investigate this case, review discovery, and prepare for trial, not even counsel for Mr. White knows at this point exactly what evidence will be offered at trial.

Second, the defense, like it would hope the government is, is well versed in the Federal Rules of Evidence. Counsel for Mr. White is well aware that any evidence of Mr. White's prior conduct must comply with the Rules of Evidence. Similarly, counsel for Mr. White is well aware that any out of court statement offered for the truth of the matter asserted must comply with the Rules of Evidence concerning hearsay statements. Asking the Court to order Mr. White to comply with the Rules of Evidence, which apply to every litigant in this courtroom, is perplexing to say the least.

Mr. White retains the right to introduce all evidence that complies with the Federal Rules of Evidence including any prior good conduct or out of court statements.

The government's effort to limit cross examination of its primary witness is particularly egregious. The government asserts that its primary witness CHS-1's prior criminal activity and civil cases "are not proper grounds for cross-examination."[2] But the government saying this does not make it so.

The government asserts that Rule 608 forbids the introduction of extrinsic evidence. ECF 24 at 21 (citing *United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996). However, the government completely ignores that Rule 608 includes a relevant exception. Rule 608 in full provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of" the witness. Fed. R. Evid. 608.

This principle is explicitly recognized in the case law cited by the government. The government quotes *United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996) asserting that the "Federal Rules of Evidence expressly prohibit the use of 'extrinsic evidence' of a witness' conduct (except for certain types of criminal convictions) to impeach the witness." ECF No. 24 at 21. That, however, is not where that sentence ends. *Morrison* goes on to say the rules "permit 'inquiry into' such conduct if, in the discretion of the court, the conduct is 'probative of truthfulness or untruthfulness.'" *Id.* (quoting Fed. R. Evid. 608(b)). The defense may, therefore, introduce any extrinsic evidence relevant to CHS-1's character for truthfulness or untruthfulness which may include the conduct described in Sealed Exhibit 4.

The government again attempts to limit Mr. White's Sixth Amendment right to cross examine the witnesses brought against him by arguing that Mr. White should not be permitted to

---

[2] The government makes no argument that the conviction in the case where he pleaded guilty in connection with this case is improper grounds for cross-examination.

introduce interview reports to impeach government witnesses. ECF No. 24 at 22. Specifically, the government asks that the "defense should be limited to using those interview reports consistent with the law and the rules of evidence." ECF No. 24 at 22. Defense counsel is again puzzled because how else could these reports be used if not within the confines of the law and the rules of evidence.

Whether a report would constitute a prior statement of the witness that could be used for impeachment will be a fact specific inquiry into that particular document. This inquiry will consider, for example, whether the witness had adopted the document or reviewed the document with the law enforcement officer. Regardless, defense counsel remains free to ask the witnesses about the contents of these reports. *See United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) ("[C]ounsel was allowed to question based upon the information in the 302 statement.").

### III.    THE GOVERNMENT DOES NOT GET TO DECIDE WHICH DEFENSES MR. WHITE MAY RAISE AT TRIAL

The government argues that the court should preclude Mr. White from presenting an entrapment defense. But whether the defense has presented sufficient evidence to warrant an entrapment instruction is an appropriate question at the charge conference, not for a motion in limine.

According to the government, "the Defendant was plainly not induced. As described in the indictment, and in more detail [in the Motion in Limine]," Mr. White had a prior relationship with CHS-1 and there was "no resistance on the part of the Defendant" when CHS-1 "sough to set up a meeting." The government further alleges that CHS-1 offered Mr. White money in exchange for helping to renew certain contracts with the city government. The government then argues that "[o]n these facts, no reasonable jury could find that the government induced the Defendant because no reasonable jury could find that his will to obey the law was overborne." ECF No. 24 at 16.

However, "these facts" that the government refers to are merely its own recitation of the allegations in the indictment. As the government so aptly put it in discussing cases brought against CHS-1, the allegations in the indictment "are just that—allegations." ECF No. 24 at 21. The government reciting these facts in a pleading does not transform them into proven facts.

Indeed, the authority the government relies on considers whether an entrapment instruction is warranted *when the Court instructs the jury*. *United States v. McKinley*, 70 F.3d 1307, 1309 (D.C. Cir. 1995) ("On appeal, appellant cites as error the District Court's refusal to give a jury instruction on the defense of entrapment or allow defense counsel to argue entrapment to the jury" in closing arguments."). Whether the Court will give an entrapment instruction and whether defense counsel can argue entrapment to the jury is a decision which will be made later during trial. Perhaps recognizing this, the government in a footnote asks that if the Court intends to defer deciding on the jury instruction, to "prohibit the defense from arguing entrapment to the jury during voir dire, opening statements, or at any point at trial—unless and until the Court determines there is sufficient evidence to support an entrapment instruction. Should the defense state the term entrapment or allude to the same during trial, it would ring a bell that cannot be unrung." ECF No. 24 at 17 n.2. Yet, the government cites no authority for this proposition. Nor could it because this is not how our adversarial legal system functions. The government does not get to unilaterally decide which defenses a criminal defendant may present.

If the government is implying that defense counsel will raise entrapment in opening statements without intending to introduce evidence at trial to support this argument, that is an uncalled-for accusation. Defense counsel is well aware of their obligations as officers of the Court, including not to present baseless arguments in an opening statement that will not be trued up with evidence.

Whether Mr. White is entitled to an entrapment instruction will be based on the evidence introduced at trial, not the government's indictment or its recitation of the allegations in the indictment presented here.

## **CONCLUSION**

As all of the government's requests in their Motions *in Limine* are either inflammatory or premature, the Court should deny each motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Alexis Gardner
Ubong Akpan
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500