## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TRAYON WHITE, SR.**<br><br>**Defendant.** | **Case No. 24-CR-406 (RC)** |

## GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE

The United States of America respectfully moves *in limine* for a pretrial order finding authentic self-authenticating (1) business records and documents pursuant to Federal Rules of Evidence 901, 902(11) and (13); and (2) forensically extracted data from Defendant Trayon White's cellular phone pursuant to Federal Rule of Evidence (FRE) 902(14)

In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

## ISSUES AND ANALYSIS

To authenticate a document, such as an email or other record, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The threshold for authenticity is "not high," and the proponent is not required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (citations and quotation marks omitted); *see also United States v. Safavian*, 435 F. Supp.2d 36, 39 (D.D.C. 2006) ("The Court need not find that the emails are necessarily what the proponent claims, only that there is evidence sufficient for the jury to make such a finding.") (citation omitted). The authenticity of this evidence that the Government intends to introduce can be readily

established by testimony of a law enforcement agent with knowledge of the collection process. *See Braswell v. United States*, 487 U.S. 99, 119 (1988) (explaining that the Government may authenticate records through testimony "establishing that the corporation produced the records subpoenaed" and the "jury may draw from the corporation's act of production the conclusion that the records in question are authentic" and "produced in response to the subpoena."). Evidence may also be self-authenticating, requiring no extrinsic evidence of authenticity. *See* Fed. R. of Evid. 902.

1.  *Self-Authenticating Business Records*

The Government intends to admit certain self-authenticating business records during its case-in-chief. The Federal Rules of Evidence allow for business records to be admitted in evidence at trial without a custodian of records testifying to their authenticity. *See* Fed. R. Evid. 902(11). The same is true for certified records generated by an electronic process or system. *See* Fed. R. Evid. 902(13).[1] Therefore, this pleading formally provides notice of the Government's intent to use declarations pursuant to Federal Rules of Evidence 902(11) and (13), and seeks a pretrial ruling as to the authenticity of those declarations.[2] The relevant records and declarations of authenticity were previously provided in discovery, and the declarations are also attached hereto as Attachment A. Specifically, the Government's trial exhibits may include specific records and documents from the following entities, consistent with the identified rule:

---

[1]    This Court may also find records authentic that do not fall squarely into any of these rules. *See* Fed. R. Evid. 104(a) (preliminary questions concerning the admissibility of evidence shall be determined by the Court, and in making such determinations courts are "not bound by the rules of evidence" (except those with respect to privileges)).

[2]    Here, as the rules allow, the Government intends to admit the certified records themselves and not the declarations. And, regardless of the way it was authenticated, ultimately questions about the authenticity of evidence go to the weight the jury should give the evidence, not its admissibility. *See Hassanshahi*, 195 F. Supp. 3d at 48 ("The ultimate resolution of the evidence's authenticity is reserved for the jury.").

- MGM Resorts International. (Fed. R. Evid. 902(11), (13)) – Casino records documenting Defendant's activity

- Progressive Life Center (Fed. R. Evid. 902(11), (13)) – Contract records

- Truist Bank (Fed. R. Evid. 902(11), (13)) – Defendant's, Company 1's, and Company 2's banking records

- Navy Federal Credit Union (Fed. R. Evid. 902(11), (13)) – CHS 1's banking records

- Bank of America (Fed. R. Evid. 902(11), (13)) – CHS 1's and Company 1's banking records

- The Harbor Bank of Maryland (Fed. R. Evid. 902(11), (13)) – CHS 1's, Company 1's, and Company 2's banking records

- District of Columbia Office of the Inspector General (Fed. R. Evid. 902(11), (13)) – Records of the District of Columbia Government

- District of Columbia Board of Ethics and Government Accountability (Fed. R. Evidence (902(11), 902(13))- Defendant's Financial Disclosure Statements from 2017 to 2023.

As relevant to the business records described above, it is well-established that such documents can also be readily authenticated using certifications complying with Federal Rule of Evidence 902. *United States v. Foster*, No. 1:20-cr-186, 2024 U.S. Dist. LEXIS 8123, at *5-9 (N.D. Ohio Jan. 17, 2024) (finding records self-authenticating under Federal Rules of Evidence 902(11) and 902(13) where accompanied by certifications "signed by a custodian of the record" that "provide that the records were made at or near the time of each act, that they were made as a regular practice, and that the records were kept in the course of regularly conducted business activity"); *see also United States v. Edwards*, No. 11-129-1, 2012 U.S. Dist. LEXIS 163044, at *7

(D.D.C. Nov. 15, 2012) (finding business records self-authenticating where supported by certification of records custodian and holding that "[a]t least five separate Circuits have held that certifications used pursuant to Federal Rule of Evidence 902(11) to authenticate business records are not testimonial and can be used to lay a foundation for the admissibility of business records under Rule 803(6). The certifications merely establish the procedures through which the underlying records were made. The business records—not the certifications—are used to establish facts against the defendant at trial.").

Each of the above-detailed business record certifications complies with the dictates and furthers the judicial efficiency purposes of Federal Rule of Evidence 902 and easily meets the minimal requirements for authenticating certain pieces of evidence. Accordingly, the Government requests a pretrial ruling as to the authenticity of these records.

2.  _Self-Authenticating Evidence from Defendant's Cellular Phone_

The Government anticipates introducing in its case-in-chief certain relevant digital evidence, such as SMS/MMS messages and contact information, extracted from the Defendant's cellular phone obtained during the course of the Government's investigation. This phone extraction was performed by Special Agent Patrick T. Michaels, who works for the Federal Bureau of Investigation. The Government thus formally notifies the Defendant of its intention to offer evidence pursuant to Fed. R. Evid. 902(14) during its case-in-chief and seeks a pre-trial ruling as to the self-authentication of this digital evidence that was extracted from the phone described above.  This Rule of Evidence provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> […]
>
> (14) Certified Data Copied from an Electronic Device, Storage Medium, or File.  Data copied from an electronic device, storage

> medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902(14).

The communications extracted from the Defendant's cellular phone was previously provided to defense in discovery. Agent Michaels, who extracted and imaged the phone, executed a certification satisfying Fed. R. Evid. 902, which is attached as Exhibit A. Agent Michaels' curriculum vitaes has been provided to the defense under separate cover. The certification further set forth Agent Michaels' qualifications and explain that he copied the information on the Defendant's phone using Magnet/GrayKey, a common and widely accepted cell phone forensic tool, which is a system or process that produces an accurate result—the verified extraction of records from a cell phone. Agent Michaels' certification further confirms that this forensic copying process resulted in an accurate copy of the information contained on the Defendant's phone.

The authenticity of this evidence that the Government intends to introduce is readily established through the use of the Fed. R. Evid. 902 certificates. See, e.g., United States v. Carter, No. 21-CR-681- 01-02-03 (NSR), 2024 U.S. Dist. LEXIS 12770, at *6-7, *10-11 (S.D.N.Y. Jan. 24, 2024) (finding certification from FBI agent who decrypted phone records satisfied the self-authentication requirements of Federal Rules of Evidence 902(11) and 902(14)); United States v. Nishida, No. 20-10238, 2021 U.S. App. LEXIS 22100, at *4-5 (9th Cir. July 26, 2021) (affirming admission of texts extracted from defendant's phone that were authenticated "under the self-authentication procedure outlined in Federal Rules of Evidence 902(11) and 902(14) based on the certification from a technician"); United States v. Anderson, 563 F. Supp. 3d 691, 696 (E.D. Mich. 2021) (finding certification for data extracted from a cellphone using Cellebrite satisfied the self-authentication requirements of Federal Rules of Evidence 902(11) and 902(14)).

Here, Agent Michaels' certification appropriately authenticates the digital information extracted from the Defendant's cellular phone because it complies with the dictates of the rule, and further the judicial efficiency purposes of Fed. R. Evid. 902; the certification easily meets the minimal requirements for authenticating certain pieces of digital evidence. Furthermore, at trial, the Government may present testimony from members of the case team who reviewed the extraction and identified specific relevant records. The Government will then seek to admit those relevant records at trial, but not the certification itself. Accordingly, the Government requests a pretrial ruling that its proposed certification attached hereto as Attachment B meet the requirements of Fed. R. Evid. 902.

## CONCLUSION

To ensure a smooth trial, to make efficient use of the jury's time, and to determine prior to trial what, if any, live witnesses the Government must call solely for the purpose of authenticating certain evidence, the Government hereby asks that the Court grant its motion *in limine*.


Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By _____/s/_____

Rebecca G. Ross (NY Bar No. 5590666)
Joshua Gold (Tx Bar No. 24103101)
Assistant United States Attorneys
601 D Street N.W.
Washington, DC 20530
Office: (202) 252-4490

Attachment A

# <u>DECLARATION OF CUSTODIAN OF RECORDS</u>

Pursuant to 28 U.S.C. §1746, I, the undersigned, hereby declare:

My name is _____<u>Emma Forte</u>_____ .
*(name of declarant)*

    I am a United States citizen and I am over eighteen years of age.  I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.  I have knowledge of the record keeping system used by this business; this includes how records are created and maintained.

    I am in receipt of a United States District Court Subpoena #GJ20250401129167 dated April 1, 2025, signed by Assistant United States Attorney <u>Rebecca G. Ross</u>, requesting specified records of the business named below.

    Attached hereto are ___767___ pages of records regarding <u>gaming, credit, loyalty rewards</u>
*(Brief description  of type of documents being subpoenaed)*

_____ responsive to the subpoena.  I understand how these responsive documents were created.  Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records attached hereto:

    (1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

    (2) were kept in the course of regularly conducted business activity, in that the records were created and preserved pursuant to established procedures, and were relied upon by an employee or this business; and

    (3) were made as part of the regularly conducted business activity as a regular practice, in that the records were created and preserved as part of routine reflections of the normal operations of this business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___<u>9/23/2025</u>_____ .
*(date)*

_____
*(signature of declarant)*

___<u>Emma Forte, Paralegal</u>_____
*(name and title of declarant)*

___<u>MGM Resorts International</u>_____
*(name of business)*

___<u>6770 S. Edmond St., Third Floor</u>_____
*(business address)*

___<u>Las Vegas, NV 89118</u>_____
*(business address)*

<u>Definitions of terms used above</u>:

As defined in Fed.R.Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses.  The term "business" as used in Fed.R.Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

# DECLARATION OF CUSTODIAN OF RECORDS

Pursuant to 28 U.S.C. §1746, I, the undersigned, hereby declare:

My name is _____Charles Evans_____.
*(name of declarant)*

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration. I have knowledge of the record keeping system used by this business; this includes how records are created and maintained.

I am in receipt of a United States District Court Subpoena #GJ20240816121586 dated August 16, 2024, signed by Assistant United States Attorney Joshua S. Rothstein, requesting specified records of the business named below.

Attached hereto are __2173__ pages of records regarding __PLC payments to grantees and vendors__
*(Brief description of type of documents being subpoenaed)*
_____ responsive to the subpoena. I understand how these responsive documents were created. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records attached hereto:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity, in that the records were created and preserved pursuant to established procedures, and were relied upon by an employee or this business; and

(3) were made as part of the regularly conducted business activity as a regular practice, in that the records were created and preserved as part of routine reflections of the normal operations of this business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____9|12|24_____
*(date)*

_____
*(signature of declarant)*

Charles Evans, COO
*(name and title of declarant)*

Progressive Life Center
*(name of business)*

1933 Montana Avenue NE
*(business address)*

Washington DC 20002
*(business address)*

Definitions of terms used above:

As defined in Fed.R.Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed.R.Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.



FIU-Fulfillment Services
P.O. Box 620577
FL-ORL-7136
Orlando, FL 32809

RE: WHITE, TRAYON ANTONIO

## **CERTIFICATION OF BANK RECORDS**

I, Jeremy Marin do hereby certify under penalties and perjury that I am the custodian of records for Truist Financial and that the attached documents are true and accurate copies of our business records, maintained, and/or prepared by our company.

It is further certified that the records were made at or near the time of the occurrence of the matters set forth by a person with knowledge of those matters. The records were made and kept in the course of regularly conducted business activity and it is a regular practice of our company to make and keep such records.

_____
Signature

9/12/2024
_____
Date



FIU-Fulfillment Services
P.O. Box 620577
FL-ORL-7136
Orlando, FL 32809

**SUB:  200777**
**RE:     PAIGE, TAMIKA ET AL**
**           SS-154816**

## <u>CERTIFICATION OF BANK RECORDS</u>

I, Angelica Cardenas, do hereby certify under penalties and perjury that I am the custodian of

records for Truist Financial and that the attached documents are true and accurate copies of our

business records, maintained, and/or prepared by our company.

It is further certified that the records were made at or near the time of the occurrence of the

matters set forth by a person with knowledge of those matters.  The records were made and kept in the

course of regularly conducted business activity and it is a regular practice of our company to make and

keep such records.

_Angelica Cardenas_
Signature

_June 9, 2022_
Date



In reply refer to:

## CERTIFICATION STATEMENT

The undersigned is a duly authorized custodian of records of NAVY FEDERAL CREDIT
UNION and has the authority to certify the enclosed records. The enclosed documents are true
copies of all the records described in the Subpoena / Customer Consent / Authorization Form.
Said records were prepared by the custodian or the personnel of NAVY FEDERAL CREDIT
UNION in the ordinary course of business and were prepared from records which were
themselves prepared at or near the time of the act, condition or event.
I declare under the penalty of perjury that the foregoing is true and correct.
Executed on this day, May 13th, 2022, in the County of Escambia, State of Florida.

BY:    _____
*(Signature)*

**Sharon Turner** _____
*(Print or Type)*

Subscribed and sworn to before me on this 13th day of May, 2022. My commission expires:
02/25/2026.

JENICE JONES
Notary Public-State of Florida
Commission # HH 222207
My Commission Expires
February 25, 2026

_____
*(Notary Public)*



ICE JONES
lic-State of Flor
Islon # HH 2222'
mission Expire
25, 2026

PO Box 3000  Merrifield VA  22119-3000



## CERTIFICATION STATEMENT

The undersigned is a duly authorized custodian of records of NAVY FEDERAL CREDIT
UNION and has the authority to certify the enclosed records. The enclosed documents are true
copies of all the records described in the Subpoena / Customer Consent / Authorization Form.
Said records were prepared by the custodian or the personnel of NAVY FEDERAL CREDIT
UNION in the ordinary course of business and were prepared from records which were
themselves prepared at or near the time of the act, condition or event.
I declare under the penalty of perjury that the foregoing is true and correct.
Executed on this day, August 12th, 2022, in the County of Escambia, State of Florida.

BY: _____
*(Signature)*

Sharon Turner
_____
*(Print or Type)*

Subscribed and sworn to before me on this 12th day of August, 2022.  My commission
expires:  02/25/2026.



JENICE JONES
Notary Public-State of Florida
Commission # HH 222207
My Commission Expires
February 25, 2026

_____
*(Notary Public)*

P.O. Box 3000  Merrifield, VA  22119-3000

BANK OF AMERICA, N.A.

Bank Reference Number: D121923000526
Subpoena Number: GJ20231214111093
Issuer: United States District Court for the District of Columbia

### DECLARATION OF
### BANK OF AMERICA BANK OFFICER AND CUSTODIAN OF RECORDS

1)    Authority. I, Ileana Navarro, am a duly authorized bank officer and/or custodian of records of Bank of America, N.A. with authority to execute this declaration and certify to the authenticity and accuracy of the records produced with this declaration.

2)    Records. The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a regularly conducted banking activity that:

a)    Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

b)    Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and

c)    Were made and kept by the regularly conducted activity of Bank of America N.A. as a regular practice, on or about the time of the act, condition, or event recorded.

Additional Comments:

| Customer Name | Account Number | Document Type | Timeframe |
|---|---|---|---|
| ███████████ | 5772 | Account Statements; Wire Transfer; Checks; Withdrawal Slips; Deposit Slips | 01/01/2019-12/14/2023 |
| ███████████ | 5824/1280 | Account Statements; Wire Transfer; Checks; Withdrawal Slips; Deposit Slips | 01/01/2019-12/14/2023 |

**CONFIDENTIAL TREATMENT REQUESTED
BY BANK OF AMERICA**

Bᴀɴᴋ ᴏꜰ Aᴍᴇʀɪᴄᴀ, N.A.

| ████████████ | | | |
|---|---|---|---|
| ███████████. | 6609 | Account Statements; Wire Transfer | 01/01/2019-12/14/2023 |

3)    <u>Production</u>

_____X_____ The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject subpoena) constitute a complete production of bank records responsive to the subject subpoena (or a complete production under the terms of a subject subpoena as subsequently limited by the issuer);

OR

_____ A thorough search has been conducted and no records could be located that are responsive to the subject subpoena.

4)    I declare under penalty of perjury that the foregoing is true and correct.

Date: 01/19/2024            _____

**CONFIDENTIAL TREATMENT REQUESTED
BY BANK OF AMERICA**

# DECLARATION OF CUSTODIAN OF RECORDS

Pursuant to 28 U.S.C. §1746, I, the undersigned, hereby declare:

My name is _The Harbor Bank of MD / Tammy Walker_
(name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration. I have knowledge of the record keeping system used by this business; this includes how records are created and maintained.

I am in receipt of a United States District Court Subpoena #GJ2022042189811 dated April 21, 2022, signed by Assistant United States Attorney Joshua S. Rothstein, requesting specified records of the business named below.

Attached hereto are _618_ pages of records regarding ███████████████ _(Brief description of type of documents being subpoenaed)_ ████████████████ responsive to the subpoena. I understand how these responsive documents were created. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records attached hereto:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity, in that the records were created and preserved pursuant to established procedures, and were relied upon by an employee or this business; and

(3) were made as part of the regularly conducted business activity as a regular practice, in that the records were created and preserved as part of routine reflections of the normal operations of this business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _5/2/22_
(date)

_Tammy Walker_
(signature of declarant)

_Tammy Walker / Banking Officer_
(name and title of declarant)

_The Harbor Bank of Maryland_
(name of business)

_25 W. Fayette Street_
(business address)

_Baltimore, MD 21202_
(business address)

---

Definitions of terms used above:

As defined in Fed.R.Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term, "business" as used in Fed.R.Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____John Burke_____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by _____Government of the District of Columbia Office of the Inspector General_____ ("AGENCY"), and my title is _____Investigative Analyst_____.  I am a custodian of records for AGENCY, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of AGENCY.  The attached records consist of:

_____Contracts, Grants, Agreements, Invoices, and Task Orders with the District of Columbia Government_____
[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of AGENCY, and they were made by AGENCY as a regular practice; and

b.      such records were generated by AGENCY's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of AGENCY in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by AGENCY, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.


09/19/2025                              _____*John Burke*_____
Date                                          Signature

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)</u>

I, Stanley M Kosick, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Board of Ethics and Government Accountability ("BEGA"), and my title is Program Coordinator.   I am a custodian of records for BEGA, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of BEGA.  The attached records consist of:

District of Columbia City Councilmember Trayon White Sr Biannual Financial Disclosure Statements from 2017 to 2023.
[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of BEGA, and they were made by BEGA as a regular practice; and

b.      such records were generated by BEGA's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of BEGA in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by BEGA, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

September 23, 2025

*Stan Kosick  S K*

_____          _____
Date                            Signature

Attachment B

<u>CERTIFICATE OF AUTHENTICITY</u>
<u>OF DATA COPIED FROM AN ELECTRONIC DEVICE, STORAGE MEDIUM,</u>
<u>OR FILE PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11), (13), AND (14)</u>

I, Patrick T. Michaels, attest and certify, under penalty of perjury by the laws of the United

States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification

is true and correct.

1. By reason of my position and specialized training, I am authorized to make this declaration as a "qualified person" under Rule 902(14) of the Federal Rules of Evidence. I have worked as a Special Agent of the Federal Bureau of Investigation ("FBI") for over 19 years. Beginning on or about March 2024, while working as a Special Agent, I trained to become certified as a Digital Forensic Examiner.

2. As a Digital Forensic Examiner ("DFE"), I have extensive training and experience making verified images of a variety of digital devices, including mobile devices and computer hard drives. I have completed training in multiple digital forensic disciplines, to include mobile device training on the tools used for this case, and have successfully completed the FBI-sponsored Basic Mobile Device Training. Additionally, I have successfully completed the required annual proficiency exams which test the ability to successfully create a verified image/extraction of an original evidence item and identify the required artifacts that are pertinent to the investigation. During the course of my career, as both a DFE and DFE trainee, I have completed approximately 9 examinations consisting of more than 24 digital devices comprising more than 8 terabytes of data. I conducted these examinations on verified images/extractions containing data from the original devices that included a wide variety of computers, mobile devices, and loose media.

3. I am qualified to forensically extract and examine cellular telephones, including iPhones and Android systems. I am qualified to authenticate the digital extraction referenced below because of my experience and training and because I had direct involvement in the creation of the digital extraction listed below:

| Evidence Item | Description | Date of Extraction |
|---|---|---|
| 1B1 (also identified as QWF1_302438_194A in GrayKey report & QWF1_302438 in CART exam report) | Apple iPhone 14; Serial: P6P39L3V0R; IMEI 1: 359003856621264; IMEI 2: 359003856533832; running iOS 17.5.1 [21F90]. | 9/9/2024 |

4. I acquired the Instant After First Unlock (AFU) filesystem extraction of 1B1 identified above on September 9, 2024, using specialized mobile device extraction hardware/software Magnet/GrayKey. In my training and experience, this forensic software creates an accurate and reliable extraction of digital devices, and I have regularly relied on this tool to create accurate and reliable mobile device extractions in the past.

5. Furthermore, I know that the forensic extraction process completed for the device described above because the software expressly indicated that the extraction was successful. The extraction process is regularly verified by the FBI, and at all times pertinent to the records certified here, the examination process functioned properly and normally.

6.  I personally completed the above-described extraction of 1B1 as part of my regular employment with the FBI. The extraction completed successfully with no errors, and preserved the data from it, pursuant to established and regular FBI procedures for handling digital evidence.

7.  After the Instant AFU filesystem extraction for the device described above was acquired, I processed the extraction using the forensic software Magnet AXIOM, which generated a report of the extraction. That report contains true and accurate data extracted from the device described above, identified by FBI evidence identification 1B1.

8.  I further state that this certification is intended to satisfy Rules 902(11), (13) and (14) of the Federal Rules of Evidence.

Signed: _____
Special Agent Patrick T. Michaels

Date: _____10/7/2025_____