UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TRAYON WHITE, SR.**<br><br>**Defendant.** | Case No. 24-CR-406 (RC) |

### GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE

The United States of America respectfully moves *in limine* for a pretrial order finding authentic self-authenticating (1) business records and documents pursuant to Federal Rules of Evidence 901, 902(11) and (13); and (2) forensically extracted data from Defendant Trayon White's cellular phone pursuant to Federal Rule of Evidence (FRE) 902(14)

In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

### ISSUES AND ANALYSIS

To authenticate a document, such as an email or other record, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The threshold for authenticity is "not high," and the proponent is not required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (citations and quotation marks omitted); *see also United States v. Safavian*, 435 F. Supp.2d 36, 39 (D.D.C. 2006) ("The Court need not find that the emails are necessarily what the proponent claims, only that there is evidence sufficient for the jury to make such a finding.") (citation omitted). The authenticity of this evidence that the Government intends to introduce can be readily

established by testimony of a law enforcement agent with knowledge of the collection process. *See Braswell v. United States*, 487 U.S. 99, 119 (1988) (explaining that the Government may authenticate records through testimony "establishing that the corporation produced the records subpoenaed" and the "jury may draw from the corporation's act of production the conclusion that the records in question are authentic" and "produced in response to the subpoena."). Evidence may also be self-authenticating, requiring no extrinsic evidence of authenticity. *See* Fed. R. of Evid. 902.

  1. <u>Self-Authenticating Business Records</u>

The Government intends to admit certain self-authenticating business records during its case-in-chief. The Federal Rules of Evidence allow for business records to be admitted in evidence at trial without a custodian of records testifying to their authenticity. *See* Fed. R. Evid. 902(11). The same is true for certified records generated by an electronic process or system. *See* Fed. R. Evid. 902(13).[1] Therefore, this pleading formally provides notice of the Government's intent to use declarations pursuant to Federal Rules of Evidence 902(11) and (13), and seeks a pretrial ruling as to the authenticity of those declarations.[2] The relevant records and declarations of authenticity were previously provided in discovery, and the declarations are also attached hereto as Attachment A. Specifically, the Government's trial exhibits may include specific records and documents from the following entities, consistent with the identified rule:

---

[1] This Court may also find records authentic that do not fall squarely into any of these rules. *See* Fed. R. Evid. 104(a) (preliminary questions concerning the admissibility of evidence shall be determined by the Court, and in making such determinations courts are "not bound by the rules of evidence" (except those with respect to privileges)).

[2] Here, as the rules allow, the Government intends to admit the certified records themselves and not the declarations. And, regardless of the way it was authenticated, ultimately questions about the authenticity of evidence go to the weight the jury should give the evidence, not its admissibility. *See Hassanshahi*, 195 F. Supp. 3d at 48 ("The ultimate resolution of the evidence's authenticity is reserved for the jury.").

- MGM Resorts International. (Fed. R. Evid. 902(11), (13)) – Casino records documenting Defendant's activity

- Progressive Life Center (Fed. R. Evid. 902(11), (13)) – Contract records

- Truist Bank (Fed. R. Evid. 902(11), (13)) – Defendant's, Company 1's, and Company 2's banking records

- Navy Federal Credit Union (Fed. R. Evid. 902(11), (13)) – CHS 1's banking records

- Bank of America (Fed. R. Evid. 902(11), (13)) – CHS 1's and Company 1's banking records

- The Harbor Bank of Maryland (Fed. R. Evid. 902(11), (13)) – CHS 1's, Company 1's, and Company 2's banking records

- District of Columbia Office of the Inspector General (Fed. R. Evid. 902(11), (13)) – Records of the District of Columbia Government

- District of Columbia Board of Ethics and Government Accountability (Fed. R. Evidence (902(11), 902(13))- Defendant's Financial Disclosure Statements from 2017 to 2023.

As relevant to the business records described above, it is well-established that such documents can also be readily authenticated using certifications complying with Federal Rule of Evidence 902. *United States v. Foster*, No. 1:20-cr-186, 2024 U.S. Dist. LEXIS 8123, at *5-9 (N.D. Ohio Jan. 17, 2024) (finding records self-authenticating under Federal Rules of Evidence 902(11) and 902(13) where accompanied by certifications "signed by a custodian of the record" that "provide that the records were made at or near the time of each act, that they were made as a regular practice, and that the records were kept in the course of regularly conducted business activity"); *see also United States v. Edwards*, No. 11-129-1, 2012 U.S. Dist. LEXIS 163044, at *7

3

(D.D.C. Nov. 15, 2012) (finding business records self-authenticating where supported by certification of records custodian and holding that "[a]t least five separate Circuits have held that certifications used pursuant to Federal Rule of Evidence 902(11) to authenticate business records are not testimonial and can be used to lay a foundation for the admissibility of business records under Rule 803(6). The certifications merely establish the procedures through which the underlying records were made. The business records—not the certifications—are used to establish facts against the defendant at trial.").

Each of the above-detailed business record certifications complies with the dictates and furthers the judicial efficiency purposes of Federal Rule of Evidence 902 and easily meets the minimal requirements for authenticating certain pieces of evidence. Accordingly, the Government requests a pretrial ruling as to the authenticity of these records.

2. *Self-Authenticating Evidence from Defendant's Cellular Phone*

The Government anticipates introducing in its case-in-chief certain relevant digital evidence, such as SMS/MMS messages and contact information, extracted from the Defendant's cellular phone obtained during the course of the Government's investigation. This phone extraction was performed by Special Agent Patrick T. Michaels, who works for the Federal Bureau of Investigation. The Government thus formally notifies the Defendant of its intention to offer evidence pursuant to Fed. R. Evid. 902(14) during its case-in-chief and seeks a pre-trial ruling as to the self-authentication of this digital evidence that was extracted from the phone described above. This Rule of Evidence provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> […]
>
> (14) Certified Data Copied from an Electronic Device, Storage Medium, or File. Data copied from an electronic device, storage

>  medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902(14).

The communications extracted from the Defendant's cellular phone was previously provided to defense in discovery. Agent Michaels, who extracted and imaged the phone, executed a certification satisfying Fed. R. Evid. 902, which is attached as Exhibit A. Agent Michaels' curriculum vitaes has been provided to the defense under separate cover. The certification further set forth Agent Michaels' qualifications and explain that he copied the information on the Defendant's phone using Magnet/GrayKey, a common and widely accepted cell phone forensic tool, which is a system or process that produces an accurate result—the verified extraction of records from a cell phone. Agent Michaels' certification further confirms that this forensic copying process resulted in an accurate copy of the information contained on the Defendant's phone.

The authenticity of this evidence that the Government intends to introduce is readily established through the use of the Fed. R. Evid. 902 certificates. See, e.g., United States v. Carter, No. 21-CR-681- 01-02-03 (NSR), 2024 U.S. Dist. LEXIS 12770, at *6-7, *10-11 (S.D.N.Y. Jan. 24, 2024) (finding certification from FBI agent who decrypted phone records satisfied the self-authentication requirements of Federal Rules of Evidence 902(11) and 902(14)); United States v. Nishida, No. 20-10238, 2021 U.S. App. LEXIS 22100, at *4-5 (9th Cir. July 26, 2021) (affirming admission of texts extracted from defendant's phone that were authenticated "under the self-authentication procedure outlined in Federal Rules of Evidence 902(11) and 902(14) based on the certification from a technician"); United States v. Anderson, 563 F. Supp. 3d 691, 696 (E.D. Mich. 2021) (finding certification for data extracted from a cellphone using Cellebrite satisfied the self-authentication requirements of Federal Rules of Evidence 902(11) and 902(14)).

Here, Agent Michaels' certification appropriately authenticates the digital information extracted from the Defendant's cellular phone because it complies with the dictates of the rule, and further the judicial efficiency purposes of Fed. R. Evid. 902; the certification easily meets the minimal requirements for authenticating certain pieces of digital evidence. Furthermore, at trial, the Government may present testimony from members of the case team who reviewed the extraction and identified specific relevant records. The Government will then seek to admit those relevant records at trial, but not the certification itself. Accordingly, the Government requests a pretrial ruling that its proposed certification attached hereto as Attachment B meet the requirements of Fed. R. Evid. 902.

## CONCLUSION

To ensure a smooth trial, to make efficient use of the jury's time, and to determine prior to trial what, if any, live witnesses the Government must call solely for the purpose of authenticating certain evidence, the Government hereby asks that the Court grant its motion *in limine*.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By      /s/
Rebecca G. Ross (NY Bar No. 5590666)
Joshua Gold (Tx Bar No. 24103101)
Assistant United States Attorneys
601 D Street N.W.
Washington, DC 20530
Office: (202) 252-4490