UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRAYON WHITE, SR.<br><br>Defendant. | Case No. 24-CR-406 (RC) |

### GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE

On October 8, 2025, the Government moved *in limine* for a pre-trial order finding authentic certain records pursuant to Federal Rules of Evidence 901, 902(11), (13) and (14). ECF No. 29. Since October 8, 2025, the Government has obtained additional declarations, attached hereto, intended to satisfy Federal Rule of Evidence 902. This includes declarations from the following entities and individuals:

- Department of Youth and Rehabilitation Services (Attachment A)
- Special Agent David Elias (Attachment B)

The Government incorporates its arguments from its original motion *in limine*, *see* ECF No. 29, and in support of this supplemental motion, the Government further states:

The Government anticipates introducing in its case-in-chief certain relevant digital evidence, such as WhatsApp messages and call log information, extracted from CHS 1's cellular phone obtained during the course of the Government's investigation. This phone extraction was performed by Special Agent David Elias, who works for the Federal Bureau of Investigation. The communications extracted from CHS 1's cellular phone were previously provided to defense in discovery. Agent Elias, who extracted and imaged the phone, executed a certification satisfying

1

Fed. R. Evid. 902, which is attached as Exhibit B. Agent Elias' curriculum vitae has been provided to the defense under separate cover. The certification further set forth Agent Elias' qualifications and explains that he forensically imaged the information on CHS 1's phone using Cellebrite, a common and widely accepted cell phone forensic tool, which is a system or process that produces an accurate result—the verified image of records from a cell phone. Agent Elias' certification further confirms that this forensic copying process resulted in an accurate copy of the information contained on CHS 1's phone.

Here, Agent Elias' certification appropriately authenticates the digital information copied from CHS 1's cellular phone because it complies with the dictates of the rule, and furthers the judicial efficiency purposes of Fed. R. Evid. 902; the certification easily meets the minimal requirements for authenticating certain pieces of digital evidence for the reasons previously briefed. *See* ECF No. 29 at 4-6. The Government will then seek to admit those relevant records at trial, but not the certification itself.

Accordingly, the Government requests a pretrial ruling that its proposed certifications, attached hereto as Attachments A and B, meet the requirements of Fed. R. Evid. 902, and moves for a pre-trial order finding that the records introduced through the use of the certifications attached as Attachment A and Attachment B are authentic.

Respectfully submitted,

JEANINE FERRIS PERRO
UNITED STATES ATTORNEY

By        /s/
Rebecca G. Ross (NY Bar No. 5590666)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490