IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | JUDGE RUDOLPH CONTRERAS |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS THE INDICTMENT AS DUPLICITOUS,
OR IN THE ALTERNATIVE, TO REQUIRE THE GOVERNMENT
TO ELECT THE OFFENSE ON WHICH IT WILL PROCEED, AND MOTION
TO PRECLUDE INADMISSIBLE "OTHER CRIMES" EVIDENCE**

Defendant Trayon White, Sr., through undersigned counsel, W. Gary Kohlman, respectfully moves the Court to dismiss the single count in the Indictment in this case as duplicitous, or, in the alternative, to require the Government to elect the offense on which it will proceed. The Indictment improperly joins four distinct offenses in a single count, in violation of the Fifth and Sixth Amendments and Federal Rules of Criminal Procedure 7(c)(1) and 8(a).

Defendant further moves to preclude inadmissible "other crimes" evidence related an uncharged allegation that Mr. White committed bribery sometime in 2019-2020.

In support of these Motions counsel states the following:

1

## INTRODUCTION

D.C. Councilmember Trayon White, Sr., has been elected to office by his constituents in Ward 8 in general elections several times, most recently in a special election after the District of Columbia City Council removed him from office following the indictment in this matter. Mr. White is charged with one count of bribery in violation of 18 U.S.C 201(b)(2)(A), (B) and (C).  The indictment alleges that, "[f]rom June 26, 2024, to August 18, 2024, Defendant WHITE, being a public official, …in violation of his official duties … corruptly …agreed to ... accept approximately $150,000 …and received and accepted $35,000 …in exchange for using his position as a D.C. Council member to assist Company 1 and Company 2 extend their contracts with the ONSE and DYRS  for VI services." (Exhibit 1, Paragraphs 68-69)

While White is charged with a single count of bribery, the indictment makes clear that the government at trial will attempt to prove that on four separate occasions in June, July and August 2024, White accepted a bribe from the government's informant.  See Indictment, Paragraphs 27-33, setting forth allegations relevant to "Bribe payment 1 – June 26, 2024"; Paragraphs 34-44 setting forth allegations relevant to "Bribe payment 2 – July 17, 2024"; Paragraphs 48-59, setting forth allegations relevant to "Bribe payment 3 – July 25, 2024"; and Paragraphs 60-67, setting forth allegations relevant to "Bribe payment 4 – August 9, 2024."

## LEGAL STANDARD

It has long been settled that "the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." *Blockburger v. United States*, 284 U.S. 299

(1932). Rule 8(c) of the Federal Rules of Criminal Procedure provides that two or more criminal offenses may be charged in the same indictment if there is a separate count for each offense. While Federal Rules of Criminal Procedure Rule 7(c)(1) permits alleging multiple means of committing a single offense, it does not permit charging multiple offenses in one count.

An indictment is duplicitous when it joins two or more separate and distinct offenses in a single count. See *United States v. Shorter,* 809 F.2d 54, 56 (D.C. Cir. 1987).[1] Duplicity is prohibited because it 1) fails to provide adequate notice of the charges; 2) Creates a risk of a non-unanimous jury verdict; 3) Obscures the basis for sentencing; and 4) Complicates future double jeopardy determinations. See id. and *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). See also *United States v. UCO Oil Co.,* 546 F.2d 833, 835 (9th Circuit 1976) *cert. denied* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed. 2d 357 (1977)("The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense"); C Wright, Federal Practice and Procedure: Criminal Section 142 (2d ed 1982) (footnote omitted) (A count in an indictment is deemed to be duplicitous when there is "joining in a single count two or more distinct and separate offenses"); and 5 Wayne R LeFave et al, Criminal Procedure Section 19.3(c) (3d ed. 2007) (Duplicity is unacceptable "because it prevents the jury from deciding guilt or innocence on each offense

---

[1] In *Shorter*, the defendant, a well-known criminal defense lawyer in the local DC courts, was charged with a scheme to evade taxes that spanned over more than a decade in a single count indictment. Shorter argued on appeal that the single count that contained allegations of tax evasion over multiple years violated the principle of duplicity. The Court upheld the principle of duplicity but found that the government's proof that the defendant had for many years been operating his financial affairs in a manner that illustrated his desire to evade taxes constituted an ongoing scheme that permitted the multiple offenses to be in a single count. In doing so the *Shorter* Court relied on several cases in other jurisdictions involving incidences of tax evasion that occurred over many years that were put into a single count. The Court also noted that the legislative history of the tax evasion statute seemed to support the proposition that tax evasion charges over several years could properly be placed in a single count. The *Shorter* Court made plain that its ruling was influenced by the allegation that Shorter's conduct spanned several years, and the fact that Shorter had conducted his business and financial affairs in a manner designed to facilitate tax evasion. There is nothing in the four charged bribe payments to Mr. White in 2024 or the uncharged alleged bribe payment years earlier that matches the pattern that the Court found in Shorter.

separately and may make it difficult to determine whether the conviction rests on only one of the offenses or both").

## ARGUMENT

I. **THE SINGLE COUNT INDICTMENT IMPERMISSIBLY JOINS MULTIPLE DISTINCT OFFENSES AND CREATES A SERIOUS RISK OF A NON-UNANIMOUS VERDICT**

The government alleges that Mr. White accepted four separate cash payments from the Government Informant on separate dates between June 26, 2024-August 18, 2024, in exchange for vague and unspecified official acts and incorporates these into a single Bribery Count. These acts are not merely alternative means of committing a single offense. Rather, they represent separate criminal violations requiring separate proof.

Applying the *Blockburger* test, it is obvious that the four bribe payments have "dissimilar facts [that] must be proved."  Each bribe payment occurred on a separate day and will require proof that is unique to the circumstances of that offense.  To be clear, our concern about pouring into a single count four distinct criminal offenses is not merely academic.  It is hardly a secret that to support its claims that the four alleged payments were improper, the government must rely in part on the testimony of its confidential informant.  And it will be no surprise to the Court to learn that at trial the confidential informant's credibility will be vigorously challenged.  It takes no stretch to conjure a jury deliberation in which individual jurors have divided opinions as to whether one or more of the payments occurred or legally constituted a bribe under the jury instructions. "Setting up a meeting, hosting an event, or calling an official (or agreeing to do so) merely to talk about a research study or **to gather additional information**, however, does not qualify as a decision or action . . . ." *McDonnell v. United States*, 579 U.S. 550, 552-53 (2016) (emphasis added).

4

Because the Indictment charges multiple offenses, jurors could disagree as to which offense Defendant committed while still returning a guilty verdict. Some jurors may find guilt as to one of the four described encounters between the Informant and Mr. White, while others may find guilt as to another, thereby violating Defendant's Sixth Amendment right to a unanimous verdict. The D.C. Circuit has repeatedly recognized that this risk is a core harm duplicity doctrine is designed to prevent. See *Shorter*, 809 F.2d at 56.

## II. THE SINGLE COUNT INDICTMENT FAILS TO PROVIDE ADEQUATE NOTICE AND IMPAIRS DOUBLE JEOPARDY PROTECTIONS

By charging multiple offenses in a single count, the Indictment fails to give Defendant clear notice of the precise conduct at issue. This ambiguity also threatens Defendant's Fifth Amendment protection against double jeopardy, as it would be impossible to determine which offense formed the basis of any conviction.

## III. PREJUDICE CANNOT BE CURED WITHOUT DISMISSAL OR GOVERNMENT ELECTION

Although courts sometimes cure duplicity through jury instructions, such relief would be inadequate here because of the complexity of each encounter and that there are different defenses for each encounter, among other reasons. Thus, the proper remedy is dismissal of the Indictment, or at minimum, an order requiring the Government to elect the offense on which it intends to proceed prior to trial.

## IV. THE GOVERNMENT SHOULD BE PROHIBITED FROM INTRODUCING EVIDENCE OF AN ALLEGED BRIBERY PAYMENT TO MR. WHITE IN 2019-2020

In Paragraphs 17-26 of the Indictment, entitled "WHITE Begins Taking Bribes from CHS" the government goes into detail about their Informant's termination from DC Government

5

contracts that he had entered in 2016 for submitting false documentation and other corrupt acts. The Informant challenged the termination in legal proceedings in 2019-2020. The government alleges that at some point in either 2019 or 2020, Mr. White accepted $20,000 in cash from the Informant to "pressure high ranking District of Columbia officials to resolve the dispute to [the Informant's] benefit." (Exhibit 1 Paragraph 25). The indictment contains no proof that any amount of cash was paid to Mr. White, and no corroboration that Mr. White pressured any District of Columbia official.

Significantly, there is no reference to this alleged bribe in the single count of the Indictment which focuses solely on the four alleged bribe payments that took place in 2024. Presumably this is because it has no evidentiary connection with any of the alleged events.

Since there is no evidentiary connection between what allegedly took place in 2019-2020 and the single charge of bribery contained in the Indictment, at most this would constitute evidence of a prior bad act that is impermissible under Federal Rule of Evidence 404. The Government has represented to the defense that it has no evidence of predisposition on Mr. White's part. The Informant's testimony of the alleged bribe payment in 2019-2020, apparently uncorroborated, would be inadmissible as predisposition evidence to rebut Mr. White's defense of entrapment should he bring it. *See Hansford v. United States*, 303 F.2d 219, 226 (D.C. Cir. 1962) (holding that testimony by police officer in rebutting claim of entrapment as to prior alleged sales made by defendant which officer claimed he had witnessed was inadmissible and prejudicial when testimony of officer was not corroborated by production of alleged contemporaneous police report of the incident or otherwise substantially corroborated). Nor does an alleged bad act that occurred four-five years earlier than the charged offense constitute evidence of an ongoing scheme.

The evidence regarding this alleged bribe is highly unreliable and the potential for prejudice far outweighs any probative value. The uncertainty of the date alone should preclude its admissibility since it would be impossible for Mr. White to defend. Combined with the absence of any proof of payment to Mr. White or corroboration of an official act, it has no legitimate probative value. If the government were to introduce evidence of this uncharged bribe it would become a side show that would distract the jury and unduly prejudice Mr. White.[2]

## CONCLUSION

Duplicity undermines the constitutional guarantees of notice, unanimity, and double jeopardy protection. Because the indictment improperly charges multiple distinct offenses in a single count, the Court should grant Defendant's motion. Evidence regarding an alleged bribe by Mr. White in 2019-2020 constitutes inadmissible other crimes evidence pursuant Federal Rule of Evidence 404 and should not be allowed.

Respectfully submitted,

/s/ W. Gary Kohlman

W. Gary Kohlman
Counsel for Defendant Trayon White, Sr.
DC Bar No. 177527
1845 R Street, NW
Washington, DC 20009
(202) 497-4468
gwkohlman@gmail.com

---

[2] A practice exists on the bench of the United States District Court for the District of Columbia not to provide a copy of the indictment to jurors, eliminating "surplusage" in the indictment as a source of potential prejudice. United States v. Trump, No. 23-cr-257 (TSC), 2023 WL 7980151 at *1 (D.D.C. Nov. 17, 2023) (J. Chutkan). Undersigned counsel does not know whether Judge Contreras follows this practice, or whether Judge Contreras shows or reads the indictment to the jurors. If the latter, counsel reserves the right to move to strike surplusage consisting of language relating to the alleged 2019 and 2020 conduct, for being irrelevant to proving the charge in Count 1 and for being inflammatory and prejudicial to defendant. See id. (citing United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998)(explaining that surplusage should be stricken from an indictment if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial).

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2026, this **MOTION TO DISMISS THE INDICTMENT AS DUPLICITOUS, OR IN THE ALTERNATIVE, TO REQUIRE THE GOVERNMENT TO ELECT THE OFFENSE ON WHICH IT WILL PROCEED, AND MOTION TO PRECLUDE INADMISSIBLE "OTHER CRIMES" EVIDENCE** was served via electronic mail on chambers, counsel of record and unrepresented defendants, by ECF/CM filing.

Respectfully submitted,

/s/ *Warren Gary Kohlman*
*Counsel For Defendant Trayon White, Sr.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## **PROPOSED** ORDER

Upon Consideration of Defendant Trayon White, Sr.'s Motion to Dismiss the Indictment as Duplicitous, Or in the Alternative, To Require the Government to Elect the Offense on Which it Will Proceed, and Motion to Preclude Inadmissible "Other Crimes" Evidence,

On the _____ day of _____ 2026, it is hereby

ORDERED, that Defendant Trayon White, Sr.'s Motion is GRANTED.

_____
Hon. Rudolph Contreras
UNITED STATES DISTRICT JUDGE