IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 1:24-cr-00406-RC |
| ) | |
| Plaintiff, ) | JUDGE RUDOLPH CONTRERAS |
| ) | |
| vs. ) | |
| ) | **Current Defense Trial Date at Issue:** |
| TRAYON WHITE, SR., ) | **March 24, 2026** |
| ) | |
| Defendant. ) | |

MOTION TO CONTINUE THE TRIAL DATE

The Defendant Trayon White, through undesigned counsel, W. Gary Kohlman, hereby moves for a continuance of the trial, now scheduled for March 24, 2026, because of a twelfth-hour discovery production by the Government that the defense will not be able to adequately review and assimilate into its trial strategy by the current trial date. In support of this motion, counsel submits the following:

1. On October 20, 2025, undersigned counsel sought admission pro hac vice to represent Mr. White, a Member of the District of Columbia City Council. Prior to this, Mr. White had been represented by lawyers from the Office of the Federal Defender. Trial was set for January 2026.

2. On October 22, 2025, after the Court terminated the representation of the Federal Defender and undersigned counsel entered his appearance, a status hearing was held. At the status hearing, defense counsel orally moved that the trial be continued to a date in the Spring of 2026. Counsel noted that in the few days since he had been retained, he had tried unsuccessfully to meet with the lawyers who had been representing Mr. White from the onset of the case.

3. The Government opposed the motion to continue the trial date. It noted that this case had been pending since the fall of 2023, providing Mr. White's original lawyers with ample time to review the discovery produced by the Government and to prepare for trial.

4. The Court rescheduled trial for March 24, 2026 as noted on the docket on the 10/22/2025 minute entry.

5. Six days after the status hearing, one of Mr. White's public defenders made herself available for a meeting. It became apparent that no investigation of any significance had been conducted by the defense. Nor was the public defender able to provide a road map or guide to the massive discovery of more than a terabyte of data that the Government had produced months prior to the status hearing. No file was turned over to the new counsel. Counsel left that meeting with the realization that the defense had to start from scratch.

6. To adequately defend Mr. White by March 23, 2026, undersigned counsel took the following measures: Two lawyers were added to the defense team to assist counsel in reviewing the discovery materials and assisting in the preparation of motions and oppositions. A paralegal was hired on a part time basis to review the discovery materials. Two IT specialists were enlisted to assist all counsel and the paralegal in reviewing the discovery materials. An investigator was hired.

7. Up until January 22, 2026, the deadline for the defense to file any pretrial motions and supplemental oppositions to the Government's motions, undersigned counsel was cautiously optimistic that the defense would be ready for trial on March 24th. On January 21, 2026 and again on January 22, 2026, however, the Government produced further discovery.

8. The defense team is in the process of digesting the new material. We know, however, that much of the production relates to the relationship between Council Member White and the Government's informant who will be a key witness at trial. It appears that only very recently, on January 15, 2026, did the Government obtain consent from its confidential informant to seize his cell phone data from communications with Mr. White. With less than two months before trial, we now have in our possession years of phone records, text messages and phone messages going back years that bear on the relationship between Mr. White and the Government's informant. One report shows that there are 1994 records of such communications that the Government has belatedly extracted. A report listing those communications, many or most of which pre-date the Government's undercover sting operation in this case, runs 441 pages.

9. The newly produced evidence also includes statements made by the confidential informant to the Government that addresses his relationship with Council Member White. The newly produced evidence identifies meetings between the confidential informant and the Government of which we were previously uninformed. The number of the meetings, the dates of meetings and the substance of the meetings all bear on the very issues that the defense was addressing when it filed its motions to preclude prior bad acts and its opposition to the government's motion to preclude an entrapment defense. The newly produced discovery includes materials that might well be properly classified as Brady and/or Giglio information.

10. In addition, our preliminary review of the newly produced discovery suggests that there may be a legal issue involving Rule 6 of the Federal Rules of Criminal Procedure that governs Grand Jury secrecy. We need to review further the newly produced materials, do

legal research, and seek clarification from the Government and the government of the District of Columbia to determine whether there has been a violation of Rule 6.

11. We do not know why the Government has just now produced its federal agents' reports and other materials that, in some cases, it has had in its possession since the onset of the case.  Nor do we know why the government waited until the beginning of this year to obtain consent from its principal witness to secure all his phone records, text messages and phone messages of his exchanges with Mr. White.

12. What we do know is that we will not be able to adequately defend Mr. White at a March 24, 2026 trial date.

13. The defense seeks a continuance of the trial date to no sooner than June 8th, 2026, with a re-setting of the pretrial conference date, the parties' joint pretrial statement date, the hearing date for pretrial motions, and finally, leave to file new pretrial motions as occasioned by the newly-produced materials.

14. On February 2, 2026, I spoke with the lead Assistant U.S. Attorney assigned to this case, who stated that she opposes a continuance of the trial in this matter.

WHEREFORE, for the foregoing reasons, the Court should grant the requested continuance of trial in this case.

Dated:  February 2, 2026                    Respectfully submitted,

*/s/   Warren Gary Kohlman*
Warren Gary Kohlman* (DC #INSERT NUMBER)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com
* *Pro hac vice*

*Counsel For Defendant Trayon White, Sr.*

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February 2026, this MOTION TO CONTINUE TRIAL DATE was served via electronic mail on chambers, counsel of record and unrepresented defendants, by ECF/CM filing.

Respectfully submitted,


/s/ *Warren Gary Kohlman*

*Counsel For Defendant Trayon White, Sr.*