UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.:  24-CR-406 (RC) |
| | : | |
| TRAYON WHITE, Sr. | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE AN OFFICIAL ACT**

The United States, hereby, opposes the defendant's motion to dismiss the indictment for failure to allege an official act. ECF # 40.

**I.   Introduction**

The defendant is charged with one count of bribery in violation of 18 U.S.C. § 201(b)(2)*(A) (B), and (C)*.  (ECF # 12 (emphasis added)).  In June 2024, the defendant agreed to accept approximately $156,000 in undisclosed kickbacks and cash payments from a government source (CW) in return for using his position as a D.C. Councilmember to facilitate the CW obtain new grants and the continuation of grants from the D.C. Government.  In furtherance of this scheme, the defendant accepted cash bribe payments totaling approximately $35,000 from the CW on four occasions between June 26 to August 9, 2024.

**II.   The defendant's motion should be denied.**

Defendant moves to dismiss the indictment, claiming that it fails to allege "conduct that constitutes an 'official act'"; and, that the alleged failure dooms the indictment.  ECF #40, at 1. "'An indictment's main purpose is to inform the defendant of the nature of the accusation against

him.' . . . A court considering [a motion to dismiss] must 'assume[ ] the truth of th[e] factual allegations' in the indictment." *See, e.g.*, *United States v. Fitzsimons*, 605 F. Supp. 3d 132, 137 (D.D.C. 2022) (citations omitted).

The indictment does, however, allege that the defendant agreed to perform, performed, and caused the performance of numerous "official acts." Moreover, the defendant relies too much on the presence or absence of an "official act," as two of the means by which 18 U.S.C. 201(b)(2) may be violated do not involve an "official act." The defendant's motion should be denied for three reasons: (1) it is not necessary to establish that the defendant was influenced in the performance of an "official act," in order to prove he violated Sec. 201; (2) the defendant's motion rests on his interpretation and assessment of the evidence, but that raises a factual issue to be determined by the jury; and (3) the indictment does in fact allege numerous "official acts."

**A.     A violation of Sec. 201 may be proven without involving an "official act."**

To convict the defendant of bribery, the government must prove that he,

(2) being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:

*(A)* being influenced in the performance of any official act;

*(B)* being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(C) being induced to do or omit to do any act in violation of the official duty of such official or person

18 U.S.C. § 201(b)(2) (emphasis added). Thus, Section 201(b)(2) provides for three different means by which bribery may be committed. *United States v. Paitsel*, 147 F.4th 1010, 1023 (D.C. Cir. 2025). The Second Circuit has explained it this way:

[N]ot all federal bribery statutes identify "official act," much less official act as

2

> defined in § 201(a)(3), as the necessary quo for bribery. *Indeed, the general bribery statute itself proscribes corruptly giving anything of value in exchange for other quos: to influence a public official to commit fraud, see 18 U.S.C. § 201(b)(1)(B); to induce an official to violate a public duty, see id. § 201(b)(1)(C); to influence sworn testimony,* see id. § 201(b)(3). It would be superfluous to identify these quos distinctly if they were mere variations on the statute's defined "official act."

*United States v. Ng Lap Seng*, 934 F.3d 110, 132-33 (2d Cir. 2019) (emphasis added); *see also Valdes v. United States*, 475 F.3d 1319, 1321 (D.C. Cir. 2007) (en banc) (§ 201(b) "plainly continues to allow bribery prosecutions when, for example, someone offers something of value to induce an official to provide information in violation of official duty"); *United States v. Young*, 651 F. App'x 202, 203 (4th Cir. 2016) ("We need not decide whether Crabtree's actions— smuggling contraband into the prison and otherwise violating a variety of prison regulations to effectuate the scheme –qualify as "official acts" under § 201(b)(1)(A) because the Government presented ample evidence that Young violated § 201(b)(1)(C)."); *United States v. Leyva,* 282 F.3d 623, 626 (9th Cir. 2002) (explaining that Sec. 201(b)(2)(B) does not require proof of an official act).

Therefore, only the first of these three means of violating Sec. 201 requires that an "official act" be alleged. Neither Sec. 201 (B) nor (C) involves an "official act." In sum, the defendant may be convicted of bribery if he accepted or agreed to accept anything of value to (1) be influenced to defraud the United States or (2) be influenced to violate his official duty. 18 U.S.C. § 201(b)(2)(B) & (C). Whether an "official duty" is alleged, therefore, is of no moment.

**B.     Defendant's motion should be denied as it improperly invites the Court to make factual determinations that are properly the province of the jury.**

Under the guise of attacking the indictment's pleading of an official act, the defendant makes a series of factual assertions that boil down to him denying his corrupt intent. For instance, the defendant acknowledges that the CW understood that he and the defendant had agreed that the

defendant would take improper actions on the CW's behalf in return for bribe payments. ECF # 40, at 5. But, the defendant argues that his "mindset was otherwise." *Id.* He states that "[i]t is clear from the dialogue between [the defendant] and the [CW] as set forth in the indictment that [the defendant] never committed to doing anything on behalf of the [CW], and aside from attending single meeting he did nothing." *Id.*; *see also id*. at 6 ("it is obvious from the dialog that [defendant] was giving the [CW] he runaround about whether he had contacted any government official about the status of the [CW's] contracts"); ("it was obvious that [defendant] never intended to use his influence on behalf of the [CW]"); (defendant's "words alone make clear that he committed himself to do no more than ascertain the status of [CW's] contracts and express his support for the contracts").

How to interpret the defendant's words and conduct with respect to his corrupt intent are quintessential factual questions that must be left to the jury. As the D.C. Circuit has explained:

> There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context. Instead, Rule 12(b) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The "general issue" has been defined as "evidence relevant to the question of guilt or innocence."

*United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005); *see also United States v. Aiyer*, 33 F.4th 97, 117 (2d Cir. 2022) ("we emphasize that this is a criminal case, and 'summary judgment does not exist in federal criminal procedure.'"); *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) ("In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no

4

corollary in criminal cases.").[1]

In a bribery case like this one, the defendant's intent is fundamental to the question of his guilt or innocence. It is therefore inappropriate to give weight to the defendant's interpretation of disputed evidence in evaluating his motion to dismiss. On the contrary, a court evaluating a motion to dismiss an indictment must assume the indictment's allegations are true. *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015). And here, the indictment alleges that the defendant intentionally agreed to a corrupt bargain. *See, e.g.*, ECF # 12, at ¶ 25 ("WHITE accepted $20,000 in cash from CHS 1 in return for using his official position as a Councilmember to help CHS 1 resolve this contract dispute."); *id.* ¶ 35 ("[CW] offered and White accepted a kickback of 3% of each grant's value in exchange for WHITE agreeing to pressure the ONSE and DYRS to extend their grants to Company 1 and Company 2."); *id*. ¶ 69 (alleging that the defendant sought cash payments "in exchange for using his position as a D.C. Councilmember to assist Company 1 and Company 2 extend their contracts at the ONSE and DYRS for VI services").

**C.    The indictment alleges numerous official acts.**

Subsection (A) does involve an "official act." 18 U.S.C. § 201(b)(2)(A). The bribery statute defines an "official act" as the following: "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit." 18 U.S.C. § 201(a)(3). To prove an official act, the government must, therefore, make two showings. *McDonnell v. United States*, 579 U.S. 550, 567 (2016).

First, the government must "identify a question, matter, cause, suit, proceeding or

---

[1] *Cf. United States v. Hitselberger*, 991 F. Supp. 2d 108, 125, 126 (D.D.C. 2014) ("But without any undisputed facts, the court cannot rule as a matter of law" whether defendant committed the alleged crime.)

controversy that may at any time be pending or may by law be brought before a public official." *Id.* (internal quotation marks omitted). A matter is "something specific and focused" that "involve[s] a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee." *Id.* at 574. "Pending" means that the matter is discrete in the sense that it "can be put on an agenda, tracked for progress, and then checked off as complete." *Id.* at 570.

Second, the government "must prove that the public official made a decision or took an action 'on' that . . . matter . . . or agreed to do so." *Id.* at 567. That means that "[s]etting up a meeting, hosting an event, or calling an official (or agreeing to do so) merely to talk about [the briber's desired result] or to gather additional information . . . does not qualify." *Id.* at 573. Critically, however, the public official need not be the ultimate decisionmaker. A public official's conduct can amount to bribery if he "us[es] his official position to exert pressure on another official to perform an 'official act,' or to advise another official, knowing or intending that such advice will form the basis for an 'official act' by another official." *Id.* at 574. So "[s]imply expressing support . . . at a meeting, event, or call . . . does not qualify as a decision or action—but only as long as the public official does not *intend to exert pressure on another official or provide advice, knowing or intending such advice* to form the basis for an 'official act.'" *Id.* at 573 (emphasis added).

The indictment alleges that the defendant took numerous official acts. *See, e.g.*, ECF #12, at (1) ¶ 33 (defendant updated the CW "on his efforts to pressure" D.C. government agencies to extend CW's contracts); (2) ¶ 50 (defendant stated that he had met with a D.C. government official to facilitate the CW obtaining government contracts); (3) ¶¶ 54, 56 (defendant recounted to CW that he told a D.C. government employee "what [he] needed to see happen" with respect to the

CW's grants); and (4) ¶¶ 57, 65 (defendant stated that he had told a D.C. government official that he would not support her nomination unless CW's grants were continued).

Additionally, a solicitation or agreement is sufficient to constitute bribery, even if no money is paid or no official action is taken or even intended to be taken. *See McDonnell*, 579 U.S. at 572 ("Under this Court's precedents, a public official is not required to actually make a decision or take an action on a 'question, matter, cause, suit, proceeding or controversy'; it is enough that the official agree to do so."); *see also United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009) ("An officer can act corruptly without intending to be influenced; the officer need only solicit or receive the money on the representation that the money is for the purpose of influencing his performance of some official act."); *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008) (it is sufficient if the public official knows that "the purpose behind the payment that he has received, or agreed to receive, is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain"); *United States v. Myers*, 692 F.2d 823, 841 (2d Cir. 1982) (holding that "[i]f [the defendant] was 'playacting' and giving false promises of assistance to people he believed were offering him money to influence his official actions, he violated [§ 201(b)(2)]."). In sum, the agreement is the essence of bribery.

The indictment clearly alleges that the defendant agreed to be influenced in taking an official act. *See, e.g.*, ECF #12 at (1) ¶ 35 (defendant accepted CW's offer of 3% of grant value "in exchange for [defendant] agreeing to pressure" D.C. agencies to extend the CW's grants); (2) ¶ 39 (defendant stated that he would make his support of a D.C. government official's confirmation contingent on her support of CW's grants); and (3) ¶ 65 (CW listed individuals to be pressured to renew his grants; defendant responded "Yeah man. I'm gonna do mines").

IV. **Conclusion**

The defendant's claim that the indictment does not allege that he undertook an "official act" (1) is of no consequence; (2) rests on premature resolution of factual issues, and (3) is inaccurate. His motion to dismiss the indictment should, therefore, be denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*John Crabb Jr.*
John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794