UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No.: 24-CR-406 (RC) |
| : | |
| TRAYON WHITE, Sr. : | |
| : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO PRECUDE EVIDENCE

The United States, hereby, opposes the defendant's motion to preclude evidence related to his gambling.  ECF # 42.

**I.   Introduction**

The defendant spent substantial sums of cash gambling shortly after he received each bribe payment.  Evidence of the defendant's gambling is relevant to establish that he received and kept the bribe payments.  To the extent evidence of defendant's gambling is at all prejudicial, its probative value is not substantially outweighed by such prejudice.

**II.  Evidence of defendant's gambling**

During the course of this investigation, four bribe payments were made to the defendant, totaling $35,000.  As set forth in the cart below, soon after receiving each bribe payment, the defendant spent a sizable amount of cash gambling.

|   | **BRIBE PAYMENTS** | **GAMBLING CHIPS PURCHASES**[1] |
|---|---|---|
| 1 | 6/26/24 -- $15,000 | 6/27/24 -- $4,300 |
| 2 | 7/17/24 -- $5,000 | 7/18/24 -- $700 |
| 3 | 7/25/24 -- $10,000 | 7/25/24 -- $9,000 |
| 4 | 8/9/24 -- $5,000 | 8/9/24 -- $5,300 |

## II.  Evidence of the defendant's gambling should be admitted.

Evidence that the defendant spent large sums of cash gambling shortly after receiving each bribe payment is (A) relevant and (B) its probative value is not outweighed by any substantial unfair prejudice.

### A.  The gambling evidence is relevant to establish that the defendant participated in the charged bribery scheme.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. "In criminal cases, the governing hypothesis determining the relevance of evidence consists of elements of the offense charged and any defenses raised to defeat criminal liability." 2 Weinstein's Federal Evidence § 401.04.

The determination of relevance is a two-step analysis, one being probative value and the other materiality. *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014); *United States v. Shomo*, 786 F.2d 981, 985 (10th Cir. 1986); *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). The standard is expansive: "evidence need not be conclusive in order to be relevant. An

---

[1]  Chips purchased by the defendant at the MGM National Harbor Hotel & Casino in Oxon Hill, Maryland.

incremental effect . . . is sufficient." *United States v. Certified Environmental Services, Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Advisory Committee's Notes on Fed. Rule Evid. 401, quoted in *Huddleston v. United States*, 485 U.S. 681 (1988). If a "chain of inferences leads the trier of fact to conclude the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Quattrone*, 441 F.3d 153, 189 (2d Cir. 2006).

If the evidence is relevant, the fact that there may be an alternative inference other than establishing the charged offense goes to the weight and not the admissibility of the evidence. *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1568 (10th Cir. 1993). "Conflicting inferences" do "not detract from the probative value of the evidence itself." *United States v. Rodriguez*, 192 F.3d 946, 950 (10th Cir.1999). In fact, the proposition may remain improbable after the evidence and the evidence still be relevant. *United States v. Pollard*, 790 F. 2d 1309, 1312 (7th Cir. 1986), *overruled on other grounds, United States v. Sblendorio*, 830 F.2d 1382 (7th Cir. 1987); *United States v. Herrera*, 704 F.3d 480, 486 (7th Cir. 2013) ("Evidence does not have to be infallible to be probative. Probability of guilt is a function of all the evidence in a case."); *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014) ("'To be relevant, evidence need not conclusively decide the issue in the case, nor make the proposition appear more probable, but it must in some degree advance the inquiry.'"). The standard for relevance is a low one: Does the evidence have any tendency to prove or disprove the disputed fact. *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (low bar "because the degree of materiality and probativity necessary for evidenced to be relevant is 'minimal' and must only provide a 'fact-finder with a basis for making some inference of chain of inferences.'").

Evidence of the defendant spending large sums of cash shortly after receiving bribe money is relevant, as it tends to establish that he participated in the bribery scheme and that he received and kept the bribe payments. *See, e.g.*, *United States v. Ewings*, 936 F.2d 903, 906 (7th Cir. 1991) ("Spending sprees, like other evidence of pecuniary gain, tend to show participation in crimes where financial enrichment is the motive."); *United States v. Rouse*, 494 F.2d 45, 46 (5th Cir. 1974) ("'Where there is other evidence of the guilt of the accused and the crime is of such a nature that the acquisition of money may be regarded as a natural or ordinary result of its perpetration, evidence is admissible of the sudden acquisition of money by the defendant . . . at or subsequent to the time the offense was committed, although the source of the money is not definitely traced or identified by the prosecution.'"); *United States v. Chandler*, 326 F.3d 210, 215 (3d Cir. 2003), as amended (July 18, 2003) ("Courts of appeals consistently have upheld the admissibility of such evidence when it reasonably supports the government's assertion that the defendant possessed substantial cash not obtained through legitimate means.").

Admittedly, the government has other evidence establishing the defendant's guilt, but that is no reason to preclude the gambling evidence. The government is entitled to present its strongest case of the defendant's guilt. *See, e.g.*, *United States v. Eufrasio*, 935 F.2d 553, 572-73 (3d Cir. 1991). "Within limits delineated in the Federal Rules of Evidence, the government is entitled to introduce all relevant, probative evidence at its disposal. The defense cannot be heard to complain that the government has produced too much evidence of guilt." *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009); *see also United States v. Gallo*, 543 F.2d 361, 365 (D.C. Cir. 1976) ("The Government has a heavy burden of proof beyond a reasonable doubt as to all elements of the offense, and it is not to be restricted to a modest quantum of evidence that will support the indictment.").

**B.    The probative value of the gambling evidence is not substantially outweighed by any unfair prejudice.**

Federal Rule of Evidence 403 precludes the admission of otherwise relevant and admissible evidence only if "its probative value is *substantially* outweighed by the danger of unfair prejudice . . . ." Fed.R.Evid. 403 (emphasis added). The rule "tilts, as do the rules [of evidence] as a whole, toward the admission of evidence in close cases." *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984). The gambling evidence should not be excluded pursuant to Rule 403.

The Rule's definition of unfairly prejudicial evidence does not include incriminating evidence that simply prejudices a defendant's chances of acquittal. Instead, the Supreme Court has described "unfair" prejudice as "speak[ing] to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The D.C. Circuit has explained that Rule 403's prohibition of unfairly prejudicial evidence in this way:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. It does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value. [citations omitted, alterations in original].

*United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (affirming admission, pursuant to Rule 404(b), of evidence that the defendant, charged with fraud, had placed gun in co-conspirator's vagina and threatened her); *see also United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("Rule 403 'does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value.'"). "[I]n

5

determining whether the probative value is *substantially* outweighed by the danger of unfair prejudice it is a sound rule that the balance should be struck in favor of admission when the evidence indicates a close relationship to the event charged." *United States v. Clarke*, 24 F.3d 257, 265-66 (D.C. Cir. 1994) (quotations and citations omitted) (emphasis in original).

Evidence of the defendant's gambling presents no danger of unfair prejudice. First, it has a close relationship to the charged crime; each instance of gambling occurred shortly after a bribe payment. Second, it is not of an infamous or sinister nature – it is not even illegal. It does not inject something new and prejudicial into the case, such as violence or perversion, which might inflame the jury. Even if the Court were to conclude that the gambling evidence presented some "unfair prejudice," it still would not "substantially outweigh" the evidence's great probative value. The balancing between probative and unfairly prejudicial should lean toward inclusion. *See, e.g., United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) ("Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing."); *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."); *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) (Rule 403 is not a tool designed "to permit the Court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.").

### III. Conclusion

The gambling evidence is relevant, and its probative value is not substantially outweighed by any unfair prejudice; accordingly, it should be admitted.

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        UNITED STATES ATTORNEY

        *John Crabb Jr.*
        John Crabb Jr.
        N.Y. Bar No. 2367670
        Rebecca G. Ross
        N.Y. Bar No. 5590666
        601 D Street, N.W.
        Washington, D.C. 20530
        john.d.crabb@usdoj.gov
        (202) 252-1794