UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No.: 24-CR-406 (RC) |
| | : | |
| **TRAYON WHITE, Sr.** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S
MOTION TO PRECLUDE ENTRAPMENT DEFENSE**

The United States, hereby, responds to the defendant's supplemental opposition to the government's motion to preclude entrapment defense [ECF # 24 , at § C]. ECF #43.

**I.  The defendant should be precluded from asserting the affirmative defense of entrapment and from improperly referring to entrapment in any context.**

The government has asked the Court to preclude the defendant from "arguing or suggesting that he was entrapped by law enforcement." ECF # 24, at § C. Alternatively, the government has asked the Court to "prohibit the defense from arguing entrapment to the jury during voir dire, opening statements, or at any point at trial—unless and until the Court determines there is sufficient evidence to support an entrapment instruction." *Id.* at n. 2. See Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

The defendant opposes this request arguing that it is premature. See ECF # 26, § III; # 43, at 7. The defendant is incorrect. "Modern trial practice shelters jurors from 'inadmissible' evidence. The fear is that once exposed to inadmissible evidence, the jury may be unable or

unwilling to set it aside from consideration despite the judge's prompting or instructions." § 5051 The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.); *see also United States v. Santiago-Godinez*, 12 F.3d 722, 727 (7th Cir. 1993) ("Thus, where the evidence proffered in response to a motion in limine [regarding entrapment] raised by the government is insufficient as a matter of law to support the affirmative defense, a pretrial ruling precluding the presentation of the defense at trial may be appropriate.").

The jury should be protected from improper suggestions of entrapment at all stages of the trial. "[O]nce primed, Rule 103(d) may be invoked when the 'inadmissible evidence' is 'suggested to the jury by any means.' Those 'suggestions' may be made using any mode of communication." § 5051 The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.); *see, e.g.*, Fed. Rule Evid. 103, COMM NOTES (1972) ("The judge can foreclose a particular line of testimony and counsel can protect his record without a series of questions before the jury, designed at best to waste time and at worst "to waft into the jury box" the very matter sought to be excluded."); The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.) (R. 103(d) applies to "jury selection, opening or closing statements, the presentation of testimony, or recesses").[1]

---

[1] The cases cited by the defendant, *United States v. Santiago-Godinez*, 12 F.3d 722 (7th Cir. 1993), and *United States v. Johnson*, 32 F.3d 304, 307 (7th Cir. 1994) [ECF # 43, at 5], do not support the defendant's position. Both cases hold that "in limited circumstances, the propriety of an entrapment defense could be decided on an in limine motion." *Santiago-Godinez*, 12 F.3d at 727; *Johnson*, 32 F.3d at 307 (same).

In sum, until granted leave by the Court, the defendant should not be allowed to introduce the concept of entrapment to the jury in any form and at any stage of the trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*John Crabb Jr.*
/John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794