UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No.: 24-CR-406 (RC) |
| : | |
| TRAYON WHITE, Sr. : | |
| : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
PRECLUDE ADMISSION OF AS YET UNNOTICED OTHER CRIMES EVIDENCE

The United States, hereby, opposes the defendant's motion to preclude the admission of other crimes evidence that the government has not yet noticed its intention to introduce. ECF # 41.

I. Introduction

The defendant argues that the government should be precluded from introducing any other crimes evidence that it has not yet noticed. ECF # 41, at 3. The defendant incorrectly asserts that "[t]he time for 'reasonable notice' under Rule 404(b)(2)(A), (B) has passed – twice." *Id.* There is, however, no preordained time limit for a notice of intention to introduce crimes evidence. *See, e.g., United States v. Crow Ghost*, 79 F.4th 927, 934 (8th Cir. 2023) ("Rule 404(b) imposes no specific time limits beyond requiring reasonable pretrial notice."). Instead, determination of the reasonableness of the notice is context specific.

**II.     The government should not automatically be precluded from introducing other crimes evidence that it has not yet noticed.**

Fed. R. Evid. 404(b) requires the government to provide reasonable notice of other crimes evidence it intends to introduce at trial:

(3) Notice in a Criminal Case. In a criminal case, the prosecutor must:

(A) provide *reasonable notice* of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing *before trial--or in any form during trial* if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3) (emphasis added).

The reasonableness of the notice is context specific. *See, e.g., Crow Ghost*, 79 F.4th at 934 ("Reasonable notice under the rule is a flexible standard dependent largely on the circumstances of each case."); ADVISORY COMM. NOTES (1991 Amendments) ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case."). When determining the reasonableness of the notice, the Court should consider the following: "(1) when, through timely trial preparation, the government could have learned of the evidence; (2) the prejudice to a defendant due to the lack of time to prepare; and (3) the significance of the evidence to the government's case." *Crow Ghost*, 79 F.4th at 934.

Further, "[t]he prosecution's duty to give notice is a continuing one, which can be retriggered by the *discovery of new 404(b) evidence*." § 9:10. Pretrial notice by prosecution, 2 UNCHARGED MISCONDUCT EVIDENCE § 9:10 (emphasis added). And, under appropriate circumstances, notice may be given during trial. *See* Rule 404(b)(3)(C); *see also* Advisory Comm.

Notes (2020 Amendments) (emphasis added) ("When notice is *provided during trial* after a finding of good cause, the court may need to consider protective measures to assure that the opponent is not prejudiced."); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1241 (10th Cir. 1996) (notice given at trial due to good cause; the trial court properly made the witness available to the defendant before the bad act evidence was introduced); *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994) (six days passed after notice was given just before voir dire was reasonable).

### III.  Conclusion

It would be premature for the Court to determine the reasonableness of any theoretical other crimes notice – should the government seek the introduction of previously unnoticed other crimes evidence. Since reasonableness is context specific, the Court should evaluate the reasonableness of the notice (if there is one), once the context has been established.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ John Crabb Jr.*
John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794