**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Crim. No.:  24-CR-406 (RC)** |
| | : | |
| | : | |
| **TRAYON WHITE, Sr.** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF OTHER ACTS EVIENCE**

The United States of America, hereby, requests that the evidence set forth below be admitted in the trial of this matter.  In support of this motion, the government relies on the following points and authorities and any others that may be adduced at a hearing on this matter.

**I.      Summary of the Evidence of the Defendant's relationship with the CW.**

The government seeks the admission of two categories of evidence:  (1) campaign contributions given to the defendant by the CW; and (2) trips that the defendant took with the CW.[1]  First, the CW contributed money to the defendant's 2015, 2016, and 2024 campaigns for a seat on the Council of the District of Columbia.  With respect to the 2015 and 2016 campaigns: the CW gave the defendant approximately $30,000 in cash over the course of about four meetings.  With respect to the 2024 campaign:  the CW gave the defendant approximately $15,000 in cash over the course of several meetings.  Second, the defendant and the CW took two trips to the

---

[1]      While the government previously indicated that "[a]t [that] point" we did not intend to offer this evidence [2/25/26  Trans. at 36], the Court denied defendant's request that the government be required to decide at that time whether we would seek to admit this evidence.  *Id.* at 24.  After further evaluation, we have determined to seek admission of this evidence.  S*ee* May 15, 2026 Order [ECF # 64] (setting July 27, 2026 deadline for notice of intention to introduce other acts evidence.)

Dominican Republic.  The trips were taken in approximately 2019 and 2021.  On both trips, the CW covered all expenses.

Each of these categories of evidence establishes and explains the defendant's pre-existing relationship with the CW.  This evidence is, therefore, properly admissible pursuant to Fed. R. Evid. 404(b).

## II.     Evidence of the campaign contributions and travel is admissible pursuant to Fed. R. Evid. 404(b).

Evidence of the campaign contributions and travel is admissible *other acts evidence*.  It is not being offered as *other crimes evidence*.[2]  The Federal Rules of Evidence prohibit "[e]vidence of a crime, wrong, or *other act* . . .  to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b) (emphasis added).  The D.C. Circuit has routinely recognized that Rule 404(b) is a rule of *inclusion* rather than exclusion.  *See United States v. Machado-Erazo*, 47 F.4th 721, 728 (D.C. Cir. 2018) (holding that "[i]ndeed, Rule 404(b) is a rule of inclusion rather than exclusion prohibiting the admission of other crimes evidence in but one circumstance – for purpose of proving that a person's actions conformed to his character") (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)).

The D.C. Circuit has explained:

> Although stated as a restriction, the Rule is actually one of "inclusion rather than exclusion."  *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000).  Evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct.  *See, e.g., United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990.  Thus evidence of a defendant's prior bad acts is admissible for purposes *unrelated* to the defendant's character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b); *see also Miller*, 895 F.2d at 1436 ("[U]nder Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.").

---

[2]     These contributions and trips arguably violated D.C. Code §1-1163.33 (5) and The Council Code of Official Conduct, respectively.  The government, however, has no intention of raising this.

*United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) (emphasis in original).  The Rule's list of permissible uses of other act evidence is illustrative – not exhaustive.  2 J. Weinstein and M. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 404.22[6][a] (2017); *see, e.g., Machado-Erazo*, 47 F.4th at 728 (Rule 404(b) "permits such evidence for other purposes, including proof of motive, intent, knowledge, identity and absence of mistake."); *United States v. Bowie*, 232 F.3d 923, 933 (D.C. Cir. 2000) (approving admission of other crimes evidence to corroborate other evidence).

Analysis of the admissibility of other-acts evidence involves two steps.  First, the Court determines "whether the evidence is probative of some issue other than character."  *Cassell*, 292 F.3d at 792.  Second, if the Rule 404(b) criterion is met, the evidence should be admitted unless it is prohibited by other "general strictures limiting admissibility, such as Rule 403."  *Cassell*, 292 F.3d at 792 (internal quotation marks and citations omitted).  Here, the other acts evidence is relevant to issues other than character, and its probative value is not substantially outweighed by unfair prejudice.  It should, therefore, be admitted.

**A.      Evidence of the campaign contributions and travel is probative of issues other than the defendant's character.**

Evidence of other acts is admissible if it "is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime or act."  *Id.* (citing *Bowie*, 232 F.3d at 926-27).  "Only one series of evidential hypotheses is forbidden in criminal cases by Rule 404:  a man who commits a crime probably has a defect of character; a man with such a defect of character is more likely than men generally to have committed the act in question."  *United States v. Moore*, 732 F.2d 983, 987 n.30 (D.C. Cir. 1984).  Other acts evidence is presumptively admissible if the following three criteria are met:  (1) the evidence of other acts is relevant in that it has "*any tendency* to make the existence of *any fact* that

is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401; (2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and (3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act [citations omitted]."[3] *Bowie,* 232 F.3d at 930 (emphasis added). Here, the other acts evidence should be admitted because it tends to make certain facts of consequence more probable and it relates to matters other than defendant's character.

Other acts evidence is often relevant to several issues. In its *en banc* decision in *Crowder,* the Court of Appeals stated the following:

> Rule 404(b) evidence will often have such multiple utility, showing at once intent, knowledge, motive, preparation and the like. Proof of an individual's intent to commit an act may itself serve as proof that the individual committed the act, as the Supreme Court recognized more than a century ago. In proving that a defendant intended to distribute crack cocaine, for instance, the government might simultaneously be showing the defendant's motive to possess the crack, which Rule 404(b) permits. Intent would thereby serve as an intermediate fact from which the jury could infer another intermediate fact – motive –  from which it could in turn infer the element of possession. Thus, other-offense evidence of intent would have probative value not just on the intent element, but also on the possession element of the offense.

*United States v. Crowder*, 141 F.3d 1202, 1208 (D.C. Cir. 1998) (*en banc*) (citation omitted). Here, the proffered other acts evidence is relevant to establishing, among other things, the defendant's prior relationship with the CW and his opportunity to commit the charged offense. It also tends to rebut the defendant's denial of having committed the charged offense.

---

[3]    Relevant other acts evidence should be admitted if the Court determines that a reasonable juror could find by a preponderance of the evidence that the other acts occurred. *Huddleston v. United States*, 485 U.S. 681, 690 (1988).

1.      **Evidence of the campaign contributions and travel tends to establish the defendant's prior relationship with the CW.**

Instances of the defendant taking campaign contributions from the CW and travelling with the CW is relevant to show the nature of their relationship and its origin. *See, e.g.*, *United States v. Gaviria*, 116 F.3d 1498, 1532-33 (D.C. Cir. 1997) (other crimes evidence properly admitted where "'it shows or tends to show the existence of a relationship between the defendants, and whether it shows or tends to show the defendants had a common scheme or plan which included the offenses for which they are now charged.'"); *United States v. Graham*, 83 F.3d 1466, 1473 (D.C. Cir. 1996) (evidence of the criminal activity preceding the charged conspiracy helped explain the subsequent formation of the larger conspiracy). As a leading commentator has explained:

> Numerous cases allow the prosecutor to do precisely that [offer evidence of the defendant's prior illegal dealing to establish the relevant corrupt relationship] (footnote citing cases omitted). In principle, this is a legitimate use of uncharged misconduct evidence. The prosecutor is not merely offering evidence of the defendant's prior misconduct with third parties and arguing that since the defendant once entered into an illegal transaction, he or she probably entered into the charged illegal agreement. Rather, the prosecutor is offering evidence of the defendant's special relationship with the same coconspirator involved in the charged conspiracy and contending that the earlier, special relationship increases the likelihood that they entered into the later, charged conspiracy. This theory of logical relevance is tenable. *It is unlikely that a criminal would approach a complete stranger with a proposal for an unlawful conspiracy. It is much more plausible that the defendant will approach someone the defendant trusts (footnote omitted) and someone whom defendant knows is willing to engage in illegal activity* (footnote omitted). This is a permissible noncharacter theory of logical relevance.

Edward J. Imwinkelried, *UNCHARGED MISCONDUCT EVIDENCE* § 4.22 and n.2 (1984 ed. and 1988 supp.) (emphasis added).

Specifically, evidence of the defendant prior receipt of campaign contributions from the CW and travel with the CW will elucidate the formation, evolution, and organization of the charged bribery scheme. It is permissible "to inform . . . the jury how the illegal relationship

between the participants in the crime developed . . . ."  *United States v. Williams*, 205 F.3d 23, 33–34 (2d Cir. 2000); *see also United States v. Straker*, 800 F.3d 570, 590 (D.C. Cir. 2015) (evidence of defendants' involvement in uncharged prior crime was relevant for non-propensity purposes to show how those defendants started to work together, to show their motive and intent, and to establish their state of mind); *United States v. Wantuch*, 525 F.3d 505, 517–518 (7th Cir. 2008) (prior criminal joint venture was admissible to show how defendant's relationship with cooperating witness began, its basis and structure, and how relationship blossomed into charged offense); *United States v. Flemmi*, 402 F.3d 79, 87–93 (1st Cir. 2005) (other crimes evidence was relevant, and thus admissible, to show context and participants' relationship in criminal conspiracy); *United States v. Smith*, 282 F.3d 758, 768–769 (9th Cir. 2002) (defendant's prior criminal endeavors with his coconspirator helped provide "background and development" of charged conspiracy).  The evidence explains why, when the CW handed over thousands of dollars in cash to the defendant, the defendant accepted—this was something they had done before. They trusted one another.

At bottom, absent such evidence of the defendant's prior relationships with the CW the jury might well wonder why the defendant trusted the CW and agreed to enter the bribery scheme with him.  *See, e.g., United States v. Vizcarrondo-Casanova*, 763 F.3d 89, 94 (1st Cir. 2014) (evidence of co-defendant's prior crimes was admissible in trial for conspiracy to commit carjacking to help jury understand existence and origins of trust among the conspirators); *United States v. Torres-Chavez*, 744 F.3d 988, 991 (7th Cir. 2014) (evidence of prior uncharged cocaine transactions between defendant and co-conspirator were properly admitted under Rule 404(b)(2) to establish their "trusting" relationship); *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (defendant's prior illegal firearms sales were admissible, in drug conspiracy prosecution, to

show development of trust and relationship between defendant and co-conspirator); *United States v. Smith*, 282 F.3d 758, 768–769 (9th Cir. 2002) (defendant's prior criminal endeavors with his coconspirator helped provide "background and development" of conspiracy and would help explain why coconspirator trusted defendant enough to include him in risky drug importation scheme).

2.    **Evidence of campaign contributions and travel tends to establish the defendant's opportunity to commit the charged offense.**

Rule 404(b) specifically provides for the admission of evidence of other acts to establish the defendant's opportunity to commit the charged offense.  Opportunity or capacity means the defendant's physical or mental ability to perform the act in question.  22B Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. EVID. § 5241 (1st ed.); *cf. United States v. Arroyo*, 600 Fed. Appx. 11, 13 (2d Cir. 2015) (that defendant had a gun seven months after drug sale admissible to prove he could have had a gun during the sale); *United States v. Field*, 875 F.2d 130, 135 (7th Cir. 1989) (in prosecution for altering postal money orders, defendant's possession in his prison cell of tools and materials that witness testified were used to alter money orders was relevant to show capacity to commit the crime).  Here, evidence of campaign contributions and travel tends to establish that the defendant had the opportunity to commit the charged offense – *e.g.* taking bribes from the CW.

3.    **Evidence of the illegal campaign contributions and travel tends to rebut defendant's denial of having committed the charged offense.**

Evidence of the campaign contributions and travel tends to rebut the defendant's denial of the charges.  *See Mathews v. United States*, 485 U.S. 58, 64-65 (1988) ("A simple plea of not guilty, Fed.Rule Crim.Proc. 11, puts the prosecution to its proof as to all elements of the crime charged . . ."). Specifically, this evidence is admissible to rebut the anticipated claim that the

defendant lacked the requisite intent to commit the charged offense by establishing the defendant's pre-existing relationship with the CW.  Questions of the defendant's intent will likely be important at trial.[4]   In the Rule 404(b) calculus, facts of consequence include facts that are relevant to reasonably anticipated defenses.  *See United States v. Douglas*, 482 F.3d 591, 597-600 (D.C. Cir. 2007) (other crime evidence admissible to prove intent even though the defendant had not disputed intent, because the government bore the burden of proving intent beyond a reasonable doubt); *see also United States v. Roberson*, 581 F.Supp.3d 65, 75 (D.D.C. 2022) ( "'Federal courts repeatedly have held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense.'" (citing *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007)).

**B.    The probative value of evidence of campaign contributions and travel is not substantially outweighed by the danger of unfair prejudice.**

Fed. R. Evid. 403 precludes the admission of otherwise relevant and admissible evidence only if "its probative value is *substantially* outweighed by the danger of unfair prejudice . . . ." Fed.R.Evid. 403 (emphasis added).  The rule "tilts, as do the rules [of evidence] as a whole, toward the admission of evidence in close cases." *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984).

Evidence of the campaign contributions and travel should not be excluded pursuant to Rule 403.   The Rule's definition of unfairly prejudicial evidence does not include incriminating evidence that simply prejudices a defendant's chances of acquittal.  Instead, the Supreme Court has described "unfair" prejudice as "speak[ing] to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the

---

[4]     *See, e.g*., ECF # 40, at 5 ("But while that was the mindset of the confidential informant, White's mindset was otherwise. It is clear from the dialogue between White and the confidential informant as set forth in the indictment that White never committed to doing anything on behalf of the confidential informant, and aside from attending single meeting he did nothing.")

offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  The D.C. Circuit has explained that Rule 403's prohibition of unfairly prejudicial evidence in this way:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.  It does not bar powerful, or even "prejudicial" evidence.  Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value.  [citations omitted, alterations in original].

*Gartmon*, 146 F.3d at 1021 (affirming admission, pursuant to Rule 404(b), of evidence that the defendant, charged with fraud, had placed gun in co-conspirator's vagina and threatened her); *see also United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("Rule 403 'does not bar powerful, or even "prejudicial" evidence.  Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value.'").  "[I]n determining whether the probative value is *substantially* outweighed by the danger of unfair prejudice it is a sound rule that the balance should be struck in favor of admission when the evidence indicates a close relationship to the event charged."  *United States v. Clarke*, 24 F.3d 257, 265-66 (D.C. Cir. 1994) (quotations and citations omitted) (emphasis in original).

Evidence of the campaign contributions and travel presents no danger of unfair prejudice. First, it relates to the relationships underlying the charged offense.  Second, it is similar – but less improper – to the nature to the charged offense; it does not inject something new and prejudicial into the case, such as violence or perversion, which might inflame the jury.  Even if the Court were to conclude that evidence presented some "unfair prejudice," it still would not "substantially outweigh" the evidence's great probative value.  The balancing between probative and unfairly prejudicial should lean toward inclusion.  *See, e.g., United States v. Naranjo*, 710 F.2d 1465, 1469

(10th Cir. 1983) ("Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing."); *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."); *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) (Rule 403 is not a tool designed "to permit the Court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.").[5]

## III.    Conclusion

Evidence of campaign contributions and travel, involving the defendant and the CW is extremely probative to establishing their pre-existing relationship, and that probative value is not outweighed – much less "substantially outweighed" by unfair prejudice.    Accordingly, the evidence should be admitted.

> Respectfully submitted,
>
> JEANINE FERRIS PIRRO
> UNITED STATES ATTORNEY
>
> *John Crabb Jr.*
> John Crabb Jr.
> N.Y. Bar No. 2367670
> Rebecca G. Ross
> N.Y. Bar No. 5590666
> 601 D Street, N.W.
> Washington, D.C. 20530
> john.d.crabb@usdoj.gov
> (202) 252-1794

---

[5]    If the Court were to conclude that the probative value of this evidence is substantially outweighed by unfair prejudice, we request the Court to permit presentation of just the fact that the CW previously contributed to the defendant's campaigns and the CW previously traveled with the defendant – without any additional details.

10