# EXHIBIT D1

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

**Proposed Jury Instructions**

## I.  Preliminary Instructions (Instruction 1.102)[1]

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

---

[1]    Unless otherwise indicated, these instructions are derived from the Criminal Jury Instructions for the District of Columbia (the "Redbook") Fifth Edition 2025 Release.

1

**Instruction 1.105 NOTETAKING BY JURORS**

   **A.    PRELIMINARY INSTRUCTION WHEN NOTETAKING IS PERMITTED**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Instruction 1.107 PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108 A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

[**Summarize the indictment.**]

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged. The defendant has been charged with bribery. To prove bribery, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of bribery are:

1. The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;

4

2.     At the time, the Defendant was a public official.  The term "public official" includes District of Columbia Councilmembers; and

3.     The Defendant did so corruptly in return for: (a) being influenced in the performance of an official act; (b) being influenced to collude in, allow, or make an opportunity for the commission of a fraud on the United States; or (c) being induced to violate the Defendant's lawful duty by doing or failing to do some act.

At the end of the trial I will give you some additional instructions about the law of bribery.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Rebecca Ross and John Crabb. When I mention the defendant or the defense, I am referring either to the defendant Mr. White or to his attorney, Gary Kohlman.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the

5

government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, Mr. Kohlman will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and Mr. Kohlman may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over.   This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally,

9

if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the

10

case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.  Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you

11

keep an open mind and not decide any issue in the case until after I submit the entire case to you

with my final instructions.

## II.    Final Instructions

**Instruction 2.100 FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction 2.101 FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them

**Instruction 2.102 FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2-4 Juror Obligations[2]**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

---

[2]    1 Modern Federal Jury Instructions-Criminal P 2.01

16

**Instruction 2-12 Sympathy[3]**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. You are to perform your duty of finding the facts and applying the law without bias or prejudice to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

---

[3]     1 Modern Federal Jury Instructions-Criminal P 2.01

**Instruction 2.104 EVIDENCE IN THE CASE--JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS (as applicable)**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence [the facts of which I took judicial notice] and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 1.206 TRANSCRIPTS OF TAPE RECORDINGS**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.[4]

---

4      This instruction is revised to make it consistent with *United States v. Holton*, 116 F.3d 1536, 1542 (D.C. Cir. 1997) ("we believe that it is the better practice to require formal admission [of transcripts] into evidence during the trial").

**Instruction 2.103 JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction 2.105 STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to

assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106 INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. White's guilt or draw any inference of guilt from it.

**Instruction 2.107 BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. White to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. White is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Mr. White not guilty.

**Instruction 2.108 REASONABLE DOUBT (U.S. District Court version)[5]**

The government has the burden of proving each defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

---

5       *See U.S. v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993) (finding no error when trial court used Federal Judicial Center's Pattern Instruction 28 for "reasonable doubt," noting that Redbook instruction is not mandatory; approving use of phrases "firmly convinced" and "real possibility of innocence" and suggesting that a court need not give any instruction defining "reasonable doubt"); *U.S. v. Merlos*, 984 F.2d 1239 (D.C. Cir. 1993), modified on other grounds, 8 F.3d 48 (D.C. Cir. 1993) (citing former Instruction 2.09 with approval; finding error--but not reversible error because defense counsel did not object--in an instruction which told the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with a strong belief in the defendant's guilt"); *U.S. v. Dale*, 991 F.2d 819 (D.C. Cir. 1993) (approving former "Red Book" instruction despite defendants' claim that the words "a doubt for which you can give a reason" imply that a juror must be able to articulate a reason, which they urged impermissibly lowered the government's burden of persuasion); *U.S. v. Pinkney*, 551 F.2d 1241, 1244, (D.C. Cir. 1976) (approving language similar to this instruction, but finding plain error in court's attempt to compare doubt required in a criminal prosecution with doubt generated by consideration of the wisdom of buying a "clearly unnecessary new car").

24

**Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.110 NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2-5 The Government as a Party[6]**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

---

[6]    1 Modern Federal Jury Instructions-Criminal P 2.01

**Instruction 2.112 INADMISSIBLE AND STRICKEN EVIDENCE (IF APPLICABLE)**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

**Instruction 2.200 CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified. As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

29

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.111 NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 5-23 USE OF INFORMANTS WHEN ENTRAPMENT NOT A DEFENSE[7]**

You have heard testimony from a cooperating witness who was employed used by the government to investigate the defendant.   Sometimes the government uses cooperating witnesses who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal with the government using this technique, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of cooperating witness.

Whether or not you approve of the use of a cooperating witness or informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

---

[7]  1 Modern Federal Jury Instructions-Criminal P 5.08.

**Instruction 2.207 POLICE OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the agent's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**Instruction 2.208 RIGHT OF DEFENDANT NOT TO TESTIFY (IF APPLICABLE)**

Every defendant in a criminal case has an absolute right not to testify. Mr. White has chosen to exercise this right. You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his/her decision. You must not assume the defendant is guilty because he/she chose not to testify.

**Instruction 2.209 DEFENDANT AS WITNESS (IF APPLICABLE)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**Instruction 2.216 EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS (IF APPLICABLE)**

[*When more than one of the following Parts is being given, the court should give the following paragraph first*:

The law treats prior inconsistent statements differently depending on the [nature of the statements and the] circumstances in which they were made. I will now explain how you should evaluate those statements.]

PART A (for use when prior statements not made under oath are introduced):

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

PART B (for use when prior statements made under oath are introduced):

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

PART C (for use when prior identification statements are used to impeach a witness):

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness]. You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

**Instruction 2.217 EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS (IF APPLICABLE)**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case]. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**Instruction 6-19 GUILTY KNOWLEDGE FROM CLANDESTINE BEHAVIOR[8]**

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

---

[8]    1 Modern Federal Jury Instructions-Criminal P 6.06

39

**Instruction 2.307 MOTIVE**

Motive is not an element of the offense charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge beyond a reasonable doubt.

**Instruction 3.101 PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by Mr. White, and all other facts and circumstances received in evidence which indicate his intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. White acted with the necessary state of mind.

**Instruction 3.103 "ON OR ABOUT"—PROOF OF**

The indictment charges that the offense of bribery was committed from June 26 to August 2024. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**ELEMENTS OF THE CHARGE – BRIBERY**[9]

Count One of the Indictment charges the Defendant, Trayon White, Sr., with bribery. Title 18, United States Code, Section 201(b)(2) makes it a crime for a public official to demand or seek, receive or accept, or agree to receive or accept a bribe. For you to find the Defendant guilty, the Government must prove each of the following beyond a reasonable doubt:

1.      The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;

2.      At the time, the Defendant was a public official.  The term "public official" includes District of Columbia Councilmembers; and

3.      The Defendant did so corruptly in return for: (a) being influenced in the performance of an official act; (b) being influenced to collude in, allow, or make an opportunity for the commission of a fraud on the United States; or (c) being induced to violate the Defendant's lawful duty by doing or failing to do some act.

I will now give you some additional instructions about the law of bribery.

---

[9]      Adapted from Bribery, Criminal Jury Instructions for the District of Columbia § 6.120; 18 U.S.C. § 201; *United States v. Meseretu*, Crim. No. 24-CR-281 (APM) (D.D.C. June 25, 2025), ECF No. 136; *see also McDonnell v. United States*, 579 U.S. 550 (2016); *United States v. Robert Burke*, No. 24-CR-265 (TNM), Doc. 102 at Ex. A, pg. 12-16.

**Corruptly – Defined**

The term "corruptly" means an intent to obtain an illegal benefit. To act "corruptly" requires the Defendant to act with a particular kind of an unlawful purpose: the payment of something of value in exchange for (1) influencing an official act; (2) the public official's commission of any fraud on the United States; or (3) the public official doing or omitting to do any act in violation of the lawful duty of such public official.

**Official Act - Defined**

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity or in such official's place of trust. This has two parts to it.

First, the question, matter, cause, suit, proceeding or controversy must be specific and focused and involve a formal exercise of governmental power.   In this case, the charge is that the question, matter, cause, suit, proceeding, or controversy is the renewal of [Company 1]'s and/or [Company 2's] contract with the District of Columbia Government.

Second, the public official must make (or agree to make) a decision or take (or agree to take) an action on that question, matter, cause, suit, proceeding or controversy.  A decision or action on a qualifying step for a question, matter, cause, suit, proceeding or controversy, would qualify as an official act.  An official act also includes a public official exerting pressure on another official to perform an official act, or providing advice to another official, knowing or intending that such advice will form the basis for an official act by another official.

Setting up a meeting, hosting an event, or talking to another official, without more, does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy. Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy, as long as the official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an official act.

45

You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act.   You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official need not actually perform an official act, or even intend to do so, or have control over the outcome of the question or matter.[10]   When the defendant is a public official charged with receiving a bribe, it is sufficient if the public official agrees to perform an official act in exchange for a thing of value.   This agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain.   You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an official act in return.   Likewise, when the defendant is a person who is charged with paying a bribe, it is sufficient if the defendant intends or solicits the public official to perform an official act in exchange for a thing of value.

**Violation of Official Duty -- Defined**

The Government also alleges that the Defendant violated the bribery statute by accepting a bribe intending to be influenced to violate the Defendant's official duty. The Government alleges that as a District of Columbia City Councilmember, the Defendant had an official duty not to: (1) use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests; (2) receive any compensation, salary, or contribution to salary, gratuity, or any other things of value from any source other than the District government for his performance

---

[10] *See McDonald*, 136 S.Ct. at 2326.

of official duties; (3) solicit or accept, either directly or indirectly, any gift from a "Prohibited Source"; (4) receive anything of value in return for being influenced in the performance of official acts; (5) knowingly use the prestige of his office or public position for his financial gain or that of another; and (6) disclose or use confidential or privileged information acquired by their position without authorization.

**Fraud on the United States – Defined**

The Government also alleges that the Defendant violated the bribery statute by committing fraud on the United States. The term "fraud on the United States" means to intend to influence or attempt to influence a transaction of the D.C. government, including its agencies, such as ONSE, or DYRS.   In other words to cheat or attempt to cheat the United States government or any of its agencies out of money or property.   The term "United States government" includes the government of the District of Columbia.

**Course of Conduct -- Defined**

The Government must prove that at least one of the four alleged payments was provided or a payment was agreed to be provided with the intent to   influence the performance of one or more official acts, to induce a fraud on the United States, or to induce the violation of an official duty.   The government can show a course of conduct of money   flowing to a public official in exchange performing or agreeing to perform an official act(s), defraud the United States, or violate an official duty.   The money constitutes a bribe in that case so long as the essential intent—a

47

specific intent to give or receive something of value in exchange for an official act, to defraud the United States, or to violate an official duty—exists.[11]

**Proof of Success Not Required**

It is not necessary that the public official actually make a decision or take an action.   It is enough that he agrees to do so, and the public official need not specify the means he will use to perform his end of the bargain.   Nor must the public official in fact intend to perform the official act, so long as he agrees to do so. In addition, it is not a defense to the crime of bribery that the Defendant would have performed an official act without the payment of a bribe.

**Exchange Need Not Be Explicit**

The Defendant's intent to engage in the exchange of a bribe for an official act need not be explicit. Otherwise, the law's effect could be frustrated by knowing winks and nods. Rather, the Government can prove the Defendant's intent by circumstantial evidence, based on his words, conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn from them.

**Mixed Motive Not a Defense**

Finally, it is not a defense to the crime of bribery that the Defendant demanded, sought, received, accepted, and agreed to receive and accept anything of value for some purpose in addition to influencing the Defendant's official act. This is so because people rarely act for a single purpose.

---

[11]     *United States v. De Moya*, No. 24-3013, 2026 WL 1955627, at *4, n.1 (D.C. Cir. July 7, 2026) ("We note, however, that the bribery statute is not limited to addressing only one-for-one exchanges.")

If you find beyond a reasonable doubt that the Defendant acted with the corrupt intent to exchange an official act(s), a fraud on the United States, or violation of an official duty for a thing of value, then it makes no difference that the Defendant may also have had additional motives—such as friendship or goodwill.

**Instruction 2.321 OTHER CRIMES EVIDENCE**

You have heard evidence (1) regarding Mr. White's receipt of a bribe from Mr. Kamara in 2019, and (2) regarding Mr. White's gambling in June-August 2024.[12]   It is up to you to decide whether to accept that evidence.[13]

First, if you find by a preponderance[14] that Mr. White received a bribe from Mr. Kamara in 2019, you may use this evidence only for the following purposes:   (1) establishing Mr. White's relationship and prior dealings with Mr. Kamara; (2) determining Mr. White's intent; (3) determining whether Mr. White acted by mistake or accident; (3) determining the purpose of Mr. Kamara's payments to Mr. White; and (4) determining Mr. White's opportunity and capacity to commit bribery.

---

[12]    If the parties reach a stipulation this evidence will not be offered.

[13]    Government's Supplemental Motion to Admit Other Acts Evidence [ECF # 67] is pending.

[14]    *Huddleston v. United States*, 485 U.S. 681, 690 (1988) (other acts evidence should be admitted if the Court determines that a reasonable juror could find by a preponderance of the evidence that the other acts occurred.)

Second, if you find by a preponderance that Mr. White gambled in June-August 2024, you may use this evidence only to determine whether Mr. White received money from Mr. Kamara and kept that money.[15]

You may not use this evidence for any other purpose. Mr. White is only on trial for the crime charged. He is not charged in this case with any offense relating to the 2019 bribe or gambling, and you may not use this evidence to conclude that Mr. White has a bad character, or that Mr. White has a criminal personality. The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.

---

[15]    *See* Memorandum Opinion [ECF # 65], at 10-11, 33-35.

**Instruction 2.405 UNANIMITY--GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict [on each count] must be unanimous.

**Instruction 2.407 VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction 2.508 CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

53

**Instruction 2.500 REDACTED EXHIBITS (IF APPROPRIATE)**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Instruction 2.501 EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502 SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.509 COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.510 ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.505 POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.511 EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**DELIVERING THE VERDICT**[16]

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should fill out and sign the verdict form that will be provided.   I will then call you into the courtroom and ask your foreperson to read your verdict in open court. Thank you. You many now retire to begin your deliberations.

---

[16] *U.S. v. Khatallah*, 14-cr-141 (CRC); Jury Instruction 40 (ECF #464, at 41).

# EXHIBIT D2

**Proposed Jury Instructions**[1]

## I. Preliminary Instructions (Instruction 1.102)[2]

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.105 NOTETAKING BY JURORS**

### A. PRELIMINARY INSTRUCTION WHEN NOTETAKING IS PERMITTED

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

---

[1] Instances where the parties disagree regarding specific instructions or language within specific instructions are indicated. The parties will provide an electronic version of these instructions for the Court's convenience.

[2] Unless otherwise indicated, these instructions are derived from the Criminal Jury Instructions for the District of Columbia (the "Redbook") Fifth Edition 2025 Release.

1

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Instruction 1.107 PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108 A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

2

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

[**Summarize the indictment**.]³

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged. The defendant has been charged with bribery. To prove bribery, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of bribery are:

1.      The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;

2.      At the time, the Defendant was a public official.  The term "public official" includes District of Columbia Councilmembers; and

3.      The Defendant did so corruptly in return for: (a) being influenced in the performance of an official act; (b) being influenced to collude in, allow, or make an opportunity for the commission

---

3 Mr. White objects to any inclusion of the alleged 2019-2020 conduct in the indictment's summary, versus focusing on Count One.

3

of a fraud on the United States; or (c) being induced to violate the Defendant's lawful duty by doing or failing to do some act.

At the end of the trial I will give you some additional instructions about the law of bribery.

This trial is taking place because Mr. White has pled not guilty to the charge in the indictment. Mr. White disputes that a crime was committed. —Mr. White disputes, among other things, that he had corrupt intent, or that he agreed to act, or in fact acted, in the prohibited ways in exchange for the cash he received from the government informant.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Rebecca Ross and John Crabb. When I mention the defendant or the defense, I am referring either to the defendant Mr. White or to his attorney, Gary Kohlman.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The government must give an opening statement because it has the

4

burden of proving the guilt of the defendant beyond a reasonable doubt. The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If Mr. White does, he may among other things try to prove that the government acted improperly in directing a sting operation against him, when Mr. White was not ready and willing to commit the offense of bribery already. If the defense does put on evidence, Mr. Kohlman will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and Mr. Kohlman may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are

5

not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation,

6

education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must

7

disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you

8

do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the

9

case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.  Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you

10

keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## II.    Final Instructions

**Instruction 2.100 FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction 2.101 FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them

**Instruction 2.102 FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the

11

possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2-4 Juror Obligations[4]**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

**Instruction 2-12 Sympathy[5]**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

---

[4]    1 Modern Federal Jury Instructions-Criminal P 2.01
[5]    1 Modern Federal Jury Instructions-Criminal P 2.01

12

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. You are to perform your duty of finding the facts and applying the law without bias or prejudice to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**Instruction 2.104 EVIDENCE IN THE CASE--JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS (as applicable)**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence [the facts of which I took judicial notice] and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]

13

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 1.206 TRANSCRIPTS OF TAPE RECORDINGS**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.[6] During your deliberations, the transcripts will be made available whenever you decide to listen to the recordings of conversations.

**Instruction 2.103 JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

---

[6] This instruction is revised to make it consistent with *United States v. Holton*, 116 F.3d 1536, 1542 (D.C. Cir. 1997) ("we believe that it is the better practice to require formal admission [of transcripts] into evidence during the trial").

14

**Instruction 2.105 STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106 INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. White's guilt or draw any inference of guilt from it.

**Instruction 2.107 BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. White to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. White is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Mr. White not guilty.

**THE GOVERNMENT PROPOSES THE FOLLOWING INSTRUCTION, THE DEFENSE OBJECTS TO THIS LANGUAGE:**

**Instruction 2.108 REASONABLE DOUBT (U.S. District Court version)[7]**

---

7    *See U.S. v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993) (finding no error when trial court used Federal Judicial Center's Pattern Instruction 28 for "reasonable doubt," noting that Redbook instruction is not mandatory; approving use of phrases "firmly convinced" and "real possibility of innocence" and suggesting that a court need not give any instruction defining "reasonable doubt"); *U.S. v. Merlos*, 984 F.2d 1239 (D.C. Cir. 1993), modified on other grounds, 8 F.3d 48 (D.C. Cir.

15

The government has the burden of proving each defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

**THE DEFENSE'S PROPOSED INSTRUCTION**

---

1993) (citing former Instruction 2.09 with approval; finding error--but not reversible error because defense counsel did not object--in an instruction which told the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with a strong belief in the defendant's guilt"); *U.S. v. Dale*, 991 F.2d 819 (D.C. Cir. 1993) (approving former "Red Book" instruction despite defendants' claim that the words "a doubt for which you can give a reason" imply that a juror must be able to articulate a reason, which they urged impermissibly lowered the government's burden of persuasion); *U.S. v. Pinkney*, 551 F.2d 1241, 1244, (D.C. Cir. 1976) (approving language similar to this instruction, but finding plain error in court's attempt to compare doubt required in a criminal prosecution with doubt generated by consideration of the wisdom of buying a "clearly unnecessary new car").

16

**Instruction 2.108 REASONABLE DOUBT (Criminal Jury Instructions for the District of Columbia)[8]**

The government has the burden of proving Mr. White guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

---

[8] Criminal Jury Instructions for the District of Columbia No. 2.108 (Barbara E. Bergman ed., 5th ed.)

17

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that

18

the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any

that are unreasonable.[9]

**Instruction 2.110 NATURE OF CHARGE NOT TO BE CONSIDERED**

> **Deleted:** S

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2-5 The Government as a Party[10]**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is has pled not guilty to the charge and is presumed to be innocent.

> **Deleted:** charged with a serious crime.

---

9 The last two paragraphs of the jury instruction are adapted from CALCRIM No. 224. Circumstantial Evidence: Sufficiency of Evidence, Judicial Council of California Criminal Jury Instructions (2026).

10      1 Modern Federal Jury Instructions-Criminal P 2.01

19

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**Instruction 2.112 INADMISSIBLE AND STRICKEN EVIDENCE (IF APPLICABLE)**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

**Instruction 2.200 CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

20

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or

21

against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.111 NUMBER OF WITNESSES**

The weight of the evidence is not determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 5-23 USE OF INFORMANTS WHEN ENTRAPMENT NOT A DEFENSE[11]**

You have heard testimony from a cooperating witness who was employed used by the government to investigate the defendant. There is nothing improper or illegal with the government using this technique.

You have heard evidence that [CHS-1, others?] is an informer. S/he has an arrangement with the government [to help the government obtain introductions to persons suspected of violating the law] [and] [to help the government obtain information]. In exchange, s/he receives [a benefit in a pending case] [money] [and] [other personal benefit]. The use of such persons is a recognized means of detecting criminal conduct and the government is permitted to call such persons as

---

[11] 1 Modern Federal Jury Instructions-Criminal P 5.08.

22

**Deleted:** necessarily

**Deleted:** .  Sometimes the government uses cooperating witnesses who may conceal their true identities in order to investigate suspected violations of the law

**Deleted:** ,

**Deleted:** so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case.

**Deleted:** Indeed, certain types of evidence would be extremely difficult to detect without the use of cooperating witness.  ¶
→ Whether or not you approve of the use of a cooperating witness or informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

witnesses. However, when an informer testifies, his/her testimony should be considered with caution. You may consider whether the benefit this person receives from the government has motivated him/her to testify falsely against the defendant. You should give the testimony as much weight as in your judgment it deserves.[12]

**Instruction 2.203 WITNESS WITH A PLEA AGREEMENT**

You have heard evidence that [name of witness] entered into a plea agreement with the government pursuant to which [name of witness] agreed to testify truthfully in this case and the government agreed to [dismiss a charge against him/her] [and] [decline prosecution of a charge against him/her] [and] [bring [name of witness's] cooperation to the attention of his/her sentencing judge] [and] [consider filing papers with his/her judge which would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose].

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him/her to testify falsely against the

---

[12] D.C. Circuit Instruction 2.205 INFORMER'S TESTIMONY.

23

defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

**Instruction 2.207 POLICE OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the agent's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**Instruction 2.208 RIGHT OF DEFENDANT NOT TO TESTIFY (IF APPLICABLE)**

Every defendant in a criminal case has an absolute right not to testify. Mr. White has chosen to exercise this right. You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his/her decision. You must not assume the defendant is guilty because he/she chose not to testify.

**Instruction 2.209 DEFENDANT AS WITNESS (IF APPLICABLE)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**Instruction 2.216 EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS (IF APPLICABLE)**

[*When more than one of the following Parts is being given, the court should give the following*

24

*paragraph first*:

The law treats prior inconsistent statements differently depending on the [nature of the statements and the] circumstances in which they were made. I will now explain how you should evaluate those statements.]

PART A (for use when prior statements not made under oath are introduced):

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

PART B (for use when prior statements made under oath are introduced):

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

**Instruction 2.217 EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS (IF APPLICABLE)**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement

25

**Deleted:** PART C (for use when prior identification statements are used to impeach a witness):¶
You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness]. You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.¶

was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case]. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**THE GOVERNMENT PROPOSES THE FOLLOWING LANGUAGE AND THE DEFENSE OBJECTS TO LANGUAGE FROM 6-19 INSTRUCTION:**

**Instruction 6-19 GUILTY KNOWLEDGE FROM CLANDESTINE BEHAVIOR[13]**

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

**Instruction 2.307 MOTIVE**

Motive is not an element of the offense charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge beyond a reasonable doubt.

**Instruction 3.101 PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding

---

[13]    1 Modern Federal Jury Instructions-Criminal P 6.06

26

circumstances. You may consider any statement made or acts done or omitted by Mr. White, and all other facts and circumstances received in evidence which you find relevant to his intent.

| | |
|---|---|
| **Deleted:** indicate his intent | |

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. White acted with the necessary state of mind.

**Instruction 3.103 "ON OR ABOUT"—PROOF OF**

The indictment charges that the offense of bribery was committed from June 26 to August 2024. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**ELEMENTS OF THE CHARGE – BRIBERY**[14]

Count One of the Indictment charges the Defendant, Trayon White, Sr., with bribery. Title 18, United States Code, Section 201(b)(2) makes it a crime for a public official to demand or seek, receive or accept, or agree to receive or accept a bribe. For you to find the Defendant guilty, the Government must prove each of the following beyond a reasonable doubt:

---

[14]     Adapted from Bribery, Criminal Jury Instructions for the District of Columbia § 6.120; 18 U.S.C. § 201; *United States v. Meseretu*, Crim. No. 24-CR-281 (APM) (D.D.C. June 25, 2025), ECF No. 136; *see also McDonnell v. United States*, 579 U.S. 550 (2016); *United States v. Robert Burke*, No. 24-CR-265 (TNM), Doc. 102 at Ex. A, pg. 12-16.

1.      The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;

2.      At the time, the Defendant was a public official.  The term "public official" includes District of Columbia Councilmembers; and

3.      The Defendant did so corruptly in return for: (a) being influenced in the performance of an official act; (b) being influenced to collude in, allow, or make an opportunity for the commission of a fraud on the United States; or (c) being induced to violate the Defendant's lawful duty by doing or failing to do some act.

I will now give you some additional instructions about the law of bribery.

**Corruptly – Defined**

        The term "corruptly" means an intent to obtain an illegal benefit[15] in exchange for (1) influencing an official act; (2) the public official's commission of any fraud on the United States; or (3) the public official doing or omitting to do any act in violation of the lawful duty of such public official.

**Official Act - Defined**

        The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity or in such official's place of trust. This has two parts to it.

---

[15] Defendant objects to this language which erroneously collapses the meaning of "corruptly" into the other element(s) of the statute. Inserting "to obtain an illegal benefit" as added here after "purpose" cures this problem.

28

> **Deleted:** To act "corruptly" requires the Defendant to act with a particular kind of an unlawful purpose: the payment of something of value in exchange for (1) influencing an official act; (2) the public official's commission of any fraud on the United States; or (3) the public official doing or omitting to do any act in violation of the lawful duty of such public official.

First, the question, matter, cause, suit, proceeding or controversy must be specific and focused and involve a formal exercise of governmental power.   In this case, the charge is that the question, matter, cause, suit, proceeding, or controversy is the renewal of [Company 1]'s and/or [Company 2's] contract with the District of Columbia Government.

Second, the public official must make (or agree to make) a decision or take (or agree to take) an action on that question, matter, cause, suit, proceeding or controversy.   A decision or action on a qualifying step for a question, matter, cause, suit, proceeding or controversy, would qualify as an official act.   An official act also includes a public official exerting pressure on another official to perform an official act, or providing advice to another official, knowing or intending that such advice will form the basis for an official act by another official.

Setting up a meeting, hosting an event, talking to another official, or determining the status of a contract, merely to gather information, does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy.   Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call, even if the event, meeting or call is related to a pending question or matter—similarly does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy, conscientious public officials arrange meetings for constituents, contact other officials on their behalf, and include them in events all the time.   You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act.   On the other hand, you may consider evidence that a public official did not set up a meeting, host an event, talk to another official, express support, or send a subordinate as evidence that there was no agreement to take an official act. You may consider all

29

**Deleted:** or

**Deleted:** without more

**Deleted:**   as long as the official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an official act

of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official need not actually perform an official act, or even intend to do so.   When the defendant is a public official charged with receiving a bribe, it is sufficient if the public official agrees to perform an official act in exchange for a thing of value.   Except in instances where the bribe is in the form of a campaign contribution, this agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain.   You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an official act in return.

**Violation of Official Duty -- Defined**

The Government also alleges that the Defendant violated the bribery statute by accepting a bribe intending to be influenced to violate the Defendant's official duty. The Government alleges that as a District of Columbia City Councilmember, the Defendant had an official duty not to: (1) use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests; (6) disclose or use confidential or privileged information acquired by their position without authorization.  If the defendant did no more than seek information on the status of the informant's contracts, he has not violated this section of the bribery statute.

**Fraud on the United States – Defined**

The Government also alleges that the Defendant violated the bribery statute by committing fraud on the United States. The term "fraud on the United States" means to engage in a scheme or

30

**Deleted:** T

**Deleted:** .   Likewise, when the defendant is a person who is charged with paying a bribe, it is sufficient if the defendant intends or solicits the public official to perform an official act in exchange for a thing of value

**Deleted:** (2) receive any compensation, salary, or contribution to salary, gratuity, or any other things of value from any source other than the District government for his performance of official duties; (3) solicit or accept, either directly or indirectly, any gift from a "Prohibited Source"; (4) receive anything of value in return for being influenced in the performance of official acts;

**Deleted:** (5) knowingly use the prestige of his office or public position for his financial gain or that of another; and

**Deleted:**

**Deleted:** It is not, however, a violation of the bribery statute if the defendant did no more than ascertain the status of a constituent's contracts.

systematic course of conduct intended to deceive or cheat or obtain money or property by means of a false representation or promise in a transaction of the D.C. government, including its agencies, such as ONSE, or DYRS.[16] The term "United States government" includes the government of the District of Columbia. Once again, if the defendant did no more than ascertain the status of the constituent's contracts, he has not violated this section of the bribery statute.

**Course of Conduct -- Defined**

The Government must prove that at least one of the four alleged payments was provided or a payment was agreed to be provided with the intent to influence the performance of one or more official acts, to induce a fraud on the United States, or to induce the violation of an official duty. The jury must be unanimous as to whether any one of the four alleged payments constituted a quid pro quo that amounted to bribery. The government can show a course of conduct of money flowing to a public official in exchange performing or agreeing to perform an official act(s), defraud the United States, or violate an official duty. The money constitutes a bribe in that case so long as the essential intent—a specific intent to give or receive something of value in exchange for an official act, to defraud the United States, or to violate an official duty—exists.[17]

**Proof of Success Not Required**

---

[16] *See* Instruction 5.200 FRAUD

[17] *United States v. De Moya*, No. 24-3013, 2026 WL 1955627, at *4, n.1 (D.C. Cir. July 7, 2026) ("We note, however, that the bribery statute is not limited to addressing only one-for-one exchanges.")

31

It is not necessary that the public official actually make a decision or take an action.   It is enough that he agrees to do so, and the public official need not specify the means he will use to perform his end of the bargain.   Nor must the public official in fact intend to perform the official act, so long as he agrees to do so. In addition, it is not a defense to the crime of bribery that the Defendant would have performed an official act without the payment of a bribe.

**Exchange Need Not Be Explicit**

Except in instances where the bribe is in the form of a campaign contribution, the Defendant's intent to engage in the exchange of a bribe for an official act need not be explicit. Otherwise, the law's effect could be frustrated by knowing winks and nods. Rather, the Government can prove the Defendant's intent by circumstantial evidence, based on his words, conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn from them.

**Mixed Motive Not a Defense**

Finally, it is not a defense to the crime of bribery that the Defendant demanded, sought, received, accepted, and agreed to receive and accept anything of value for some purpose in addition to influencing the Defendant's official act. This is so because people rarely act for a single purpose. If you find beyond a reasonable doubt that the Defendant acted with the corrupt intent to exchange an official act(s), a fraud on the United States, or violation of an official duty for a thing of value, then it makes no difference that the Defendant may also have had additional motives—such as friendship or goodwill.

**Instruction 2.321 OTHER CRIMES EVIDENCE**

32

**Deleted:** T

You have heard evidence regarding Mr. White's receipt of a bribe from Mr. Kamara in 2019.[18]  It is up to you to decide whether to accept that evidence.[19]

First, if you find by a preponderance[20] that Mr. White received a bribe from Mr. Kamara in 2019,[21] you may use this evidence only for the following purposes:  (1) determining Mr. White's intent; and (2) determining whether Mr. White acted by mistake or accident.

You may not use this evidence for any other purpose.  Mr. White is only on trial for the crime charged.   He is not charged in this case with any offense relating to the alleged 2019 bribe or gambling, and you may not use this evidence to conclude that Mr. White has a bad character, or that Mr. White has a criminal personality.   The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.

**Instruction 2.405 UNANIMITY--GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on Count One must be unanimous.

---

[18]    If the parties reach a stipulation this evidence will not be offered.

[19]    Government's Supplemental Motion to Admit Other Acts Evidence [ECF # 67] is pending.

[20]    *Huddleston v. United States*, 485 U.S. 681, 690 (1988) (other acts evidence should be admitted if the Court determines that a reasonable juror could find by a preponderance of the evidence that the other acts occurred.)

[21] If Mr. White produces some evidence of inducement to commit bribery and obtains an entrapment instruction, then the Government will need to prove predisposition beyond a reasonable doubt and not by a preponderance of evidence, and then this instruction is inappropriate as applied to claimed acts proving predisposition.

33

In this case, the Government has charged Mr. White with committing the act of bribery through three separate means available under the federal bribery statute, and doing so by receiving payments on four separate dates. You must all agree unanimously that all of the elements of the bribery offense have been satisfied as to at least one of the same means, and as such, as to at least one of the same payments charged.

**Instruction 2.407 VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction 2.508 CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone

34

not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.500 REDACTED EXHIBITS (IF APPROPRIATE)**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Instruction 2.501 EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502 SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how

35

you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.509 COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.510 ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a

36

strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.505 POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.511 EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you

37

not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**DELIVERING THE VERDICT**[22]

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should fill out and sign the verdict form that will be provided.   I will then call you into the courtroom and ask your foreperson to read your verdict in open court. Thank you. You many now retire to begin your deliberations.

Defense's Proposed Jury Instructions

**Goodwill Instruction**[23]

Individuals including friends and relatives may lawfully give a gratuity or gift to a public official to foster goodwill. To prove that a gift is a bribe, rather than a lawful act of goodwill, the government must demonstrate that the gift is coupled with a particular criminal intent or quid pro quo. You may refer to the instructions laying out the elements of bribery to make this determination.

---

[22] *U.S. v. Khatallah*, 14-cr-141 (CRC); Jury Instruction 40 (ECF #464, at 41).
[23] United States v. Robert McCabe, 103 F4th 259, 284-285 (4th Cir. 2024).

38

A gift to an official to foster a favorable business climate does not constitute a bribe. It is not enough for the government to prove that the gift was given with the generalized hope or expectation of ultimate benefit on the part of the gift giver. Vague expectations of some future benefit are not sufficient to make a gift of goodwill a bribe.

**Instruction 2.108 REASONABLE DOUBT (Criminal Jury Instructions for the District of Columbia)**

The government has the burden of proving Mr. White guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

39

**Instruction 9.310 ENTRAPMENT**[24]

Mr. White asserts that he was entrapped by the government to commit the crime of bribery. A person is entrapped if law enforcement officials, either directly or through an agent such as an informant, induced a person to commit a crime which he would not otherwise have committed. Mr. White may not be convicted of this crime if he was entrapped by the government to do the acts charged. However, a person is not entrapped when he is ready and willing to violate the law and law enforcement officials or their agents merely afforded an opportunity for him to do so.

The government has the burden of proving that Mr. White was not entrapped. The government must prove beyond a reasonable doubt either: (1) [A] [informant's name] did not induce the defendant to commit the offense; or (2) The defendant was predisposed to commit the offense before he had contact with [informant's name]. If you find that the government proved at least one of these two things beyond a reasonable doubt, then you must reject the defendant's claim of entrapment. If you find that the government failed to prove both of these two things beyond a reasonable doubt, then you must find the defendant not guilty.

The first element of entrapment, government inducement, requires us to determine whether there was sufficient evidence that the government implanted the criminal design in the

---

[24] The Court may give this instruction subject to the sufficiency of Mr. White's showing of inducement.

40

defendant's mind.[25]   Inducement by an informant may take many forms including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. However, a request by an informant to engage in criminal activity, standing alone, is not an inducement. Law enforcement officials in the course of their duties may use undercover agents to apprehend persons engaged in criminal activities, as long as they merely afford opportunities for the commission of the offense[s] by one ready to commit it.

In determining whether [name of defendant] was ready and willing to commit the crime[s] charged, you need not find that s/he was involved in any prior criminal conduct. Willingness to commit the crime[s] may be shown in many ways, including by evidence of Mr. White's prior similar conduct. When evaluating whether Mr. White was ready and willing to commit the crime[s], you should consider all the circumstances.

If evidence of prior conduct of Mr. White, which may be criminal, was introduced to show his/her willingness to commit the alleged offense, you may only consider such evidence in connection with your determination of Mr. White's readiness to commit the offense. It is not evidence that he actually committed the crime for which he is now on trial. Moreover, the fact, if it is a fact, that Mr. White may have committed prior offenses of a similar character does not

---

[25] This sentence is inserted from the comment to the pattern jury instruction.

41

require you to conclude that he was ready and willing to commit the offense with which he is now charged.

Mr. White's experiencing of financial stress does not constitute evidence of his predisposition to commit the crime of bribery.[26]

Instruction 2.213 CHARACTER OF DEFENDANT[27]

Mr. White has introduced testimony that he has a good reputation in the community for [character trait]] [in the witness's opinion, Mr. White is a [character trait] person]. Such evidence may indicate to you that it is unlikely that a [character trait] person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case [including evidence that contradicts Mr. White's character evidence] and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. White is guilty of the crime charged, it is your duty to find him or her guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

---

[26] This sentence is inserted.
27 *See also* 2.213 commentary.

Instruction 2.214 CROSS-EXAMINATION OF CHARACTER WITNESS[28]


[Name of witness], who was a character witness for Mr. White, was questioned regarding previous [arrests] [convictions] [prior acts] of Mr. White. These questions were permitted only to test the basis for and reliability of the witness's testimony. They do not establish that those events took place or that [name of defendant] committed the offense charged in this case, or that s/he is a person of bad character.

---

[28] *See also* commentary on Instruction 2.214.

43

# EXHIBIT D3

**Government's Objections to Defendant's Objections and Proposed Jury Instructions**[1]

## I.  Preliminary Instructions (Instruction 1.102)[2]

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.105 NOTETAKING BY JURORS**

### A.    PRELIMINARY INSTRUCTION WHEN NOTETAKING IS PERMITTED

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

---

[1]     Instances where the parties disagree regarding specific instructions or language within specific instructions are indicated. The parties will provide an electronic version of these instructions for the Court's convenience.

[2]     Unless otherwise indicated, these instructions are derived from the Criminal Jury Instructions for the District of Columbia (the "Redbook") Fifth Edition 2025 Release.

1

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Instruction 1.107 PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108 A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

2

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

[**Summarize the indictment**.][3]

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged. The defendant has been charged with bribery. To prove bribery, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of bribery are:

1.      The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;

2.      At the time, the Defendant was a public official.  The term "public official" includes District of Columbia Councilmembers; and

3.      The Defendant did so corruptly in return for: (a) being influenced in the performance of an official act; (b) being influenced to collude in, allow, or make an opportunity for the commission

_____

3      The defense objects to mentioning the alleged 2019-2020 conduct.   The government does not disagree and suggests that the joint statement of the case, revised as appropriate, be used.

of a fraud on the United States; or (c) being induced to violate the Defendant's lawful duty by doing or failing to do some act.

At the end of the trial I will give you some additional instructions about the law of bribery.

This trial is taking place because Mr. White has pled not guilty to the charge in the indictment. Mr. White disputes that a crime was committed.  Mr. White disputes, among other things, that he had corrupt intent, or that he agreed to act, or in fact acted, in the prohibited ways in exchange for the cash he received from the government informant.[4]

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Rebecca Ross and John Crabb. When I mention the defendant or the defense, I am referring either to the defendant Mr. White or to his attorney, Gary Kohlman.

---

[4]    The government objects to the defenses requested language.  The language is not appropriate here, and, to the extent the proposed language is appropriate at all – the topics are addressed elsewhere in the instructions.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The government must give an opening statement because it has the burden of proving the guilt of the defendant beyond a reasonable doubt.[5]  The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If Mr. White does, he may among other things try to prove that the government acted improperly in directing a sting operation against him, when Mr. White

---

[5]     The government objects to the defense's requested edit of the Model Instruction and notes that is substantially redundant of other instructions.

5

was not ready and willing to commit the offense of bribery already.[6] If the defense does put on evidence, Mr. Kohlman will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and Mr. Kohlman may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on

---

[6]    The government objects to the defense's additional language.   The language is not appropriate here.   It is more akin to a "defense theory of the case.   Furthermore, the requested language attempts to inject "entrapment" into the case prematurely.   The jury should be protected from improper suggestions of entrapment at all stages of the trial. "[O]nce primed, Rule 103(d) may be invoked when the 'inadmissible evidence' is 'suggested to the jury by any means.' Those 'suggestions' may be made using any mode of communication." § 5051 The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.); *see, e.g.*, Fed. Rule Evid. 103, COMM NOTES (1972) ("The judge can foreclose a particular line of testimony and counsel can protect his record without a series of questions before the jury, designed at best to waste time and at worst "to waft into the jury box" the very matter sought to be excluded."); The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.) (R. 103(d) applies to "jury selection, opening or closing statements, the presentation of testimony, or recesses")

legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If

7

you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you

8

making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over.   This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

9

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

10

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.  Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

11

**II.      Final Instructions**

**Instruction 2.100 FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction 2.101 FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them

**Instruction 2.102 FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of

12

any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2-4 Juror Obligations[7]**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

**Instruction 2-12 Sympathy[8]**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. You are to perform your duty of finding the facts and applying the law without bias or prejudice

---

[7]    1 Modern Federal Jury Instructions-Criminal P 2.01

[8]    1 Modern Federal Jury Instructions-Criminal P 2.01

13

to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**Instruction 2.104 EVIDENCE IN THE CASE--JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS (as applicable)**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence [the facts of which I took judicial notice] and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find

14

have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 1.206 TRANSCRIPTS OF TAPE RECORDINGS**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.[9] During your deliberations, the transcripts will be made available whenever you decide to listen to the recordings of conversations.[10]

**Instruction 2.103 JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction 2.105 STATEMENTS OF COUNSEL**

---

[9]     This instruction is revised to make it consistent with *United States v. Holton*, 116 F.3d 1536, 1542 (D.C. Cir. 1997) ("we believe that it is the better practice to require formal admission [of transcripts] into evidence during the trial").

[10]     The government objects to the additional language proposed by the defense, as it is customary in this District for all admitted exhibits – excepting contraband and firearms – to be given to the jury when they begin deliberations.  *See* Instruction 2.501 EXHIBITS DURING DELIBERATIONS.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106 INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. White's guilt or draw any inference of guilt from it.

**Instruction 2.107 BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. White to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. White is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Mr. White not guilty.

**Instruction 2.108 REASONABLE DOUBT (U.S. District Court version)[11]**

---

11      *See U.S. v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993) (finding no error when trial court used Federal Judicial Center's Pattern Instruction 28 for "reasonable doubt," noting that Redbook instruction is not mandatory; approving use of phrases "firmly convinced" and "real possibility of innocence" and suggesting that a court need not give any instruction defining "reasonable doubt"); *U.S. v. Merlos*, 984 F.2d 1239 (D.C. Cir. 1993), modified on other grounds, 8 F.3d 48 (D.C. Cir. 1993) (citing former Instruction 2.09 with approval; finding error--but not reversible error because defense counsel did not object--in an instruction which told the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with a strong belief in the defendant's guilt"); *U.S. v. Dale*, 991 F.2d 819 (D.C. Cir. 1993) (approving former "Red Book" instruction despite defendants' claim that the words "a doubt for which you can give a reason" imply that a juror must be able to articulate a reason, which they urged impermissibly lowered the government's burden of

The government has the burden of proving each defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

THE DEFENSE'S PROPOSED INSTRUCTION[12]

Instruction 2.108 REASONABLE DOUBT (Criminal Jury Instructions for the District of Columbia)

The government has the burden of proving Mr. White guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be

---

persuasion); *U.S. v. Pinkney*, 551 F.2d 1241, 1244, (D.C. Cir. 1976) (approving language similar to this instruction, but finding plain error in court's attempt to compare doubt required in a criminal prosecution with doubt generated by consideration of the wisdom of buying a "clearly unnecessary new car").

[12]    The Government objects to the Defendant's proposed reasonable doubt instruction. As noted, the Government's proposed instruction is the standard instruction routinely given in district court.

17

more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

18

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.[13]

---

[13]    The last two paragraphs of the jury instruction are adapted from CALCRIM No. 224. Circumstantial Evidence: Sufficiency of Evidence, Judicial Council of California Criminal Jury Instructions (2026).

The government objects to this additional language.   It is confusing, and it misstates the law.  *E.g.*, (1) the jury need not be convinced of the proof of each element before considering circumstantial evidence – this approach would improperly remove circumstantial evidence from the quantum of proof presented ("The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another."); and (2) the language requires the jury to conclude that the item of circumstantial evidence, itself, has been proven beyond a reasonable doubt before considering it.   That is not the appropriate process or standard.

**Instruction 2.110 NATURE OF CHARGES[14]  NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2-5 The Government as a Party[15]**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.  Equally, it is important to the defendant, who has pled not guilty to the charge and is presumed to be innocent.[16]

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**Instruction 2.112 INADMISSIBLE AND STRICKEN EVIDENCE (IF APPLICABLE)**

---

[14]    The government agrees with this edit.

[15]    1 Modern Federal Jury Instructions-Criminal P 2.01

[16]    The government objects to the defense's proposed language.   It is a non-sequitur, and it is redundant of other instructions.

20

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

**Instruction 2.200 CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified. As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate

21

memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

22

**Instruction 2.111 NUMBER OF WITNESSES**

The weight of the evidence is not ~~necessarily~~[17] determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 5-23 USE OF INFORMANTS WHEN ENTRAPMENT NOT A DEFENSE[18]**

You have heard testimony from a cooperating witness who was ~~employed~~ used by the government to investigate the defendant.   Sometimes the government uses cooperating witnesses who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal with the government using this technique, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of cooperating witness.

Whether or not you approve of the use of a cooperating witness or informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

DEFENSE PROPOSED REVISION

---

[17]    The government opposed the defense request to strike "necessarily"; the sentence as written correctly states the law.

[18]  1 Modern Federal Jury Instructions-Criminal P 5.08.

23

You have heard testimony from a cooperating witness who was ~~employed~~ used by the government to investigate the defendant. There is nothing improper or illegal with the government using this technique.

You have heard evidence that [CHS-1, others?] is an informer. S/he has an arrangement with the government [to help the government obtain introductions to persons suspected of violating the law] [and] [to help the government obtain information]. In exchange, s/he receives [a benefit in a pending case] [money] [and] [other personal benefit]. The use of such persons is a recognized means of detecting criminal conduct and the government is permitted to call such persons as witnesses. However, when an informer testifies, his/her testimony should be considered with caution. You may consider whether the benefit this person receives from the government has motivated him/her to testify falsely against the defendant. You should give the testimony as much weight as in your judgment it deserves.[19]

Instruction 2.203 WITNESS WITH A PLEA AGREEMENT[20]

You have heard evidence that [name of witness] entered into a plea agreement with the government pursuant to which [name of witness] agreed to testify truthfully in this case and the government agreed to [dismiss a charge against him/her] [and] [decline prosecution of a charge against him/her] [and] [bring [name of witness's] cooperation to the attention of his/her sentencing judge] [and] [consider filing papers with his/her judge which would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose].

---

[19]    The government opposes the defense's proposed revision but believes that this instruction should be addressed when the Court considers an entrapment instruction.

[20]    The government agrees that this instruction should be included.

24

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him/her to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

**Instruction 2.207 POLICE OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.   In evaluating the agent's credibility, you should use the same guidelines that you apply to the testimony of any witness.   In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**Instruction 2.208 RIGHT OF DEFENDANT NOT TO TESTIFY (IF APPLICABLE)**

Every defendant in a criminal case has an absolute right not to testify. Mr. White has chosen to exercise this right. You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his/her decision. You must not assume the defendant is guilty because he/she chose not to testify.

**Instruction 2.209 DEFENDANT AS WITNESS (IF APPLICABLE)**

25

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**Instruction 2.216 EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS (IF APPLICABLE)**

[*When more than one of the following Parts is being given, the court should give the following paragraph first*:

The law treats prior inconsistent statements differently depending on the [nature of the statements and the] circumstances in which they were made. I will now explain how you should evaluate those statements.]

PART A (for use when prior statements not made under oath are introduced):

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

PART B (for use when prior statements made under oath are introduced):

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial. If you

26

find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

PART C (for use when prior identification statements are used to impeach a witness):

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness]. You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.[21]

---

[21]     The government agrees that this provision is not applicable.

**Instruction 2.217 EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS (IF APPLICABLE)**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case]. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**Instruction 6-19 GUILTY KNOWLEDGE FROM CLANDESTINE BEHAVIOR[22]**

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.[23]

**Instruction 2.307 MOTIVE**

Motive is not an element of the offense charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge beyond a reasonable doubt.

---

[22]    1 Modern Federal Jury Instructions-Criminal P 6.06

[23]    The defense objects to this instruction.

28

**Instruction 3.101 PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by Mr. White, and all other facts and circumstances received in evidence which ~~indicate his intent.~~ you find relevant to his intent.[24]

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. White acted with the necessary state of mind.

**Instruction 3.103 "ON OR ABOUT"—PROOF OF**

The indictment charges that the offense of bribery was committed from June 26 to August 2024. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

---

[24]    The government objects to the defense's proposed edit.  It seems to be a longer way of stating the instruction's already proper statement of the law.

29

**ELEMENTS OF THE CHARGE – BRIBERY**[25]

Count One of the Indictment charges the Defendant, Trayon White, Sr., with bribery. Title 18, United States Code, Section 201(b)(2) makes it a crime for a public official to demand or seek, receive or accept, or agree to receive or accept a bribe. For you to find the Defendant guilty, the Government must prove each of the following beyond a reasonable doubt:

1.     The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;

2.     At the time, the Defendant was a public official.  The term "public official" includes District of Columbia Councilmembers; and

3.     The Defendant did so corruptly in return for: (a) being influenced in the performance of an official act; (b) being influenced to collude in, allow, or make an opportunity for the commission of a fraud on the United States; or (c) being induced to violate the Defendant's lawful duty by doing or failing to do some act.

I will now give you some additional instructions about the law of bribery.

---

[25]     Adapted from Bribery, Criminal Jury Instructions for the District of Columbia § 6.120; 18 U.S.C. § 201; *United States v. Meseretu*, Crim. No. 24-CR-281 (APM) (D.D.C. June 25, 2025), ECF No. 136; *see also McDonnell v. United States*, 579 U.S. 550 (2016); *United States v. Robert Burke*, No. 24-CR-265 (TNM), Doc. 102 at Ex. A, pg. 12-16.

**Corruptly – Defined**

The term "corruptly" means an intent to obtain an illegal benefit. To act "corruptly" requires the Defendant to act with a particular kind of an unlawful purpose: the payment of something of value in exchange for (1) influencing an official act; (2) the public official's commission of any fraud on the United States; or (3) the public official doing or omitting to do any act in violation of the lawful duty of such public official.[26]

**Official Act - Defined**

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity or in such official's place of trust. This has two parts to it.

First, the question, matter, cause, suit, proceeding or controversy must be specific and focused and involve a formal exercise of governmental power.   In this case, the charge is that the question, matter, cause, suit, proceeding, or controversy is the renewal of [Company 1]'s and/or [Company 2's] contract with the District of Columbia Government.

Second, the public official must make (or agree to make) a decision or take (or agree to take) an action on that question, matter, cause, suit, proceeding or controversy.   A decision or

---

[26]    The defendant's argument that this instruction "collapses the meaning of 'corruptly'" is misplaced.   *See* Court's Mem. Op. [ECF #65, at 17-18] recognizing that Sec. 201 proscribes three theories of bribery; *see also* 1 Modern Federal Jury Instructions-Criminal P 16.02; *United States v. Ozcelik*, 527 F.3d 88, 93 (3d Cir. 2008), as amended (June 19, 2008) ("Under § 201(b)(2), there are three essential elements that must be met: (1) defendant must be a public official, (2) who directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept anything of value personally or for any other person or entity, and (3) did so specifically for one of the three corrupt purposes set forth in subsections (A) through (C).").

31

action on a qualifying step for a question, matter, cause, suit, proceeding or controversy, would qualify as an official act.  An official act also includes a public official exerting pressure on another official to perform an official act, or providing advice to another official, knowing or intending that such advice will form the basis for an official act by another official.

Setting up a meeting, hosting an event, talking to another official, or determining the status of a contract, merely to gather information,[27] ~~without more~~[28] does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy.   Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call, even if the event, meeting or call is related to a pending question or matter[29]—similarly does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy, conscientious public officials arrange meetings for constituents, contact other officials on their behalf, and include them in events all the time ~~as long as the official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an official act.~~.[30]  You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act.   On the other hand, you may consider evidence that a public

---

[27]    The Government does not object to this addition.

[28]    The Government objects to this deletion as it would render the instruction an incorrect recitation of the law.   *See McDonald*, 136 S.Ct. at 2371.

[29]    The Government does not object to this addition.

[30]    The Government objects to the Defendant's changes. The added language improperly injects argument into already clear jury instructions, and the deletion removes an accurate and proper instruction based on *McDonald*.   *See McDonald*, 136 S.Ct. at 2371

official did not set up a meeting, host an event, talk to another official, express support, or send a subordinate as evidence that there was no agreement to take an official act.[31] You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official need not actually perform an official act, or even intend to do so, or even have control over the outcome of the question or matter.[32] When the defendant is a public official charged with receiving a bribe, it is sufficient if the public official agrees to perform an official act in exchange for a thing of value. Except in instances where the bribe is in the form of a campaign contribution[33], This agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain. You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an official act in return. ~~Likewise, when the defendant is a person who is charged with paying a bribe, it is sufficient if the defendant intends or solicits the public official to perform an official act in exchange for a thing of value.~~[34]

---

[31]    The Government objects to this addition. It is inconsistent with *McDonald's* definition of an "official act."  *See*, Mem. Op. [ECF # 65, at 65] ("Nor must the public official in fact intend to perform the 'official act," so long as he agrees to do so.") (citation omitted).

[32]  *See McDonald*, 136 S.Ct. at 2326.   The government believes that the defense objects to this portion of the instruction.

[33]    The government opposes this inserted language.   First, it is confusing, as, per McDonald, a campaign contribution is not a bribe.  Furthermore, it improperly seeks to circumscribe the instruction which is consistent with the teachings of McDonald.

[34]    The government agrees that this language should be deleted.

33

**Violation of Official Duty -- Defined**

The Government also alleges that the Defendant violated the bribery statute by accepting a bribe intending to be influenced to violate the Defendant's official duty. The Government alleges that as a District of Columbia City Councilmember, the Defendant had an official duty not to: (1) use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests; (2) receive any compensation, salary, or contribution to salary, gratuity, or any other things of value from any source other than the District government for his performance of official duties; (3) solicit or accept, either directly or indirectly, any gift from a "Prohibited Source"; (4) receive anything of value in return for being influenced in the performance of official acts; (5) knowingly use the prestige of his office or public position for his financial gain or that of another[35]; and (6) disclose or use confidential or privileged information acquired by their position

---

[35]    The defendant's argument that this is legally erroneous is misplaced.   First, this is written as alleged in the Indictment. ECF # 12 at ¶ 12. Second, it is set forth in the D.C. Counsel's Code of Conduct:

> (1) use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests, GEX 1 (Council of the District of Columbia Code of Official Conduct, Council Period 25) at 2, I(a);
>
> (2) receive any compensation, salary, or contribution to salary, gratuity, or any other things of value from any source other than the District government for his performance of official duties, *id.* at 3, I(e)(1);
>
> (3) solicit or accept, either directly or indirectly, any gift from a "Prohibited Source", *id.* at 8, III(a);
>
> (4) receive anything of value in return for being influenced in the performance of official acts, *id* at 10, III(e)(2);
>
> (5) knowingly use the prestige of his office or public position for his financial gain or that of another, *id.* at 16, VI(b)(1); and (6) disclose or use confidential or

34

without authorization. If the defendant did no more than seek information on the status of the informant's contracts, he has not violated this section of the bribery statute. It is not, however, a violation of the bribery statute if the defendant did no more than ascertain the status of a constituent's contracts.[36]

**Fraud on the United States – Defined**

The Government also alleges that the Defendant violated the bribery statute by committing fraud on the United States. The term "fraud on the United States" means to engage in a scheme or systematic course of conduct intended to deceive or cheat or obtain money or property by means

---

privileged information acquired by their position without authorization, *id.* at 19, VII.

[36]     The government opposes the additional language proposed by the defense.   It attempts to graft "official act" language where it is inappropriate.   Only one of the means of committing bribery requires an "official act."   Sec. 201(b)(2)(B) and (C) do not implicate an official act.   *See, e.g. United States v. Leyva*, 282 F.3d 623 (9th Cir. 2002).

Here, the plain language of § 201(b)(2)(B) requires only that the public official accept a thing of value in exchange for perpetrating a fraud. The absence of any official act requirement is particularly pointed in light of explicit "official act" or "official duty" language in other subsections of § 201. See § 201(a)(3) (defining "official act"); § 201(b)(1)(A) (prohibiting paying an official "with intent to influence any official act"); § 201(b)(2)(A) (prohibiting an official from accepting payment in return for "the performance of any official act"); § 201(b)(1)(C) and (2)(C) (prohibiting giving or receiving value to induce acts in violation of the "lawful" or "official" duty of a public official); *see also Gozlon–Peretz v. United States*, 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted) (alteration in original)).

*Id.* at 625.

35

of a false representation or promise in ~~to intend to influence or attempt to influence~~[37] a transaction of the D.C. government, including its agencies, such as ONSE, or DYRS. ~~In other words to cheat or attempt to cheat the United States government or any of its agencies out of money or property.~~[38] The term "United States government" includes the government of the District of Columbia. Once again, if the defendant did no more than ascertain the status of the constituent's contracts, he has not violated this section of the bribery statute.[39]

**Course of Conduct – Defined**

The Government must prove that at least one of the four alleged payments was provided or a payment was agreed to be provided with the intent to influence the performance of one or more official acts, to induce a fraud on the United States, or to induce the violation of an official duty. The jury must be unanimous as to whether any one of the four alleged payments constituted a quid pro quo that amounted to bribery.[40] The government can show a course of conduct of

---

[37] The Government does not object to this change.

[38] The Government objects to this deletion, as it is a proper recitation of the law and is included in similar instructions provided in this District. *See United States v. Meseretu*, Crim. No. 24-CR-281 (APM) (D.D.C. June 25, 2025)

[39] The government objects to the defense's proposed language. It is an inaccurate statement of the law with respect to Sec. 201 (b)(2)(C) (violation of official duty).

[40] The government objects to the defense's proposed insertion. Unanimity regarding payments is not required. *See, e.g., United States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001) ("Relying on *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), we concluded that all the jury was required to agree on was that the defendant had committed the offense as defined in the statute, not how the defendant had done so. . . . The statute makes relevant only the number of false identification documents intended to be used, not the identity of each particular document. The district court therefore did not err in declining to give a unanimity instruction."); *United States v. Daniel*, 749 F.3d 608, 614 (7th Cir.2014) (upholding district court's denial of request by defendant charged with scheme to defraud for unanimity instruction regarding specific fraudulent representation because such representations "were merely the means he used

36

money flowing to a public official in exchange performing or agreeing to perform an official act(s), defraud the United States, or violate an official duty.   The money constitutes a bribe in that case so long as the essential intent—a specific intent to give or receive something of value in exchange for an official act, to defraud the United States, or to violate an official duty—exists.[41]

**Proof of Success Not Required**

It is not necessary that the public official actually make a decision or take an action.   It is enough that he agrees to do so, and the public official need not specify the means he will use to perform his end of the bargain.   Nor must the public official in fact intend to perform the official act, so long as he agrees to do so. In addition, it is not a defense to the crime of bribery that the Defendant would have performed an official act without the payment of a bribe.

**Exchange Need Not Be Explicit**

Except in instances where the bribe is in the form of a campaign contribution,[42] The Defendant's intent to engage in the exchange of a bribe for an official act need not be explicit. Otherwise, the law's effect could be frustrated by knowing winks and nods. Rather, the Government can prove the Defendant's intent by circumstantial evidence, based on his words,

---

to commit an element of the crime"); *United States v. Davis*, 306 F.3d 398, 414 (6th Cir.2002) ("[A]lthough there may have been various means by which Defendant aided and abetted in the underlying offenses for which he was convicted, no unanimity instruction with regard to these various means was necessary.") (citation omitted).

[41]    *United States v. De Moya*, No. 24-3013, 2026 WL 1955627, at *4, n.1 (D.C. Cir. July 7, 2026) ("We note, however, that the bribery statute is not limited to addressing only one-for-one exchanges.").

[42]    The Government objects to this addition as confusing and unnecessary.   By *McDonald's* definition a mere "campaign contribution" is not a "bribe."   *McDonald*, 136 S.Ct. at 2372.   This standard instruction is a correct recitation of the law.

37

conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn from them.

**Mixed Motive Not a Defense**

Finally, it is not a defense to the crime of bribery that the Defendant demanded, sought, received, accepted, and agreed to receive and accept anything of value for some purpose in addition to influencing the Defendant's official act. This is so because people rarely act for a single purpose. If you find beyond a reasonable doubt that the Defendant acted with the corrupt intent to exchange an official act(s), a fraud on the United States, or violation of an official duty for a thing of value, then it makes no difference that the Defendant may also have had additional motives—such as friendship or goodwill.

**Instruction 2.321 OTHER CRIMES EVIDENCE**

You have heard evidence (1) regarding Mr. White's receipt of a bribe from Mr. Kamara in 2019, and (2) regarding Mr. White's gambling in June-August 2024.[43]   It is up to you to decide whether to accept that evidence.[44]

First, if you find by a preponderance[45] that Mr. White received a bribe from Mr. Kamara in 2019, you may use this evidence only for the following purposes:   (1) establishing Mr. White's

---

[43]    If the parties reach a stipulation this evidence will not be offered.

[44]    Government's Supplemental Motion to Admit Other Acts Evidence [ECF # 67] is pending.

[45]    *Huddleston v. United States*, 485 U.S. 681, 690 (1988) (other acts evidence should be admitted if the Court determines that a reasonable juror could find by a preponderance of the evidence that the other acts occurred.)

38

~~relationship and prior dealings with Mr. Kamara; (2)~~ determining Mr. White's intent; and (2~~3~~) determining whether Mr. White acted by mistake or accident; (3) determining the purpose of Mr. Kamara's payments to Mr. White; and (4) determining Mr. White's opportunity and capacity to commit bribery.[46]

~~Second, if you find by a preponderance that Mr. White gambled in June-August 2024, you may use this evidence only to determine whether Mr. White received money from Mr. Kamara and kept that money.~~[47]

You may not use this evidence for any other purpose.   Mr. White is only on trial for the crime charged.   He is not charged in this case with any offense relating to the alleged[48] 2019 bribe or gambling, and you may not use this evidence to conclude that Mr. White has a bad character, or that Mr. White has a criminal personality.   The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.

---

The defense states: "If Mr. White produces some evidence of inducement to commit bribery and obtains an entrapment instruction, then the Government will need to prove predisposition beyond a reasonable doubt and not by a preponderance of evidence, and then this instruction is inappropriate as applied to claimed acts proving predisposition."   This is an incorrect statement of the law.   The defense conflates two issues.   First, as cited above, the Supreme Court has held that to be admitted other crimes evidence must meet the preponderance standard.   Second, the standard for consideration of other crimes evidence is different from the standard required to defeat an entrapment defense.   Other crimes evidence may – or may not –be part of the quantum of evidence considered by the jury to defeat an entrapment defense.

46    Defendant objects to some of the uses of the other crimes evidence, but the Court has approved each of these uses.   Mem. Op. [ECF # 65], at 10-11.

47    This language should only be struck if the parties reach an appropriate stipulation.   *See* Memorandum Opinion [ECF # 65], at 10-11, 33-35.

48    The government does not oppose this addition.

**Instruction 2.405 UNANIMITY—GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on Count One must be unanimous.

In this case, the Government has charged Mr. White with committing the act of bribery through three separate means available under the federal bribery statute, and doing so by receiving payments on four separate dates. You must all agree unanimously that all of the elements of the bribery offense have been satisfied as to at least one of the same means, and as such, as to at least one of the same payments charged.[49]

**Instruction 2.407 VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction 2.508 CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there

---

49     For the reasons cited in the Bribery Instruction, the government objects to the defense's requested addition to the Unanimity Instruction.   *See* n. 26, 38, *supra.*

40

should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.500 REDACTED EXHIBITS (IF APPROPRIATE)**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

41

**Instruction 2.501 EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502 SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.509 COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous

42

verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.510 ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.505 POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.511 EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom.

43

Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

## DELIVERING THE VERDICT[50]

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should fill out and sign the verdict form that will be provided.   I will then call you into the courtroom and ask your foreperson to read your verdict in open court. Thank you. You many now retire to begin your deliberations.

Defense's Proposed Jury Instructions

Goodwill Instruction

---

[50] *U.S. v. Khatallah*, 14-cr-141 (CRC); Jury Instruction 40 (ECF #464, at 41).

44

Individuals including friends and relatives may lawfully give a gratuity or gift to a public official to foster goodwill. To prove that a gift is a bribe, rather than a lawful act of goodwill, the government must demonstrate that the gift is coupled with a particular criminal intent or quid pro quo. You may refer to the instructions laying out the elements of bribery to make this determination.

A gift to an official to foster a favorable business climate does not constitute a bribe. It is not enough for the government to prove that the gift was given with the generalized hope or expectation of ultimate benefit on the part of the gift giver. Vague expectations of some future benefit are not sufficient to make a gift of goodwill a bribe.[51]

Instruction 9.310 ENTRAPMENT

Mr. White asserts that he was entrapped by the government to commit the crime of bribery. A person is entrapped if law enforcement officials, either directly or through an agent such as an informant, induced a person to commit a crime which he would not otherwise have committed. Mr. White may not be convicted of this crime if he was entrapped by the government to do the acts charged. However, a person is not entrapped when he is ready and willing to violate the law and law enforcement officials or their agents merely afforded an opportunity for him to do so.

---

[51] The government opposes this defense instruction. To the extent it properly states the law, this is addressed in the "official act" portion of the Bribery Instruction. *See United States v. McCabe*, 103 F.4th 259, 285 n.21 (4th Cir. 2024) ("we are satisfied that the trial court did not abuse its discretion or err in any of its McDonnell-based Instructions").

The government has the burden of proving that Mr. White was not entrapped. The government must prove beyond a reasonable doubt either: (1) [A] [informant's name] did not induce the defendant to commit the offense; or (2) The defendant was predisposed to commit the offense before he had contact with [informant's name]. If you find that the government proved at least one of these two things beyond a reasonable doubt, then you must reject the defendant's claim of entrapment. If you find that the government failed to prove both of these two things beyond a reasonable doubt, then you must find the defendant not guilty.

The first element of entrapment, government inducement, requires us to determine whether there was sufficient evidence that the government implanted the criminal design in the defendant's mind. Inducement by an informant may take many forms including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. However, a request by an informant to engage in criminal activity, standing alone, is not an inducement. Law enforcement officials in the course of their duties may use undercover agents to apprehend persons engaged in criminal activities, as long as they merely afford opportunities for the commission of the offense[s] by one ready to commit it.

In determining whether [name of defendant] was ready and willing to commit the crime[s] charged, you need not find that s/he was involved in any prior criminal conduct. Willingness to commit the crime[s] may be shown in many ways, including by evidence of Mr. White's prior similar conduct. When evaluating whether Mr. White was ready and willing to commit the crime[s], you should consider all the circumstances.

If evidence of prior conduct of Mr. White, which may be criminal, was introduced to show his/her willingness to commit the alleged offense, you may only consider such evidence in

46

connection with your determination of Mr. White's readiness to commit the offense. It is not evidence that he actually committed the crime for which he is now on trial. Moreover, the fact, if it is a fact, that Mr. White may have committed prior offenses of a similar character does not require you to conclude that he was ready and willing to commit the offense with which he is now charged.[52]

Instruction 2.213 CHARACTER OF DEFENDANT

Mr. White has introduced testimony that he has a good reputation in the community for [character trait]] [in the witness's opinion, Mr. White is a [character trait] person]. Such evidence may indicate to you that it is unlikely that a [character trait] person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case [including evidence that contradicts Mr. White's character evidence] and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. White is guilty of the crime charged, it is your duty to find him or her guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

Instruction 2.214 CROSS-EXAMINATION OF CHARACTER WITNESS

[Name of witness], who was a character witness for Mr. White, was questioned regarding previous [arrests] [convictions] [prior acts] of Mr. White. These questions were permitted only to

---

[52]    The Court has held that the propriety of an entrapment instruction cannot be determined at this time.   Mem. Op. [ECF # 65, at 26-30].

test the basis for and reliability of the witness's testimony. They do not establish that those events took place or that [name of defendant] committed the offense charged in this case, or that s/he is a person of bad character.[53]

---

[53]    The government opposes the introduction of evidence regarding the defendant's character, as there is no basis for such evidence.   Mem. Op. [ECF # 65, at 21].