# EXHIBIT F1

GOVERNMENT'S PROPOSED VERDICT FORM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 24-CR-406 (RC) |
| v. | |
| TRAYON WHITE, SR. | |
| Defendant. | |

**VERDICT FORM**

As to Count One of the Indictment (Bribery), we the jury find the Defendant, Trayon White, Jr. [check one]:


_____    _____

**Guilty**                    **Not Guilty**



Date:  _____                    _____

                                        Foreperson

2

# EXHIBIT F2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 24-CR-406 (RC)** |
| **v.** | |
| **TRAYON WHITE, SR.** | |
| **Defendant.** | |

**SPECIAL VERDICT FORM**

Defendant White is alleged in Count One of the Indictment to have corruptly taken four separate payments, for three separate prohibited purposes, as set forth in the table below.

For Mr. White to be guilty, the jury must agree unanimously in at least one instance as to which the government has met all of the elements of the offense of bribery as to the same payment and for the same prohibited purpose.

The following table has been provided for the jury's deliberations, to enable a determination, and to provide a record, as to any unanimous finding that the jury may (or may not) have reached:

| Date of payment | In return for: being influenced in the performance of any **official act** | In return for: being influenced to commit and aid in committing, and to collude in, and allow, any fraud, and make any opportunity for the commission of any **fraud, on the United States** | In return for: being induced to do and omit to do any act in **violation of his official duties** |
|---|---|---|---|
| June 24th, 2024 | | | |
| July 17th, 2024 | | | |
| July 25th, 2024 | | | |
| August 9th, 2024 | | | |

2

**Accordingly, as to Count One of the Indictment (Bribery), we the jury find the Defendant, Trayon White, Jr. [check one]:**

_____          _____

**Guilty**                          **Not Guilty**

Date:  _____                          _____

                                                                    Foreperson

3

# EXHIBIT F3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TRAYON WHITE, SR.**<br><br>**Defendant.** | **Case No. 24-CR-406 (RC)** |

**SPECIAL VERDICT FORM**

Defendant White is alleged in Count One of the Indictment to have corruptly taken four separate payments, for three separate prohibited purposes, as set forth in the table below.

For Mr. White to be guilty, the jury must agree unanimously in at least one instance as to which the government has met all of the elements of the offense of bribery as to the same payment and for the same prohibited purpose.

The following table has been provided for the jury's deliberations, to enable a determination, and to provide a record, as to any unanimous finding that the jury may (or may not) have reached:

| Date of payment | **In return for:** being influenced in the performance of any **official act** | **In return for:** being influenced to commit and aid in committing, and to collude in, and allow, any fraud, and make any opportunity for the commission of any **fraud, on the United States** | **In return for:** being induced to do and omit to do any act in **violation of his official duties** |
|---|---|---|---|
| June 24th, 2024 | | | |
| July 17th, 2024 | | | |
| July 25th, 2024 | | | |
| August 9th, 2024 | | | |

**Accordingly, as to Count One of the Indictment (Bribery), we the jury find the Defendant, Trayon White, Jr. [check one]:**

_____          _____

**Guilty**                              **Not Guilty**

Date:  _____                    _____
                                                Foreperson

The government objects to the defense's proposed verdict form.  On two grounds.

First, Special Verdict Forms are disfavored.  *See, e.g., United States v. Concepcion*, 139 F.4th 242, 252 (2d Cir. 2025) (citation omitted) ("we have emphasized "the criminal law's historical preference for general verdicts" and "traditional distaste for special interrogatories." And while the Supreme Court has stopped short of holding "that special verdicts in criminal cases are never appropriate," it has "call[ed] for caution" in "the absence of a Criminal Rule authorizing special verdicts"); *United States v. Stegmeier*, 701 F.3d 574, 581 (8th Cir. 2012) ("The use of a special verdict form is generally disfavored in criminal cases." ); *United States v. Blackwell*, 459 F.3d 739, 766 (6th Cir. 2006) ("'In general, special verdicts are not favored [in criminal cases] and 'may in fact be more productive of confusion than of clarity.'"); *United States v. Desmond*, 670 F.2d 414, 416 (3d Cir. 1982) ("Some of the antipathy toward special verdicts in criminal trials has its roots in the doctrine of 'jury nullification'").  While the D.C. Circuit disfavors special verdict forms "from a concern 'that the jury [will be] led to its conclusion [b]y a progression of questions each of which seems to require an answer unfavorable to the defendant,'" *United States v. Spann*, 997 F.2d 1513, 1515 (D.C. Cir. 1993), the above-cited reasons for disfavor are equally applicable. *See, e.g, Blackwell*, 459 F.3d at 766–67 ("While we question the applicability of a rationale against special verdicts to protect defendants in cases where the defendant requests the special verdict, we also recognize that there is no real reason, and no case law support, for abandoning the general rule in this case.").

Second, as set forth in the government's objections to the defense's bribery jury instruction, unanimity is not required regarding either the payments or the means of committing bribery. Accordingly, the defense's special verdict form is inconsistent with the law of bribery.

2