**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Crim. No.:  24-CR-406 (RC)** |
| | : | |
| | : | |
| **TRAYON WHITE, SR.** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN**
**SUPPORT  OF ITS PROPOSED BRIBERY INSTRUCTION**

The United States of America, hereby, submits this memorandum of law in support of its proposed bribery instruction.  ECF # 75-4, Ex. D-3, at 138, n.26.

**I.      Introduction**

The bribery statute, 18 U.S.C. § 201(b)(2), sets forth three ways – statutory alternatives – by which the "corrupt purposes" element[1] of the statute may be established.  Based on precedent and the prescribed statutory analysis, the statutory alternatives, set forth in § 201(b)(2)(A)-(C), by which "corrupt purposes" may be proven, are not elements.  Instead, they are means by which the "corrupt purposes" element of the statute may be proven.

Unanimity is required with respect to elements, it is not, however, required with respect to means.  Accordingly, while the jurors must find that at least one means of establishing the "corrupt purposes" element has been proven, they need not be unanimous in their finding.

---

[1]      18 U.S.C. § 201(b)(2) (emphasis added) ("being a public official or person selected to be a public official, directly or indirectly, *corruptly* demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity").

## II.   Distinguishing Elements from Means

Elements of an offense are distinct from the means by which such elements are established. While a jury must be unanimous about the former, it need not agree on the latter. *See, e.g., United States v. Adams*, 150 F. Supp. 3d 32, 38 (D.D.C. 2015) (Boasberg, CJ); *citing United States v. Daniel*, 749 F.3d 608, 614 (7th Cir. 2014) (upholding district court's denial of request by defendant charged with scheme to defraud for unanimity instruction regarding specific fraudulent representation because such representations "were merely the means he used to commit an element of the crime"); *United States v. Davis*, 306 F.3d 398, 414 (6th Cir. 2002) ("[A]lthough there may have been various means by which Defendant aided and abetted in the underlying offenses for which he was convicted, no unanimity instruction with regard to these various means was necessary.") (citation omitted); *see also United States v. McCants*, 952 F.3d 416, 426 (3d Cir. 2020) ("Crimes comprise elements; means illustrate ways of satisfying individual elements.").

The Supreme Court has explained,

> We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.  In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.  Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

*Schad v. Arizona*, 501 U.S. 624, 631–32 (1991)[2]; *see also United States v. Lee*, 317 F.3d 26, 36 (1st Cir. 2003) (cleaned up) ("if a jury is confronted with divergent factual theories in support of the same ultimate issue, courts generally have held that the unanimity requirement is met as long

---

[2]   Though abrogated on other grounds, as recognized in *Edwards v. Vannoy*, 593 U.S. 255, 265 n.4 (2021), *Schad* is still good law regarding differentiation of "means" from "elements."  *See, e.g., United States v. Diaz-Colon,* 163 F.4th 1, 22 (1st Cir. 2025) (citing *Schad*, 501 U.S. 624, at 631-32:  "it does not matter for sufficiency purposes if all jurors reached the same conclusion about his role in the attempted extortion so long as they each made factual findings that support guilt beyond a reasonable doubt"); *United States v. Mahdi*, 826 F. Supp. 3d 1, 13 (D.D.C. 2026).

as the jurors are in agreement on the ultimate issue (even though they may not be unanimous as to the precise theory)").

III.     **Determining whether a statutory alternative is a "means" or an "element"**

"The difficult question under *Schad* is how does a court mark 'the point at which differences between means become so important that they may not reasonably be viewed as alternatives to a common end, but must be treated as differentiating what the Constitution requires to be treated as separate offenses'?" *United States v. Hurt*, 527 F.3d 1347, 1355 (D.C. Cir. 2008) (citation omitted).  In *Schad*, writing for the plurality, Justice Souter explained that the distinction between an "element" and a "means" is a function of "fundamental fairness" which is determined by "looking" to history and current practice among the States as nonbinding indicators." *Hurt*, 527 F.3d at 1355.  In his concurrence, Justice Scalia focused only on the history of the crime at issue. *Id.*

In addition to reviewing the history of the crime, the D.C. Circuit has considered the following factors in differentiating between elements and means:  (1) the punishment regime of the statute, (2) the mens rea requirements of the statute, and (3) the structure and syntax of the statute. *United States v. Burwell*, 122 4th 984, 990-91 (D.C. Cir. 2024).[3]

IV.     **Section 201(b)(2) sets forth three means by which the "corrupt purposes" element of the bribery statute may be established.**

There are three elements to a violation of the bribery statute.  18 U.S.C. § 201(b)(2).  The third element requires that the defendant have acted with corrupt purposes. *Id.*   And the statute

---

[3]     In *Burwell*, 122 F.4th at 988, the D.C. Circuit addressed whether bank robbery, in violation of 18 U.S.C. § 2113(a), is a crime of violence under 18 U.S.C. § 924(c).  This determination turns on whether the statute is "indivisible."  Divisibility, in turn, is determined by whether the statute's constituent parts are "elements" or "means." *Id.* at 989 (The Supreme Court "instructs us how to resolve divisibility questions.  To decide whether the listed items (here, force and violence, intimidation, and extortion) are elements or means . . . .").  Accordingly, the analysis used in *Burwell* is applicable here.

provides three means by which corrupt purposes may be established.  *Id.* at § (A), (B), & (C).

**A.      Bribery in violation of 18 U.S.C. § 202(b)(2) has three elements**.

A violation of 18 U.S.C. § 201(b)(2) comprises three elements:

Under § 201(b)(2), there are three essential elements that must be met: (1) defendant must be a public official, (2) who directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept anything of value personally or for any other person or entity, and (3) did so specifically for one of the three corrupt purposes set forth in subsections (A) through (C).

*United States v. Ozcelik*, 527 F.3d 88, 93 (3d Cir. 2008), as amended (June 19, 2008); *see also*

Instruction 16-3 Elements of the Offense, 1 MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL P

16.01 (setting out the three elements of bribery).

**B.      There are three means by which the third element, corrupt purposes, may be established.**

The third element, corrupt purpose, may be established by one of three means:

(A) being influenced in the performance of any official act;

(B) being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(C) being induced to do or omit to do any act in violation of the official duty of such official or person;

18 U.S.C. § 201(b)(2)(A)-(C).  Subsections (A), (B), and (C) specify the means by which the

requisite corrupt purposes may be shown.  *See* Instruction 16-3 Elements of the Offense, 1

MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL P 16.01 (Third element of bribery requires "that

the defendant did so with the corrupt intent to influence an official act of that official (or to

influence that official to commit a fraud on the United States or to induce that official to perform

or omit acts in violation of his lawful duty); *Ozcelik*, 527 F.3d at 94 (emphasis added) ("Thus the

only disputed issue is whether the evidence is sufficient to prove that Ozcelik received Tuncer's

money with a *corrupt intent, that is, he did so for one of the three reasons prohibited by statute*.").[4]

## C.    Analysis of § 201(b)(2)(A)-(C) demonstrates that it specifies means.

Review of the history of the bribery statute, along with analysis of its punishment regime, mens rea requirement, and structure and syntax, establishes that the statutory alternatives set forth in § 201(b)(2)(A)-(C) are means.

## 1.    The history of the bribery statute

"Although 18 U.S.C. § 201 was enacted in 1962, the federal bribery statute traces its roots back over a century prior." *United States v. Paitsel*, 147 F.4th 1010, 1020 (D.C. Cir. 2025).[5] This history is crucial to determining whether the statutory alternatives are "means" or "elements." *Schad*, 501 U.S. at 650 (Scalia, J. concurring) ("It is precisely the historical practices that define what is 'due [process].'"). A survey of § 201's antecedents demonstrates that Congress has

---

[4]    *Cf. United States v. LaPlante*, 714 F.3d 641, 647 (1st Cir. 2013) ("A jury, faced with 'divergent factual theories in support of the same ultimate issue,' may decide unanimously, as is the case here, that the government has proven a scheme to defraud even if they may not be unanimous as to the precise manner in which it occurred."); *United States v. Rice*, 699 F.3d 1043, 1048 (8th Cir.2012) (holding a jury is not required to agree unanimously on the particular means the defendant used in each fraudulent wire transfer).

[5]    *Paitsel* has language that could be read to suggest that the statutory alternatives are "elements." 147 F.4th at 1023 (the "1962 statute defined three different bribery offenses"). But it must be noted that the *Paitsel* court was considering the sufficiency of the evidence to support a bribery conviction, where the corrupt purpose arose from a violation of "official duty." *Id.* at 1019. Accordingly, the reference to "three bribery offenses" was not necessary to the holding. As the Supreme Court has often cautioned, such pronouncements do not constitute a court's holding. *Armour & Co. v. Wantock*, 323 U.S. 126, 132-33 (1944) ("General expressions transposed to other facts are often misleading."). This bedrock principle of jurisprudence was enunciated by Chief Justice Marshall over 200 years ago:

> We resist reading a single sentence unnecessary to the decision as having done so much work. In this regard, we recall Chief Justice Marshall's sage observation that "general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."

*Arkansas Game & Fish Comm'n v. United States*, 568 U.S. 23, 35 (2012) (citation omitted). In fact, the history of the bribery statute as reviewed in *Paitsel* actually supports the conclusion that the statutory alternatives are means.

5

historically provided multiple means by which bribery may be committed.[6]

**2.     The punishment regime of § 201(b)(2)**

When statutory alternatives prescribe different punishments they are elements. *Mathis v. United States*, 579 U.S. 500, 518 (2016).  However, "the inverse at least points toward the opposite conclusion: when legislators attach the same punishment for statutory alternatives, that provides meaningful evidence that the provision may [specify means]." *Burwell*, 122 F.4th at 990; citing *United States v. Redd*, 85 F.4th 153, 165 (4th Cir. 2023) (finding that statute spread out across two subsections was indivisible in part because punishment was the same).  Section 201(b)(2) provides for the same punishment, regardless of which alternative manner of establishing corrupt purposes is implicated, 18 U.S.C. § 201(b)(2).  This supports the conclusion that the statutory alternatives are means.

**3.     The mens rea regime of § 201(b)(2)**

Statutory alternatives that require the same mens rea indicate that they are means. *Burwell*, 122 F.4th at 991 ("the text does not set out separate mens rea requirements for what the government claims are two purportedly distinct offenses, which in other statutes can suggest [elements as opposed to means]").  Likewise, § 201's statutory alternatives for establishing corrupt purposes

---

[6]     *See, e.g.*, *Thomson v. United States*, 37 App. D.C. 461, 466 (D.C. Cir. 1911) (Section 39 of the Federal Penal Code, formerly sec. 5451, Rev. Stat. U. S. Comp. Stat. 1901, p. 3680, defining bribery as giving a thing of value to a public official "[1] with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may be law be brought before him in his official capacity or in his place of trust or profit, or [2] with intent to influence him to commit or aid in committing or to collude in, or allow, any fraud or make opportunity for the commission of any fraud, on the United States, or [3] to induce him to do or omit to do any act in violation of his lawful duty"); *id.* at 466-67 (Section 861 of the District Code (31 Stat. at L. 1330, chap. 854) defining bribery as giving a thing of value to a public official "with [1] intent to influence the decision, action, verdict, or evidence of any such person on any question, matter, cause, or proceeding, or [2] with intent to influence him to commit or aid in committing, or to collude in or allow, any fraud, or make any opportunity for the commission any fraud"); *Fall v. United States*, 49 F.2d 506, 508 (D.C. Cir. 1931) (Section 117 of the Criminal Code (18 USCA § 207) defining bribery as giving a thing of value to a public official "with intent to have his decision or action [1] on any question, matter, cause, or proceeding which may at any time be pending, or [2] which may by law be brought before him in his official capacity, or in his place of trust or profit").

require the same mens rea.  *See* Instruction 16-3 Elements of the Offense, 1 MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL P 16.01 ("the focus of [the corrupt purposes] element is on the defendant's intent and not on the official's actions"); *United States v. Quinn*, 359 F.3d 666, 675 (4th Cir. 2004) ("The critical question is whether the government official solicited something of value with a corrupt intent, *i.e.*, in exchange for an official act.").

**4.      The structure and syntax of § 201(b)(2)**

In determining whether statutory  alternatives constitute "means" or "elements," the structure and syntax of the statute are also analyzed.  *Burwell*, 122 F.4th at 990 (considering "structural and syntactical choices Congress made").  Analysis of the structure and syntax of § 201(b)(2) supports – on balance – the conclusion that the statutory alternatives are "means."  In *Burwell*, the D.C. Circuit found that the introduction of each statutory alternative with the word "by" suggested that they were "means."  *Id.*  Likewise, each of the statutory alternatives in § 201 is introduced with the word "being."  *See* 18 U.S.C. § 201(b)(2)(A)(B) and (C).  Additionally, in *Burwell*, the statutory alternatives were listed in a single paragraph.  *Burwell*, 122 F.4th at 990 (contrasting the balance of the statutory alternatives, which are in distinct paragraphs).  Similarly, the statutory alternatives set forth in § 201(b)(2) are included in one paragraph.  Admittedly, unlike the statutory alternatives in *Burwell*, § 201's statutory alternatives are punctuated with semicolons and separated by the disjunctive "or."  *But see Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) ("use of the word 'or' in the definition of a crime does not automatically render the [the statutory alternatives to be elements]").

In sum, just as "the plain text of § 2113(a)'s first paragraph criminalizes how someone unlawfully comes into possession of bank property—either by taking or attempting to take by force, violence, or intimidation; or by obtaining, or attempting to obtain bank property by

extortion," *Burwell*, 122 F.4ᵗʰ at 991; the statutory alternatives in § 201(b)(2) set forth how someone "corruptly" accepts or agrees to accept something of value.  Both statutes, therefore, set forth means – not elements.

## V.    Conclusion

Based on precedent, history of the bribery statute, and pertinent statutory analysis, § 201(b)(2)(A)-(C) sets forth three means by with the corrupt purposes element may be proven. The jury, therefore, need not be unanimous regarding which of the means has been established.


                        Respectfully submitted,

                        JEANINE FERRIS PIRRO
                        UNITED STATES ATTORNEY


                        *John Crabb Jr.*
                        John Crabb Jr.
                        N.Y. Bar No. 2367670
                        Rebecca G. Ross
                        N.Y. Bar No. 5590666
                        601 D Street, N.W.
                        Washington, D.C. 20530
                        john.d.crabb@usdoj.gov
                        (202) 252-1794