**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRAYON WHITE'S SUPPLEMENTAL MEMORANDUM ON SPECIAL JURY INSTRUCTION RE: UNANIMITY**

Defendant Trayon White, Sr., through undersigned counsel, hereby files a Supplemental Memorandum On Special Jury Instruction Re: Unanimity in response to GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED BRIBERY INSTRUCTION, filed on August 14, 2026 (ECF 77). Mr. White has also responded to other, earlier arguments about this same jury instruction in his prior pleading DEFENDANT TRAYON WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S JURY INSTRUCTIONS, filed on August 17, 2026 (ECF 82), responding to the Government's portion of the joint pretrial statement filing at ECF 75-4.

Mr. White appreciates the Court's permission given towards the end of the Pretrial Conference to respond here for the first time to the new authority cited by the Government in ECF 77.[1]

[1] With apologies, undersigned counsel did not know about ECF 77 until the afternoon before the Pretrial Conference. Counsel from Searby PLLC, still in the process of being retained by Mr. White and assigned to handle this issue, had not yet noticed their appearances, thus missing electronic service of ECF 77, and did not find it on the docket until a few days later. This problem will not happen again.

## INTRODUCTION

Mr. White, who has separately moved to dismiss Count One of the Indictment on grounds of duplicity,[2] contends that at a minimum the jury must be instructed to agree unanimously about certain things – including about which of the three separate prohibited purposes under 18 U.S.C. § 201(b)(1) the defendant intended the bribe payments to serve, namely, commission of (A) officials acts, (B) fraud against the United States, and/or (C) violations of official duty. The Government argues that these merely describe different "means," which do not have to be the subject of unanimous agreement. However, the Government itself has described the three subsections (A)-(C), as describing different **purposes** (ECF 75-4, at p. 45) -- which word denotes "**ends**," not "means." The more natural construction of the statute is to describe these three purposes as either separate offenses or alternative elements, which **do** need to be agreed upon unanimously. Case law supports this view.

Below, Mr. White first analyzes the new authority the Government cites in its supplemental brief on the bribery jury instruction, as well as related precedent in the D.C. Circuit. The Government did not render a particularly robust account of these cases, which do indeed provide much analytical support for construction of § 201(b)(1) as containing separate offenses, or at least "predicates."

Second, Mr. White builds on this analysis of the D.C. Circuit case law by citing U.S. Supreme Court authority requiring jury unanimity on "predicate" violations embedded within a charged count alleging a continuing offense. This Court should apply the reasoning of this

[2] Mr. White first moved for dismissal of Count One on grounds of duplicity in a pretrial motion (ECF 39, 59), which focused on the four distinct sums of money received by Mr. White on different dates. The Court denied this motion. (ECF 64, 65.) At the Pretrial Conference on August 19, 2026, Mr. White orally renewed the motion to dismiss on duplicity grounds, this time with the added grounds that Count One contains multitudes of alleged purposes representing separate offenses under 18 U.S.C. § 201(b)(1)(A)-(C), under the D.C. Circuit case newly cited by the Government, and discussed herein.

precedent, intended to avoid the jury convicting based on widely varying conclusions as to what legal violations occurred, to the predicates of bribery under § 201(b)(1)(A)-(C).

## ARGUMENT

### I. CONSISTENT WITH THE D.C. CIRCUIT'S INTERPRETATION OF SECTION 201(b) TO SPELL OUT SEPARATE OFFENSES OR ELEMENTS IN SUBSECTIONS (A)-(C), A JURY MUST AGREE UNANIMOUSLY ON THE BRIBE'S PURPOSE

The parties agree that a unanimous finding by the jury is required as to a part of a statute that creates in effect either a separate element or a "separate offense." *See United States v. Hurt,* 527 F.3d 1347, 1355 (D.C. Cir. 2008) (citation omitted). In a footnote to its supplemental brief, the Government raises the recent explanation by the D.C. Circuit that the 1962 predecessor statute to § 201 "defined three different bribery offenses." (ECF 77 at p. 5 & n.5, *citing United States v. Paitsel*, 147 F.4th 1010, 1023 (D.C. Cir. 2025)). The Government then dismisses Circuit Judge Wilkins' analysis in *Paitsel* as unimportant, and not to be followed by this Court. The Government's treatment of this case is both very abbreviated and very wrong; *Paitsel* and the *en banc* D.C. Circuit case it followed do help answer the question now before this Court.

After what the Government refers to as unnecessary *dicta* identifying three different bribery offenses in § 201(b)(1), the *Paitsel* majority went on to reach its holding about the scope of "official duty" bribery with analysis on no fewer than **four more occasions** running contrary to the Government's conclusion here:

1. The opinion refers to "official act" as an "element" with a different scope than "official duties." *See Paitsel*, 147 F.4th at 1023.
2. The court reached this conclusion in part by reading Supreme Court and D.C. Circuit case law to have established that, "when Congress restructured the bribery statute, it **carved out official act bribery as a narrower offense** than the singular

bribery offense that preceded § 201." *Id.* at 1024 (*citing United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404-410 (1999) and *Valdes v. United States*, 475 F.3d 1319, 1322 (D.C. Cir. 2007)) (emphasis added).

3. Next, the D.C. Circuit wrote, again speaking as of different types of offenses: "The *Valdes C*ourt reasoned that official duty bribery encompasses more conduct than official act bribery." *Id.*

4. Citing to another earlier D.C. Circuit case, the *Paitsel* majority again referred to "§ 201's official act offense" -- and **not**, as the Government would have it, the official act "means." *See id.*

Judge Wilkins, who had authored the previous year an opinion on what constitutes a separate offense in *United States v. Burwell*, 122 4th 984, 990-91 (D.C. Cir. 2024), indeed rested his opinion on calling these separate offenses under § 201(b)(1).

The D.C. Circuit in *Valdes* not only analyzed the separate offenses in § 201 as cited in *Paitsel,* it also introduced the description of subsections § 201(b)(1)(A)-(C) as "predicates." *See Valdes,* 75 F.3d at 1327-28. As explained in the next section of this brief, that description is decisive in favor of requiring jury unanimity as to the proof beyond a reasonable doubt of the particular type of purpose for the bribery. To do otherwise would violate the Due Process Clause by placing "no limits on a State's capacity to define different . . . **states of mind**, as merely alternative means of committing a single offense, thereby permitting a defendant's conviction without jury agreement as to which course or state actually occurred." *Hurt*, 527 F.3d at 1353 (emphasis added)(citation omitted). Allegedly corrupt purposes are states of mind, not mere instrumentalities. To allow different jurors to pick different predicates that were the purpose of

the bribe scheme is to create an impermissible "mishmash" of jury findings combining to support a verdict, of which the court in *Hurt* warned.

Aggravating this problem, as to the third prohibited purpose for a payment charged in Count One, i.e., of inducing a violation of Mr. White's official duty, the Indictment and the Government's jury instructions refer to several *different* official duties under the D.C. Council's ethics code as being purposes of the alleged bribery. (ECF 12, at ¶ 12; ECF 75-4, at p. 141.) Thus, nesting within § 201(b)(1)(C) is another layer of predicates in the mishmash from which jurors can choose *a la carte,* reaching different conclusions from one another.[3]

## II. THE SUPREME COURT HAS HELD IN AN ANALOGOUS CASE THAT A JURY MUST AGREE UNANIMOUSLY ON "PREDICATE" VIOLATIONS

Because the D.C. Circuit has described 18 U.S.C. § 201(b)(1)(A)-(C) as listing "predicates," *see supra,* this Court should follow U.S. Supreme Court authority requiring jury unanimity on "predicate" violations embedded within a charged count charging a continuing offense.

In *Richardson v. United States*, 526 U.S. 813 (1999), the Supreme Court held that the continuing criminal enterprise statute requires jury unanimity in respect to individual "violations" constituting the charged predicate criminal offenses. 526 U.S. at 824. In so holding, the majority found the limits of Due Process breached because of:

> . . . the likelihood that treating violations simply as alternative means, by permitting a jury to avoid discussion of the specific factual details of each violation, will cover up wide disagreement among the jurors about just what the defendant did, or did not, do.

*Id.* at 819.

---

[3] This further layer of different violations that were the supposed purpose of the bribe aggravates the duplicity defect of which Mr. White complains. Mr. White advocates excluding from evidence several (but not all) of those ethics violations anyway as nonsensical in the context of a federal bribery charge.

Where predicate violations of law are at issue in determining guilt for the offense, the majority in *Richardson* found excessive the --

> risk (present at least to a small degree whenever multiple means are at issue) that jurors, unless required to focus upon specific factual detail, will fail to do so, simply concluding from testimony, say, of bad reputation, that where there is smoke there must be fire.

*Id.* This result "in effect, imposes punishment on a defendant for the underlying crimes without any factfinder having found that the defendant committed those crimes." *Id.* at 822.

Rather than imposing these risks, the Supreme Court reasoned: "Congress might well have intended a jury to focus upon individual violations in order to assure guilt of the serious crime the statute creates." *Id.* at 820-21.

In construing the statute to require such handling, the Supreme Court broadly reasoned: "Nor can the Government successfully appeal to a history or tradition of treating individual criminal 'violations' as simply means toward the commission of a greater crime." *Id.* at 821.

The analogy of the continuing criminal enterprise statute to a bribe charge alleging all of the predicate provisions under § 201(b)(1) is a fair one. Subsection (B) describes participation in a fraud offense against the United States, and subsection (C) describes violations of official duty, of which in this case the Government has identified several options. All of these alleged violations add options to the jury finding a corrupt *quid pro quo* for an official act under subsection (A). Present here in spades are all the dangers of fundamental jury disagreement about what wrongful conduct underlies the charged offense which the Supreme Court wrote in *Richardson*.

## CONCLUSION

Assuming *arguendo* that this Court does not reconsider its duplicity ruling and dismiss Count One altogether, Mr. White respectfully requests that this Court give a jury instruction requiring specific unanimity on predicate offenses under § 201(b). Prudence would also then indicate the need for a special verdict form ensuring that jurors have been able to apply the instruction to the Government's bewildering array of options to convict Mr. White.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman* (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

*/s/ Bruce H. Searby*
Bruce H. Searby (DC # 1012382)
Nicole C. Ledesma (DC # 90020184)
SEARBY PLLC
2000 P Street NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Email: bsearby@searby.law

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2026, true and genuine copies of **DEFENDANT TRAYON WHITE'S SUPPLEMENTAL MEMORANDUM ON SPECIAL JURY INSTRUCTION RE: UNANIMITY** were served on all counsel of record for the Government by ECF filing.

*/s/ Bruce. H. Searby*