**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION *IN LIMINE* BY TRAYON WHITE**
**TO PRECLUDE THE GOVERNMENT'S TESTIMONIAL AND OTHER EVIDENCE ABOUT CERTAIN PROVISIONS OF D.C. COUNCIL CODE OF CONDUCT THAT ARE INVALID BRIBERY PREDICATES**

Defendant Trayon White, Sr., through undersigned counsel, respectfully files this Motion *In Limine* To Preclude the Government's Testimonial and Other Evidence About Certain Provisions of the D.C. Council Code of Conduct That Are Invalid Bribery Predicates.

INTRODUCTION

Late last Thursday afternoon, August 20, 2026, the Government produced to the defense an FBI memorandum of interview for Nicole Streeter, currently employed as the General Counsel for the District of Columbia Council, whom prosecutors and agents interviewed the week before. Much of the trial testimony from Ms. Streeter that the defense can now anticipate will concern certain provisions of the D.C. Council Code of Conduct that the Government claims are at issue in the payments Mr. White received from the Informant in 2024. Some of these ethics code provisions are cognizable predicates for the offense of official duty bribery under 18 U.S.C. § 201(b)(1)(C), **but several are not** and their use as predicates demonstrates circular logic or is otherwise at odds with the federal law of *quid quo pro* bribery and constitutional principles.

For instance, it makes no sense to call it "bribery" for an official to accept something of value "in exchange for" **accepting that same something of value** as is prohibited by certain provisions of the official's ethics code. Such a legal theory is just circular, a tautology which would turn a wide array of local ethics violations into federal felony bribery. Furthermore, it makes no sense to predicate a bribery charge on a vaguely-stated and overbroad ethics code provision the official allegedly violated, where federal courts have for decades held conduct fitting within the terms of that ethics provision to be outside the scope of federal bribery law.

Ms. Streeter should be precluded from testifying as to the invalid predicates, under Fed. R. Evid. 401, 402, and 403, as irrelevant and unduly prejudicial. Furthermore, while the Government may be allowed as a matter of law to make some use of the D.C. Council Code of Conduct for some possible predicates,[1] the jury should not have the entire ethics code back in the jury room, at least with no instructions as to what they should and should not consider.[2]

## STATEMENT OF FACTS

Mr. White is charged with a single count of violating 18 U.S.C. § 201(b) during a sting operation where the FBI directed a confidential informant in an undercover operation to meet Mr. White on four occasions between June 2024 and August 2024.

Among the other ways that the Government alleges Mr. White committed bribery, it was by taking money in exchange for violating his lawful duties, in violation of § 201(b)(1)(C).

[1] For instance, Mr. White does not challenge as a matter of law that an official disclosing or using confidential or privileged information acquired by their position without authorization. (GEX 1, at VII), could hypothetically predicate *a quid pro quo* in violation of the federal bribery statute.
[2] Mr. White has already objected to the Government's proposed jury instructions about what provisions of D.C. Council Code of Conduct can serve as predicates to bribery. (ECF 75-4, at 93; ECF 82, at 10-12.)

The Indictment,[3] as well as the Government's proposed jury instructions,[4] refer to several provisions of the D.C. Council's ethics code providing, *inter alia*, that members shall not:

- receive any compensation, salary, or contribution to salary, gratuity, or any other things of value from any source other than the District government for his performance of official duties
- solicit or accept, either directly or indirectly, any gift from a "Prohibited Source"
- knowingly use the prestige of his office or public position for his financial gain or that of another

D.C. Council Code of Conduct Council, Period 25, at 3, I(e)(1); 8, III(a); 16, VI(b)(1).

These provisions now appear to be the subject of Ms. Streeter's anticipated testimony as shown by her August 13, 2026 interview produced to the defense a week later, which largely restates the code.

The Government has stated its intent to introduce the entire, unredacted D.C. Council Code of Conduct as GEX 1, including the above provisions.

There are **other** portions of Ms. Streeter's anticipated testimony, of the Government's jury instructions, and/or of GEX 1, the code itself, that are **not** at issue in this motion *in limine* concerning how an official shall not --

- use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests
- receive anything of value in return for being influenced in the performance of official acts

[3] Indictment, at p.2, para.2.
[4] ECF 75-4, at pp. 47-48.

- disclose or use confidential or privileged information acquired by their position without authorization

D.C. Council Code of Conduct Council, Period 25, at: 2, I(a); 10, III(e)(2), 19, VII.

## ARGUMENT

For almost the past two decades, the U.S. Supreme Court and lower courts have been circumscribing the attempts of federal prosecutors to theorize economic crimes, including corruption crimes, applying statutes in aggressive ways to scenarios not actually contemplated or legislated by Congress. Moreover, our courts have increasingly recognized that there are shades of unethical behavior that are best left to ethics authorities and not to federal criminal law. The Government swims against these powerful currents in this case, filling a "kitchen-sink" single count of bribery with several legal theories based on local ethics code as to which no reasonable person would have notice reading the statute or the cases that have interpreted it.

### I. IT IS NOT A FEDERAL OFFENSE FOR AN OFFICIAL TO RECEIVE A THING OF VALUE IN EXCHANGE FOR VIOLATING A RULE AGAINST THE SAME OFFICIAL RECEIVING THE SAME THING OF VALUE

The three ethics provisions at issue in this motion *in limine* are not proper predicates, and should not be the basis of Ms. Streeter's witness testimony that would be irrelevant and confusing to the jury, to Mr. White's prejudice. This is because these particular bribery theories lack a proper "*quo*" in the *quid pro quo.*[5] Their purported predicates themselves are ethics provisions fundamentally all about the receipt by the official of things of value. These bribery theories violate the canon of construction against circularity, would effectively eliminate the *quid*

[5] One of these ethics provisions, prohibiting the "knowingly use the prestige of his office or public position *for his financial gain* or that of another," phrased in the disjunctive, must be analyzed both here for the italicized text, in the next section, for the part concerning the financial gain "of another."

*pro quo* element, and would turn every official's receipt of something of value in violation of local ethics into a federal felony bribery offense. No one would have reasonable notice of these provisions' incorporation into a federal felony bribery statute.

In the analogous case of *United States v. Brown,* 2007 WL 2007513 (D.D.C. July 9, 2007) (J. Kollar-Kotelly), this Court struck down the Government's essential contention that defendants could be prosecuted, based on their conduct in February 2005, for attempting to obstruct their own prosecution for obstruction of justice in 2007. 2007 WL 2007513, at *3. In violation of the canons of construction, the Government's "circular construction of the statute would widen its scope beyond any sensible construction and render the 'official proceeding' requirement of the statute meaningless." *Id.*

The provision in 18 U.S.C. § 201(b)(1)(C) for the official duty bribery offense, what District Judge Kollar-Kotelly called "one of the several forms of bribery" criminalized under that statute, was these subject of her memorandum opinion in *United States v. Bailey*, 2023 WL 2139365, *3 (D.D.C. Feb. 21, 2023). Judge Kollar-Kotelly cited other caselaw in the Circuit that § 201(b)(1)(C) defines a predicate that creates "a distinct offense, which this Court has termed 'lawful-duty bribery.'" *Id.*[6] In upholding the allegations about the official taking a bribe to wrongfully benefit the bribe-payor in administering D.C.'s Freedom of Information Act, Judge Kollar-Kotelly emphasized that a "'duty' is 'a legal obligation that is owed ... and that needs to be satisfied.'" *Id. at 5 (citing Duty*, Black's Law Dictionary (9th ed. 2009)).

The three challenged provisions of the D.C. ethics code here are not to receive any things of value from any source other than the District government for his performance of official

[6] This is yet another case in this Court discussing the statute as containing separate offenses, thus supporting Mr. White's positions as to duplicity, special unanimity jury instructions, and a special verdict form, previously briefed at ECF 88.

duties, not to solicit or accept any gift from a "Prohibited Source," and (in relevant part for this section of the brief) not to knowingly use the prestige of his office or public position for his financial gain . . . ." Unlike in *Bailey* or other lawful-duty bribery cases under § 201(b)(1)(C), these three provisions are prohibitions against the official benefitting himself, but do **not** contain any distinct "legal obligation that is owed, and that needs to be satisfied,"[7] towards others, the violation of which would be a logical "*quo*" in the "*quid pro quo*."

The Government has not only manufactured the facts of this case by directing a sting operation against Mr. White, it has also manufactured the legal offenses themselves, as well. There is no reason to believe Congress had such legal theories in mind, so totally and without limitation incorporating local ethics offenses into the federal law of bribery. Therefore, the Government's three challenged theories should not be the subject of Ms. Streeter's testimony at trial. Consistent with this, to avoid mischief, nor should the jury have unabridged access to these provisions in GEX 1 in the jury room to cloud their deliberations.

## II. CONDUCT COVERED BY ONE OF THE D.C. COUNCIL PROVISIONS, THE USE OF "PRESTIGE" AND "POSITION" FOR FINANCIAL BENEFIT OF ANOTHER, IS NOT A COGNIZABLE OBJECT OF FEDERAL BRIBERY LAW

It is contrary to federal case law, and unconstitutionally vague and overbroad on its face, and as applied, to charge Mr. White for taking a payment in exchange for "knowingly us[ing] the prestige of his office or public position for [the] financial gain . . . of another." The defense simply cannot know all of the acts the Government intends to use to prove such a violation. However, on its face this ethics provision covers a range of conduct that is outside the realm of modern *quid pro quo* bribery as interpreted by the federal courts, which have established the

[7] *See Bailey*, 2023 WL 2139365, *5.

legality of payments for currying favor or relationship-building or building a reservoir of goodwill with an official.

A law is vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). "[T]he touchstone is whether the statute, standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier,* 520 U.S. 259, 267 (1997). "This is "a stringent standard." *United States v. Sandlin*, 575 F. Supp. 3d 16, 30 (D.D.C. 2021)).

Thus, the courts have ruled that bribery's *quid pro quo* requirement serves the function of "avoiding the 'peculiar result[ ]' that, without requiring a *quid pro quo*, federal law might unconstitutionally criminalize "*any* effort to buy favor or generalized goodwill from an official who either has been, is, or may at some unknown, unspecified later time, be *in a position to act* favorabl*y to the giver's interests." United States v. Silver,* 948 F.3d 538, 577 (2d Cir. 2020).

There is no federal bribery violation where the official has failed to offer a definite *quo: "*Absent any additional specificity, criminal liability could attach to any later action the official takes so long as the official is exercising some ability granted to him or her by law, regardless of the fact that the official essentially promised nothing in return for the payment." *Silver*, 948 F.3d at 557.

Here, receiving a gift in exchange for "us[ing] the prestige of his office or public position for [the] financial gain . . . of another" is too vague and broad in potential application. It could cover the generation of goodwill or favor that might only benefit the payor in some unpredictable, far-off, and attenuated way -- not necessarily by use of the levers of the

defendant's office, and indeed regardless of whether the official still occupies the public office he or she held at the time of the payment.

The Court should not permit Ms. Streeter's testimony to touch upon this legally irrelevant provision of the ethics code, nor the jury to stew in the jury room on this provision in GEX 1.

## CONCLUSION

WHEREFORE, the defendant respectfully requests that his motion *in limine* to preclude the Government's use at trial of testimonial or documentary evidence about the aforementioned provisions of D.C. Council Code of Conduct Council, Period 25 (at 3, I(e)(1); 8, III(a); 16, VI(b)(1)), be GRANTED.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman* (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

*/s/ Bruce H. Searby*
Bruce H. Searby (DC # 1012382)
Nicole C. Ledesma (DC # 90020184)
SEARBY PLLC
2000 P Street NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Email: bsearby@searby.law

*Counsel For Defendant Trayon White, Sr.*

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August 2026, this MOTION IN LIMINE BY TRAYON WHITE, SR. TO PRECLUDE THE GOVERNMENT'S TESTIMONIAL AND OTHER EVIDENCE ABOUT CERTAIN PROVISIONS OF D.C. COUNCIL CODE OF CONDUCT THAT ARE INVALID BRIBERY PREDICATES was served via electronic mail on chambers, and counsel of record by ECF/CM filing.

Respectfully submitted,

*/s/ Bruce. H. Searby*