**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No.: 24-CR-406 (RC)** |
| **TRAYON WHITE, SR.** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM ON UNINMITY**

The United States of America, hereby, replies to Defendant's Supplemental Memorandum on Unanimity. ECF # 88 ("Def. Mem.")

## I. Introduction

The bribery statute, 18 U.S.C. § 201(b)(2), sets forth three ways – statutory alternatives – by which the "corrupt purposes" element[1] of the statute may be established. *See* Government's Memorandum of Law in Support of it Proposed Bribery Instruction (ECF # 77) ("Gov. Mem"); *see also United States v. Young*, 651 F. App'x 202, 203 (4th Cir. 2016) ("We need not decide whether Crabtree's actions – smuggling contraband into the prison and otherwise violating a variety of prison regulations to effectuate the scheme – qualify as 'official acts' under § 201(b)(1)(A) because the Government presented ample evidence that Young violated § 201(b)(1)(C).").

The cases cited by the defendant do not support a different result. The two D.C. Circuit

[1] 18 U.S.C. § 201(b)(2) (emphasis added) ("being a public official or person selected to be a public official, directly or indirectly, *corruptly* demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity").

cases do not address the distinction between means and elements. One of them does not even address bribery; instead, it addresses gratuities.[2] And, while the Supreme Court case, cited by the defense, actually addresses the distinction between elements and means; it gives no support to the defense's position, as it analyzes a very different statutory scheme.

**II. The D.C. Circuit cases cited by the defense do not support its elements argument.**

Neither *United States v. Paitsel*, 147 F.4th 1010 (D.C. Cir. 2025)[3] nor *Valdes v. United States*, 475 F.3d 1319 (D.C. Cir. 2007), supports the defendant's argument that § 201(b)(2)(A)-(C) sets forth elements of the bribery statute – as opposed to three means by which the corrupt purpose may be established.

First, as set forth previously, the *Paitsel* court was considering the sufficiency of the evidence to support a bribery conviction, where the corrupt purpose arose from a violation of "official duty" – not whether § 201(b)(2)(A)-(C) sets forth elements or means. 147 F.4th at 1019. Nevertheless, *Paitsel* contains language that directly contradicts the defense's position that § 201(b)(2)(A)-(C) sets out elements: "Ultimately, subsection 201(b)(2)(C) does not criminalize any violation of an official duty, but rather only does so *when the other elements are met*" . . . *Id.* at 1030 (emphasis added); *id.* at 1029 ("the bribery statute requires proof beyond a reasonable doubt of other elements"). By "other elements" the court could not have been referring to § 201(b)(2)(A)-(C), because it is not necessary to establish all three in order to prove a violation of § 201(b)(2). *See, e.g.*, *Id.* at 1031 ("This is not an official act case."). Instead, the court's reference

---

[2] Gratuities and bribery are different crimes. *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404 (1999) (gratuity case: "Subsections (b) [bribery] and (c) [gratuities] then set forth, respectively, two separate crimes—or two pairs of crimes, if one counts the giving and receiving of unlawful gifts as separate crimes—with two different sets of elements and authorized punishments.").

[3] The defense mischaracterizes *Paitsel*, 147 F.4th 1010, as "new authority." Def. Mem. at 2 & n.2. The government previously cited this case (ECF # 48, at 2), and the Court has also previously cited *Paitsel*. ECF # 65, at 17.

to "elements" has to be a reference to *the actual other elements of the statute*:

> Under § 201(b)(2), there are three essential elements that must be met: (1) defendant must be a public official, (2) who directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept anything of value personally or for any other person or entity, and (3) did so specifically for one of the three corrupt purposes set forth in subsections (A) through (C).

*United States v. Ozcelik*, 527 F.3d 88, 93 (3d Cir. 2008), as amended (June 19, 2008).

The defense's citations to *Paitsel* do not support a different conclusion. First, the defense cites passages where the D.C. Circuit states that "official acts" are not co-extensive with "official duty." Def. Mem. at 3 ("In *Valdes v. United States*, our en banc Court construed 'official act' under § 201(b) narrowly, rejecting the Government's bid to construe that element 'to encompass essentially any action which implicates the duties and powers of a public official.'"); *id.* at 4 ("The *Valdes* Court reasoned that official duty bribery encompasses more conduct than official act bribery."). The fact that official acts are not co-extensive with official duty does not render them elements.

Means often encompass different conduct (otherwise they would be superfluous). As Justice Scalia explained with respect to means:

> That rule is not only constitutional, it is probably indispensable in a system that requires a unanimous jury verdict to convict. When a woman's charred body has been found in a burned house, and there is ample evidence that the defendant set out to kill her, *it would be absurd to set him free because six jurors believe he strangled her to death (and caused the fire accidentally in his hasty escape), while six others believe he left her unconscious and set the fire to kill her.*

*Schad v. Arizona*, 501 U.S. 624, 650 (1991) (Scalia, J., concurring) (emphasis added).

Next, the defense cites this passage from the opinion (Def. Mem. at 3-4): "when Congress restructured the bribery statute, it carved out official act bribery as a narrower offense than the singular bribery offense that preceded § 201." *Paitsel*, 147 F.4th at 1024. This language does not

do the work the defense claims. Instead, as it cites two gratuities cases,[4] it seems to be a reference to the fact that Congress added gratuities to the bribery statute. *Id.* at 1031 ("Congress in 1962 reorganized the bribery statute and added an illegal gratuity offense").

At bottom, the defense's reliance on dicta from one case and another case that analyzes a different crime, *i.e.* gratuities, does not support its position the § 201(b)(2)(A)-(C) are elements. Moreover, the defense fails to even address the analysis prescribed by the Supreme Court by which elements are distinguished from means. *United States v. Hurt*, 527 F.3d 1347, 1355 (D.C. Cir. 2008).[5]

## II. The Supreme Court case cited by the defense does not support its elements argument.

The defense's citation to *Richardson v. United States*, 526 U.S. 813 (1999), does not advance its argument. *Richardson* sets forth the familiar distinction between elements and means: "Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun." *Id.* at 817. (Similarly, an element of bribery is corrupt purpose; some jurors might conclude that the defendant was influenced in the performance of an official act, others might conclude he was influenced to defraud the federal government, and others may conclude that he was influenced to violate his official duty.)

Significantly, in *Richardson*, the Supreme Court was interpreting the Continuing Criminal Enterprise Statute, 21 U.S.C. § 848 ("CCE"). CCE is quite different from the bribery statute. CCE requires that the government prove, among other things, that the defendant had previously

---

4 *Id.* at 1024 (citing *Valdes* and *Sun-Diamond Growers*).

5 *See* Gov. Mem. (ECF # 77), at 4-8.

committed a series of three federal narcotics "violations." 21 U.S.C. § 848(c)(2). Violations of any substantive felony sections of Title 21 suffice as the predicate violations for a continuing criminal enterprise charge. *See, e.g., United States v. Ziskin*, 360 F.3d 934, 948 (9th Cir. 2003). "The two chapters of the Federal Criminal Code setting forth drug crimes contain approximately 90 numbered sections, many of which proscribe various acts that may be alleged as 'violations' for purposes of the series requirement in the statute." *Richardson*, 526 U.S. at 819. In contrast to § 201(b)(2)(A)-(C), CCE's predicate violations have different elements, may have been committed at different times, and require no connection among them – save that they were committed by the defendant. Under these circumstances, the Supreme Court held that these "violations" are elements of the offense.

But "[t]he words 'violates' and 'violations' are words that have a legal ring. A *'violation' is not simply an act or conduct*; it is an act or conduct that is contrary to law." *Id.* at 818 (emphasis added). Unlike the CCE statute's predicate "violations," which constitute "an act or conduct that is contrary to law," § 202(c)(2)(A)-(C) set forth the types of conduct that may establish the corrupt purpose element of the bribery statute. The conduct is not, however, a crime in and of itself. *Paitsel*, 47 F.4th at 1030 ("subsection 201(b)(2)(C) does not criminalize any violation of an official duty"). Significantly, the *Paitsel* court never refers to §201(b)(2)(A)-(C) as "violations." Instead, it refers to §201(b)(2)(A)-(C) as either (1) "classes," *id.* at 1031, (2) "acts," *id.* at 1029, or (3) "offenses," *id.* at 1023.[6] Accordingly, the defense's argument that "this Court should follow U.S. Supreme Court authority requiring jury unanimity on 'predicate' violations" (Def. Mem. at 5) is misplaced.

---

6 The defense characterizes these as a "quid pro quo," (Def. Mem. at 6); instead, they are three "quos." U*nited States v. Ng Lap Seng*, 934 F.3d 110, 132-33 (2d Cir. 2019).

## III. Conclusion

Based on precedent, history of the bribery statute, and pertinent statutory analysis, § 201(b)(2)(A)-(C) sets forth three means by with the corrupt purpose element of bribery may be proven. The cases cited by the defense are not the contrary. The jury, therefore, need not be unanimous regarding which of the means has been established.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

John Crabb Jr.
John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794