**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**TRAYON WHITE'S REPLY TO GOVERNMENT OPPOSITION TO MOTION *IN LIMINE* RE: CERTAIN PROVISIONS OF D.C. COUNCIL CODE OF CONDUCT THAT ARE INVALID BRIBERY PREDICATES**

Defendant Trayon White, Sr., through undersigned counsel, respectfully files this Reply to the Government's Opposition To the Motion *In Limine* To Preclude the Government's Testimonial and Other Evidence About Certain Provisions of the D.C. Council Code of Conduct That Are Invalid Bribery Predicates ("Gov. Opp."), filed on August 28, 2026. (ECF 96.)

**ARGUMENT**

I. MR. WHITE ASKS THIS COURT TO INVALIDATE THE GOVERNMENT'S LEGAL THEORY AS TO THREE PROVISIONS OF THE D.C. COUNCIL CODE OF CONDUCT -- NOT ALL SIX

Mr. White's instant motion *in limine* starts from the simple premise that **not every** violation of a provision of the D.C. ethics code necessarily makes logical sense for the Government to charge as an "official duty" violated in exchange for something of value, so as to constitute bribery. The Government's Reply of seven pages does not take direct issue with this premise. Instead, the Government repeatedly pretends that Mr. White has a blanket objection to the idea that the federal statute encompassing violations of local ethical duties can be procured through bribes in violation of 18 U.S.C. § 201(b)(1)(C). (*See* Gov. Opp., at 1, 3, 5, 6.) Of course

Mr. White does not. Mr. White only questions in this motion **three** out of the total of **six** provisions identified by the Government as being at issue in Count One.[1] Mr. White asks this Court to take out a scalpel here, not a meat cleaver. Nor does Mr. White have a generalized objection to council lawyer Ms. Streeter testifying about Mr. White's on-the-job exposure to ethical duties.[2]

## II. THE GOVERNMENT FAILS TO REBUT THE SPECIFIC ARGUMENTS OF STATUTORY CONSTRUCTION THAT MR. WHITE MAKES AGAINST THREE OF ITS LEGAL THEORIES OF OFFICIAL DUTY BRIBERY

Mr. White continues his motion *in limine* by contesting use of the three provisions of the D.C. ethics code as federal bribery predicates, for reasons of statutory construction specific to the three. The Government's Reply has little to say in response to these arguments, and certainly has nothing to say of merit.

### A. The Government Does Not Rebut Mr. White's Argument Against Using His Receipt of a Thing of Value As Both *Quid* and *Quo*

First, the Government does not even attempt to straighten out these three theories' circular logic.[3]

Bribery is about *quid pro quo*, this-for-that, and it is simply nonsense for the *quo* allegedly bargained for by a bribe-payor to be the same as the *quid* obtained by the bribe-payee. But that is exactly how the Government's theories would work (nested into Count One with several other legal theories in a mishmash, the likes of which the higher courts have warned against). These three theories do not describe real crimes, and so allowing testimony of the

[1] The objectionable legal theories are based on D.C. Council Code of Conduct Council, Period 25, at 3, I(e)(1); 8, III(a); 16, VI(b)(1). Not at issue in this motion in limine are the following provisions the Government also seeks to use: D.C. Council Code of Conduct Council, Period 25, at: 2, I(a); 10, III(e)(2), 19, VII.

[2] The Government defends against a supposed "suggestion" by Mr. White that its witness disclosure for Ms. Streeter was tardy. (Gov. Opp., at 3 & n.1.) However, Mr. White made no such objection, and instead simply relayed to the Court the procedural facts behind why he was filing this motion *in limine* now.

[3] The most the Government attempts to argue is that the case Mr. White cites against their circular logic is about another statute in which prosecution lost on this ground.

ethics provisions on which they are based in Count One could induce jurors to cast their vote for conviction without having found real crimes.

B. <u>The Government Fails To Explain How Its Proposed Legal Theory About Using "Prestige" for the "Financial Gain" of Another Would Not Criminalize Innocent Activity</u>

Second, the Government does not show any real limits to its application of one of these ethics provisions barring use of the prestige of one's office for the financial gain of another (D.C. Council Code of Conduct Council, Period 25, at 16, VI(b)(1)). Mr. White objects in this motion that use of this provision as a bribery predicate is unconstitutionally vague and overbroad – that is to say, standardless.

The Government counters that, somehow, proof of Mr. White's vote for this provision and his training about it will make it less vague. This conclusory assertion is not sufficient, especially given the boundaries of the federal law of bribery restated below. The Government has not specified to what specific ethics training it refers, such as would give content and (most importantly) **boundaries** to the terms "prestige of office" and "financial gain of another." Nor has the Government proffered the full range of facts in this case that it seeks to argue will fit in this capacious theory.

More importantly, the Government's opposition is completely wrong in its attempt to distinguish the case cited by Mr. White for the proposition that federal bribery law federal does not criminalize "any effort to buy favor or generalized goodwill from an official who either has been, is, or may at some unknown, unspecified later time, be in a position to act favorably to the giver's interests." *See United States v. Silver,* 948 F.3d 538, 577 (2d Cir. 2020). The Government argues that the rule stated in *Silver* is inapplicable to the case at bar because it was a Hobbs Act case. (Gov. Opp., at 6.) The Government fails to note that the Second Circuit's ruling in *Silver*

also covered the charge of bribery under an honest services fraud theory, and the court's concern not to criminalize buying favor or generalized goodwill applied equally to both types of crimes. *See Silver*, 948 F.3d at 546, 567. Moreover, in this regard *Silver* followed Supreme Court precedent in which the Government had charged corruption crimes other than Hobbs Act, including bribery under 18 U.S.C. § 201(b). *See Silver,* 948 F.3d at 567-68 (*citing, inter alia, United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999)); *see also United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) (citing cases). The Supreme Court in *Sun-Diamond* wrote broadly: "The federal criminal statutes cannot be read in a manner that 'reaches any effort to buy favor or generalized goodwill from an official who either has been, is, or may at some unknown, unspecified later time, be in a position to act favorably to the giver's interests. . . .'" *Sun-Diamond*, 526 U.S. at 405 (citations omitted).

The Government's broad incorporation of the D.C. ethics code provision against an official using his prestige for the financial gain of another sets the same impermissible trap for legal behavior as *Silver* and *Sun-Diamond* struck down, and those cases should be followed here.

## CONCLUSION

The Government effectively contends that there is no provision of the ethics code Mr. White might have infringed that it cannot use as a predicate to federal bribery. This is the sort of expansive over-criminalization by overly-creative prosecutors which started coming to an end over two decades ago, and which would be wrong for this Court to indulge versus Mr. White.

WHEREFORE, the defendant respectfully requests that his motion *in limine* to preclude the Government's use at trial of testimonial or documentary evidence about the aforementioned provisions of D.C. Council Code of Conduct Council, Period 25 (at 3, I(e)(1); 8, III(a); 16, VI(b)(1)), be GRANTED.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

*/s/ Bruce H. Searby*
Bruce H. Searby (DC # 1012382)
Nicole C. Ledesma (DC # 90020184)
SEARBY PLLC
2000 P Street NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Email: bsearby@searby.law

*Counsel For Defendant Trayon White, Sr.*

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August 2026, that TRAYON WHITE'S REPLY TO GOVERNMENT OPPOSITION TO MOTION IN LIMINE RE: CERTAIN PROVISIONS OF D.C. COUNCIL CODE OF CONDUCT THAT ARE INVALID BRIBERY PREDICATES was served via electronic mail on chambers, and counsel of record by ECF/CM filing.

Respectfully submitted,

*/s/ Bruce. H. Searby*