**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No.: 24-CR-406 (RC)** |
| **TRAYON WHITE, SR.,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S PROPOSED NARROWER**
**CONSTRUCTION OF DEFENDANT'S OFFICAL DUTY**

The United States of America, hereby, proposes the following narrower construction of one aspect the defendant's "official duty."

In its Order granting the defendant's motion in limine regarding the contours of his "official duty" pursuant to the D.C. Council Code of Official Conduct ("Code of Conduct"), the Court noted: "Perhaps there is a narrower construction of these provision that would avoid the circularity and vagueness concerns identified above." ECF # 109 at 8. In response, the government proposes the following narrower construction of the Code of Conduct §VI(b)(1) (addressing misuse of "prestige of office") (ECF # 96-1).

The Code of Conduct provides, in relevant part, that a councilmember "may not knowingly use the prestige of office or public position for that employee's private gain or that of another." *See* ECF # 96-1, at 16, §VI(b)(1). We understand that the Court has determined that this provision satisfies the requirement of a *quid pro quo*. ECF # 109 at 6. But, the Court has excluded evidence of this provision because it is too vague. *Id.*

With respect to vagueness, we ask the Court to consider that, "[t]he performance of *usual and customary constituent services*, without additional compensation, is not prohibited under paragraph (1) of this subsection." *See* ECF # 96-1, at 16, Code §VI(b)(2) (emphasis added). And "'usual and customary constituent services'" include a councilmember's "representational activities, such as advocacy, communications, inquiry, oversight, and other actions, made on another person's behalf . . . ." *Id.* at 17, §VI(d)(2).

We believe that these provisions sufficiently cabin the probation on misuse of the prestige of the office to address, in large measure, the Court's vagueness concerns. For example, these provisions mean that the defendant's mere association with CHS-1 for the benefit of CHS-1 would not violate this ethics provision. *See* ECF # 109, at 7-8. Instead, to violate the misuse of "prestige of office" probation, the defendant would have to perform acts on behalf of CHS-1 beyond merely providing normal constituent services.

To further cabin the reach of this provision, we ask that the Court instruct the jury that the misuse of prestige of office must be for the defendant's private gain. In other words, it does not cover acting solely for the private gain of another; *e.g.*, acting solely for the financial benefit of CHS-1 would not be sufficient. ECF # 96-1, at 16, §VI(b)(1) (striking "or that of another") ("An employee may not knowingly use the prestige of office or public position for that employee's private gain[.] ~~or that of another~~.")

With these limitations, the misuse of "prestige of office" provision would not reach "'nearly anything a public official accepts—from a campaign contribution to lunch—count[ing] as a quid; and nearly anything a public official does—from arranging a meeting to inviting a guest to an event—count[ing] as a quo.'" ECF # 109, at 7, *quoting McDonnell v. United States*, 570 U.S. 550, 575 (2016). Accordingly, these limitations would ensure that the bribery law does not

encroach on proper activities of elected officials; thus, alleviating the Court's concerns that "[c]ountless innocuous activities could qualify as knowingly using the prestige of one's office in a way that results in private gain for another." *Id.*

**II. Conclusion**

The government asks the Court to permit evidence of Code of Conduct §VI(b), within the strictures set forth above.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

/s/ John Crabb Jr.
John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794