**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**TRAYON WHITE'S OPPOSITION TO GOVERNMENT'S PROPOSED NARROWER CONSTRUCTION OF DEFENDANT'S OFFICIAL DUTY**

Defendant Trayon White, Sr., through undersigned counsel, respectfully files this Opposition to the Government's Proposed Narrower Construction of Defendant's Official Duty, filed on September 8, 2026. ECF 111.

## I. INTRODUCTION

As an initial matter, the Government's confusing new proposal is, as the Court noted in open court day, a motion for reconsideration, without announcing itself as such. This Court should decline to address the latest novel theory of federal criminal bribery to emerge from the legal laboratory of this U.S. Attorney's Office, because there is no satisfaction of the "as justice requires" standard for reconsideration. Count One is already overcrowded by other legal theories under 18 U.S.C. § 201(b)(2)(C) that the Government intends to present to the jury for convicting Mr. White ("official act," aiding fraud, and three other D.C. ethics provisions). The jury will be grappling with these theories all without the Court requiring jury unanimity on which one is a purpose of each bribe. The Government's workshopped theory on "use of prestige" addresses the same payments as all the others and will lead to overkill and confusion, which is hardly necessary for a just verdict.

Evidently not confident that the other five theoretical pathways to a bribery finding will result in a conviction, the Government seeks to rehabilitate "the use of prestige" provision with two modifications to its approach. As explained below, the first modification hardly addressees the vagueness and overbreadth of the code's phrases "use of prestige" and "financial gain of another" simply by exempting regular constituent services from the reach of the theory. This fix is just a small, pinkie finger in a burst dyke flooding the jury with vague possibilities.

As to the second modification, making the code provision apply in this case only to use of prestige "for that employee's private gain" returns to the same circularity and lack of a legitimately defined quid pro quo that the Court disallowed only days ago. It is a head-scratcher, because there certainly is no attempt by the Government to get the Court to reconsider its opinion's reasoning to this effect. If a prohibited payment is defined by being for the defendant's private gain it is not bribery.

## II. BACKGROUND

One of the Government's legal theories is that Mr. White violated Section 201(b)(2) because he accepted bribes in exchange for committing acts that violated the D.C. Council Code of Official Conduct and therefore were "in violation of [his ] official duty." 18 U.S.C. § 201(b)(2)(C). Mr. White filed an initial motion in Limine to exclude three ethics provision in this code because of their circularity and vagueness when applied to a bribery statute. ECF 89, at 1-2. After reviewing the filings, this Court agreed with the defendant that the provision was overly broad and vague for its wide range of conduct that could count as *quid*, "from a campaign contribution to lunch," for a wide range of conduct that could count as *quo*, which could include mere association with CHS-1 while being a public official. ECF 109 at 7-8 (quoting *McDonnell v. United States*, 579 U.S. 550, 575 (2016)). Therefore, the Court ordered that "Sections I(e)(1),

III, and VI(b)(1) of the D.C. Council Code of Conduct are excluded, and the Government is precluded from relying on these provisions for purposes of proving bribery under 18 U.S.C. § 201(b)(2)(C)." ECF 108. In its Opinion, the Court stated that "[p]erhaps there is a narrower construction of these provisions that would avoid the circularity and vagueness concerns identified . . . . ECF 109.

The Government now proposes a new construction for the Court to review. The Government states that "[t]he Code of Conduct provides, in relevant part, that a councilmember 'may not knowingly use the prestige of office or public position for that employee's private gain or that of another." ECF 111, at 1 *citing* ECF # 96-1, at 16, §VI(b)(1). The Government asks the Court to consider that "[t]he performance of usual and customary constituent services," as something that is not prohibited under paragraph 1 of 16, §VI(b)(1), and can therefore not serve as the quo. *Id*. at 2. Such "usual and customary constituent services" the Government explains include a councilmember's "representational activities, such as advocacy, communications, inquiry, oversight, and other actions, made on another person's behalf. *Id*. In advocating for this, the motion argues that "to violate the misuse of 'prestige of office' probation, the defendant would have to perform acts on behalf of CHS-1 beyond merely providing normal constituent services." Id. at 2.

Furthermore, the Government's motion proposes striking "or that of another" from the provision leaving it to read, "[a]n employee may not knowingly use the prestige of office or public position for that employee's private gain[.]" *Id*. As the Government itself states, "[t]o further cabin the reach of this provision, we ask that the Court instruct the jury that the misuse of prestige of office must be for the defendant's private gain." *Id.*

## III. ARGUMENT

### A. JUSTICE DOES NOT REQUIRE RECONSIDERATION OF THE COURT'S RULING DURING TRIAL

As explained below, there are multiple legal problems with this iteration of the Government's proposal, and undersigned counsel could truly only *begin* to count the ways that this construction would pose undue prejudice to Mr. White -- not to mention other, future defendants confronted with the precedential value of this Court's decision. This tinkering is hardly necessary for justice, so the Court should decline to reconsider its ruling.

This Court should consider the Government's request for reconsideration under the "as justice requires" standard. *See United States v. Sunia*, 643 F. Supp. 2d 51, 61 (D.D.C. 2009). "[F]or justice to require reconsideration, logically, it must be the case that[ ] some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm ... would flow from a denial of reconsideration." *Id.* (citation omitted.)

When Mr. White was squarely and clinically confronting the overreach of three of the Government's six theories of ethical misconduct underlying federal bribery, the Government spent its opposition brief distracting from the issues with its legal analyses, belaboring points that were not in dispute, and -- fundamentally -- failing to admit there was a vagueness or overbreadth issue as to the "use of prestige" provision. Now, left with only three ethical code violations to play with, the Government has not explained why its public policy goals in adding another theory back into this case are so weighty as to require this Court's reconsideration. No, the Government is really just making this stuff up as it goes along, and the Court need not indulge the Government in that pursuit, especially when there are already so many theories with greater legal clarity and precedent with which to try Mr. White's case.

Because the Government has made no showing of harm or injustice from proceeding based on the Court's ruling as it stands, this Court should deny reconsideration.

B. THE GOVERNMENT'S PROPOSAL RENEWS THE ISSUE OF CIRCULARITY

The Government attempts to narrow the acts that can apply to the "use of prestige" provision under Section 201(b) by stating **that it must be for the defendant's private gain**. The issue here is that the construction is circular in nature again by making a key part of its purpose his own private gain, when the "bribe" payment already covers that.

As this Court has noted, the Supreme Court has explained that "for bribery there must be a *quid pro quo*." *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404 (1999). The relevant Section 201(b)(2) is premised on accepting a bribe "in return for" violating an official duty, 18 U.S.C. § 201(b)(2), and in this case, the Government alleges Mr. White received money (*the quid*) in exchange for giving CHS-1 an increased chance at lucrative government contracts (*the quo*). ECF 109 at 3. The Court found that this provision of the code narrowly satisfied the requirement of a quid pro quo only if read as "accept[ing] money in exchange for using the prestige of his office for the private gain of *another*." *Id*. at 6.

Confusingly, the Government simultaneously states that the payment to Mr. White must be for him doing something for CHS-1 but also asks the Court to strike the benefit portion of the language by removing "or that of another" meaning that the prestige is used for the defendant's own gain. This either collapses back into the same circularity problem or is contradictory. The Government has narrowed their provision to state that the defendant used his prestige for his own personal gain -- and doing so is not bribery.

C. THE GOVERNMENT'S NARROWING LANGUAGE TO EXEMPT CONSTITUENT SERVIES DOES NOTHING TO CABIN THE VAGUE AND OVERBROAD TERMS OF "USE OF PRESTIGE" OR DEFENDANT'S "FINANCIAL GAIN"

While the Government never sets forth its new proposal with completeness and clarity, it argues for a narrowing of the quo so that the defendant "perform acts on behalf of CHS-1 beyond merely providing normal constituent services." ECF 111 at 2. This describes conduct for CHS-1's benefit and not the defendant's, but still sails wide of the mark of reducing the vagueness and ambiguity inherent in this local code provision about "use of prestige."

The Government's proposal merely limits its use to prove bribery of <r. White's "usual and customary constituent services." ECF 111 at 2. This still does not explain what else is considered using the "prestige" which is not usual and customary. The Court provided two examples such as arranging a meeting or inviting a guest to an event and it is unclear how the Government views those situations. The issue that the Court initially mentioned which is that "such an expansive bribery law would encroach on the proper activities of elected officials" remains. ECF 109 at 7 *citing McDonnell v. United States*, 579 U.S. 550, 575 (2016). The matter is even more confusing now, because the use of the prestige is now only supposed to benefit Councilmember White who as a council member inevitably participates in countless activities which use the prestige of his office for his gain as a council member with interests to serve including policies that he wants to move forward and his constituents' interests.

Additionally, the subject matter and time limits of both "use of prestige" and "financial gain of another" are unbounded under the newly-redrawn construction, and either part could occur off in the future after Mr. White has left his office as a councilmember. These unmitigated problems invite wide-ranging juror theorizing and legal mischief, especially with no unanimity required of them to find guilt.

## IV. CONCLUSION

WHEREFORE, the defendant respectfully requests this Court reject reconsideration of the Government's proposal in ECF 111, and/or reject it on the merits.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

*/s/ Bruce H. Searby*
Bruce H. Searby (DC # 1012382)
Nicole C. Ledesma (DC # 90020184)
SEARBY PLLC
2000 P Street NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Email: bsearby@searby.law

*Counsel For Defendant Trayon White, Sr.*

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2026, TRAYON WHITE'S OPPOSITION TO GOVERNMENT'S PROPOSED NARROWER CONSTRUCTION OF DEFENDANT'S OFFICIAL DUTY was served via electronic mail on chambers, and counsel of record by ECF/CM filing.

Respectfully submitted,

*/s/ Bruce. H. Searby*