**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAYON WHITE, SR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:24-cr-00406-RC<br><br>JUDGE RUDOLPH CONTRERAS |

**DEFENDANT TRAYON WHITE'S REQUEST FOR JUDICIAL NOTICE OF PUBLIC RECORD REGARDING U.S. DEPARTMENT OF JUSTICE "60-DAY RULE" FOR OVERT ACTIONS AND CRIMINAL CHARGES BEFORE ELECTIONS**

Defendant Trayon White, Sr., through undersigned counsel, hereby requests pursuant to Federal Rule of Evidence 201(b) that the Court take judicial notice of the content of an official government document published on an official government website, namely an official report of the U.S. Department of Justice ("the Department"), i.e., **Plaintiff's own official report**, making findings of the existence within the Department of a "longstanding unwritten practice to **avoid overt law enforcement and prosecutorial activities close to an election, typically within 60 or 90 days of Election Day**," as follows:

> No Department policy contains a specific prohibition on overt investigative steps within a particular period before an election. Nevertheless, various witnesses testified that the Department has a longstanding unwritten practice to avoid overt law enforcement and prosecutorial activities close to an election, typically within 60 or 90 days of Election Day.
>
> * * *
>
> [F]ormer officials cited the "60-Day Rule," under which prosecutors avoid public disclosure of investigative steps related to electoral matters or the return of indictments against a candidate for office within 60 days of a primary or general election.
> The 60-Day Rule is not written or described in any Department policy or

> regulation. Nevertheless, high-ranking Department and FBI officials acknowledged the existence of a general practice that informs Department decisions. Former Director Comey characterized the practice during his OIG testimony as "a very important norm which is...we avoid taking any action in the run up to an election, if we can avoid it." Preet Bharara, the former U.S. Attorney for the Southern District of New York, told us that the Department's most explicit policy is about crimes that affect the integrity of an election, such as voter fraud, but that there is generalized, unwritten guidance that **prosecutors do not indict political candidates or use overt investigative methods in the weeks before an election**.

Exhibit A attached hereto, U.S. Dep't of Justice, *A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election,* Office of the Inspector General (June 2018) ("DOJ-OIG Report"), at pp. 16-17 (emphasis added), *currently accessible at* https://oig.justice.gov/reports/review-various-actions-federal-bureau-investigation-and-department-justice-advance-2016.

For the crucial purposes of contextualizing Special Agent Matt Gano's testimony at trial yesterday, and of correcting the Court's statements before the jury about undersigned counsel's representations about norms for charging decisions within the Department, Mr. White directs the Court's attention to the fact established by the DOJ-OIG Report that components of the Department including the FBI and the U.S. Attorney's office are normally expected to avoid overt law enforcement and prosecutorial activities close to an election, typically within 60 or 90 days of Election Day.

Federal Rule of Evidence 201(b) provides that this Court may take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction" or "can [] accurately and readily [be] determined from sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of government documents available from reliable sources. *See American Council of the Blind v. Mnuchin*, 878 F.3d 360, 367 (D.C. Cir. 2017) (letter from Director of Bureau of Engraving and

Printing to a United States Senator providing working timeline); *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n.15 (D.D.C. 2008) (taking judicial notice of a document from the website of the United States Office of Personnel Management), *rev'd on other grounds sub. nom. Hamilton v. Geithner*, 666 F.3d 1344 (D.C. Cir. 2012). Government websites are an especially reliable and apt place from which to take judicial notice. *See Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016) (taking judicial notice of "information posted on official public websites of government agencies"); *Astakhov v. United States Citizenship and Immigration Services*, --- F.Supp.3d ----, 2023 WL 6479080 *2 (D.D.C. October 5, 2023) (taking judicial notice of the website of U.S. Citizenship and Immigration Service).

The DOJ-OIG Report and the fact of its findings as to the "60-Day Rule" are of a kind properly the subject of judicial notice as published on a government website, *i.e.*, the Government's own website, and as not subject to reasonable dispute. The "60-Day Rule" was not followed in 2024 by the prosecution team as to Mr. White by arresting him publicly and then indicting this case within 60 days of his election.

Judicial notice is appropriate to establish "adjudicative facts," namely those that are in dispute in the litigation. *See* Rule 201, Notes of Advisory Committee on Proposed Rules. The defense in this case has clearly put at issue the haste, competence, motivations, and results of the Government's investigation and charging of Mr. White, as well as sought to cross-examine Agent Gano and impeach the credibility of his testimony pursuant to Mr. White's constitutional rights to a fair trial and to due process of law.

Case Agent Matthrew Gano testified on September 17, 2026, in essence, that the FBI's and the Department's timing decisions to arrest Candidate Trayon White, Sr. on a public Complaint within 90 days of the D.C. Council election in November 2024, and to return the

Indictment against him within 60 days of that election, was conducted with regularity. Undersigned counsel made a representation about the foregoing unwritten 60-Day Rule during cross-examination of Agent Gano. The Government objected and the Court sustained. The Court disputed from the bench, before a listening jury, and in quite definite terms of assurance, the defense's representation about the norm. The Court requested undersigned counsel to submit documentary evidence of any written rule. The Court conceded at a bench conference following the exchange before the jury that its remarks in open court may have tended to leave the impression with the jury that Mr. White counsel had misled the jury on the topic.

In addition to complying approximately with the Court's request for more information, this Request for Judicial Notice will be the basis for a motion for a curative instruction to be given to the jury, which is forthcoming before the charging conference.

In addition, the defense yesterday immediately moved orally to compel discovery on the internal approval communications for arrest and indictment so close to Mr. White's election. Agent Gano volunteered testimony about these communications, including with the Department's Public Integrity Section within the Criminal Division, and thereby waived any applicable privileges such as attorney-client privilege. The defense can submit a written motion shortly, and can do so by the end of the day today if the Court so directs.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. White respectfully requests that the Court take judicial notice of the document and content set forth above.

Dated: September 17, 2026

Respectfully submitted,

/s/ Warren Gary Kohlman
Warren Gary Kohlman (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

/s/ Bruce H. Searby
Bruce H. Searby (DC # 1012382)
Nicole C. Ledesma (DC # 90020184)
SEARBY PLLC
2000 P Street NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Email: bsearby@searby.law

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2026, true and genuine copies of DEFENDANT TRAYON WHITE'S REQUEST FOR JUDICIAL NOTICE OF PUBLIC RECORD REGARDING U.S. DEPARTMENT OF JUSTICE "60-DAY RULE" FOR OVERT ACTIONS AND CRIMINAL CHARGES BEFORE ELECTIONS were served on all counsel of record for the Government by ECF filing.

*/s/ Bruce. H. Searby*