**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TRAYON WHITE, SR.**<br><br>**Defendant.** | **Case No. 24-CR-406 (RC)** |

# GOVERNMENT'S MEMORANDUM REGARDING INEXTRICABLY INTERTWINED EVIDENCE

On Friday, September 18, 2026, during arguments relating to the Defendant's Rule 29 Motion for a Judgment of Acquittal, the Court asked if "the issue with the federal contracts is part of the government's case?" *See* 9/18/26 p.m. Trial Tr. at 26:24-27:1. The Government explained that the other bribery schemes raised by the defendant are not part of the charged conduct. *See generally Id.* at 27:2-15; 32:24-33:1 Instead, the Government explained, that those other bribery schemes are inextricably intertwined with the charged conduct. Accordingly, the Government may properly rely on those discussions as evidence to prove that the Defendant had the motive, intent, and opportunity (among other things), to enter into the charged bribery agreement. *See Id.*

Subsequently, well after the evidence of the discussions of bribery schemes relating to the federal contracts (and contracts related to areas such as mental health, housing, and schools) had been admitted into evidence, the Defendant seemed to argue that the Government had violated notice requirement for other crimes evidence. Fed. R. Evid. 404(b)(3). The Defendant "misapprehends the scope of Rule 404(b). The Rule does not bar "evidence ... of an act that is part of the charged offense . . . " *United States v. Miller*, 799 F.3d 1097, 1105 (D.C. Cir. 2015) (citation

omitted). The notice requirement of Fed. R. Evidence 404(b) does not apply to inextricably intertwined evidence. *See, e.g., United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010) ("No [404(b)] notice is required, however, for evidence of an 'intrinsic act,' that is, an act that is 'part of the crime charged.'"); *United States v. Washington*, 12 F.3d 1128, 1135 (D.C. Cir. 1994) ("Moreover, 'Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.'"). As discussed below, the discussion of other bribery schemes is not other crimes evidence; instead, it is inextricably intertwined with the charged conduct. Accordingly, the strictures of Rule 404(b) do not apply, and the Government may use the evidence to prove the charged offense.

The discussions between Mr. Kamara and the Defendant relating to additional bribery schemes, *e.g.*, mental health, housing, schools, and federal contracts are inextricably intertwined with the charged conduct – they are intrinsic. The discussions are intrinsic because they arose during the commission of the charged offense. As the Court noted, "in the sense that it was the same conversation" and "intrinsic to what they were talking about agreeing to." *See* 9/18/26 p.m. Trans. at 32:12-15; *see also United States v. Badru,* 97 F.3d 1471, 1474 (D.C. Cir. 1996) (finding that evidence is intrinsic when "arose out of the same transaction or series of transactions as the charged offense," and it is "necessary to complete the story of the crime of trial"); *United States v. Garces*, 133 F.3d 70, 77 (D.C. Cir. 1998) (holding that evidence that "was part of the story" was not other crimes evidence). Moreover, they have an obvious similarity to the charged offense. *See e.g.* GEX 15 (discussing how the defendant would receive 3% of the value of mental health contracts – just as he did for the contracts in the charged offense).

The fact that discussions of other bribery schemes constitute intrinsic evidence is further demonstrated by the structure of the Indictment. The Indictment includes the discussions related

to other bribery schemes under the heading “2024 Acts in Furtherance of the Bribery Scheme.” *See* ECF # 12 at p.7, ¶¶ 33, 42, 43, 49, 51, 59; *cf. id.* at ¶¶ 17-26 (setting the 2019 bribe outside the section setting forth Acts in Furtherance of 2024 Scheme). The inclusion of discussions of other bribery schemes in the Indictment in this fashion and the fact that the videos containing these discussions were provided to the defense early in this matter belie the claim that the defense was unaware of this evidence.

Intrinsic evidence, such as the discussion of other bribery schemes, may properly be used to prove commission of the charged offense, including for example: motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. *See e.g.*, *United States v. Allen,* 960 F.2d 1055, 1058 (D.C. Cir. 1992) (“[The evidence] was an intrinsic part of the witness’ account of the circumstances surrounding the offense for which [defendant] was indicted (and also was relevant both to [defendant’s] **intent** to distribute and his **knowledge** about [a co-conspirator’s] drug cache.”) (emphasis added); *Washington*, 12 F.3d at 1135 (“The testimony revealing that Early used his cousin’s Kaiser Permanente health insurance card to obtain medical treatment was intrinsic to the charged offense because it helped establish his **identity** as the driver of the Mazda . . .”) (emphasis added).

For the aforementioned reasons, the discussions related to other bribery schemes are intrinsic to the charged offense, and the Government may use that evidence to prove the charged offense.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: ___*/s/ Rebecca G. Ross*___

Rebecca G. Ross
N.Y. Bar No. 5590666
John Crabb Jr.
N.Y. Bar No. 2367670
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539