**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**YELAKE MESERETU,**<br><br>***Defendant.*** | **Case No. 24-cr-281 (APM)** |

## JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in. It is now up to me to instruct you on the law. Before we talk about the specific charges alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law. Some of these will repeat what I told you in my preliminary instructions.

### Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## Burden of Proof – Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the particular offense with which the defendant is charged, it is your duty to find him guilty. On the other hand,

if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty.

**Reasonable Doubt**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Right of Defendant Not to Testify**

Every defendant in a criminal case has an absolute right not to testify. Mr. Meseretu has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for this decision. You must not assume the defendant is guilty because he chose not to testify.

## Evidence In the Case

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses and the exhibits that were admitted into evidence.

## Search Warrants

During the course of trial, you have heard evidence that law enforcement officers, as part of their investigation, sought and obtained search warrants. You may not infer from the fact that these warrants were court-ordered that the defendant committed any of the offenses charged. That information was provided to you solely for the purpose of informing you how the government obtained certain evidence introduced in this case, and that the government's obtaining and use of this evidence was lawful.

## Jury's Recollection Controls

If any reference by the court or the attorneys to the evidence is different from your own memory, it is your memory that should control during your deliberations.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence

of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he or she later testified in court about what they had seen, their testimony would be direct evidence that snow was falling at the time he or she saw it happen. Assume, however, that a person looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he or she woke up. That testimony about what had been seen would be circumstantial evidence that it had snowed while the person was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Criminal Indictment Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. We asked you that question because you must not allow the nature of the charges themselves to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

**Inadmissibility and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Redacted Exhibits**

During the course of this trial, sometimes only portions of an exhibit were admitted, such as a document with some words or pictures blacked out or otherwise removed. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted. You should

not guess as to what has been taken out, and you should not hold it against any party. You are to decide the facts only from the evidence that is before you.

**Compilation Exhibits**

The government introduced certain exhibits that were a compilation of other admitted exhibits. These exhibits are Government Exhibits 403A, 405A, and 419A.

The admitted exhibits that are referenced in these compliations are the evidence in this case, not the compliations. If you note any difference between a compilation and a referenced admitted exhibit, the admitted exhibit controls.

FBI Special Agent Matthew Gano testified about the compilation exhibits. You should consider such testimony only as an aid in evaluating the underlying evidence. If you note any difference between Agent Gano's testimony and a referenced admitted exhibit, the admitted exhibit controls.

**Transcripts of Recordings**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness actually observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Evaluation of a Prior Inconsistent Statement of a Witness

The law treats prior inconsistent statements differently depending on the circumstances in which they were made. I will now explain how you should evaluate those statements.

You have heard evidence that Patricia Bailey and Agent Gano made statements on an earlier occasion and that these statements may be inconsistent with their testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You also have heard evidence that Agent Gano made an earlier statement under oath, subject to the penalty of perjury at a prior proceeding and that this statement may be inconsistent with his testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

**Evaluation of a Prior Consistent Statement of a Witness**

You have heard evidence that Patricia Bailey made a statement on an earlier occasion and that this statement may be consistent with her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the credibility of the witness. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency in judging the credibility of the witness here at trial but you may not use it as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Law Enforcement Agent's Testimony**

A law enforcement agent's testimony should be considered by you just as any other evidence in the case. In evaluating the agent's credibility you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement agent.

**Accomplice's Testimony**

You have heard testimony from Patricia Bailey. The government is permitted to use a witness who testifies that they participated in the offenses charged against Mr. Meseretu, although the testimony of such a witness should be considered with caution. You should give their testimony as much weight as in your judgment it deserves.

**Witness with a Plea Agreement**

You have heard evidence that Patricia Bailey entered into a plea agreement with the government pursuant to which she agreed to testify truthfully in this case and the government agreed to bring the witness's cooperation to the attention of their sentencing judge and consider filing papers with their judge which would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him/her against a prosecution for perjury or false statement, should he or she lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated them to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

**Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Motive**

Motive is not an element of the offense(s) charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge(s) beyond a reasonable doubt.

**<u>"On or About" – Proof of</u>**

The superseding indictment charges that the offense of conspiracy, bribery, and wire fraud was committed "on or about" August 1, 2018, through at least May 5, 2023. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Case 1:24-cr-00486-APM Document 126-1 Filed 09/22/25

With these preliminary instructions in mind, let us turn to the charges against the defendant and the elements of the alleged offenses.

**Count One: Conspiracy**

Count One of the indictment charges Yelake Meseretu with the crime of conspiracy. A conspiracy is an agreement to commit a crime. The defendant is charged in Count One with conspiring with Patricia Bailey and Dana Garnett to commit the crimes of paying a bribe and wire fraud in violation of federal law.

The charge of conspiracy to commit the crimes of paying a bribe and wire fraud is separate from the crimes of paying a bribe and wire fraud, with which the defendant is also charged in Counts Two through Six. To prove conspiracy, the government is not required to prove that the defendant succeeded in committing the crimes of paying a bribe and wire fraud.

To prove the offense of conspiracy, the government must prove the following three elements beyond a reasonable doubt:

*First*, that an agreement existed between two or more people, including the defendant, to commit the crimes of paying a bribe and wire fraud. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists to commit bribery or wire fraud. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crimes of paying a bribe or wire fraud.

One more point about the agreement. Count One alleges that Mr. Meseretu joined a conspiracy whose object was to commit two federal crimes—paying a bribe and wire fraud. The government does not have to prove that Mr. Meseretu agreed to commit both of these crimes. But

the government must prove beyond a reasonable doubt that there was an agreement to commit at least one of them for you to return a guilty verdict on any of the conspiracy charges. And your verdict must be unanimous as to the federal crime that the conspirators agreed to commit. If you are unanimous that Mr. Meseretu agreed to commit one or both federal offenses, you should identify that offense on your Verdict Form.

So, the first thing that must be shown is the existence of an agreement.

*Second*, the government must prove that the defendant, Mr. Meseretu, intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement, or that he was a member of the conspiracy from the very beginning. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy.

*Third*, the government must prove that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. To find the defendant guilty, each of you must conclude beyond a reasonable doubt that at least one overt act was done to further conspiracy, but you are not required to all agree on a particular overt act. Only if the act was done to further the conspiracy can it be considered an

overt act. A list of the Overt Acts, only one of which must be proven, is appended to these instructions. The appendix is not evidence. You are being provided the appendix for your convenience only to identify the alleged overt acts.

A few more instructions about the conspiracy count. A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove beyond a reasonable doubt that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether the defendant was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against the defendant whether done in or out of her presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the act or statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements, and not against any other person.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that there was an agreement to commit the crimes of receiving a bribe or wire fraud; second, that the defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the charged overt acts for the purpose of carrying out the conspiracy.

**<u>Counts Two and Three: Payment of a Bribe to a Public Official</u>**

Counts Two and Three of the indictment charge the defendant, Yelake Meseretu, with giving, offering, or promising a bribe to a public official, which is a violation of federal law.

In order to find Mr. Meseretu guilty of the offense in Count Two, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First*, that Mr. Meseretu directly or indirectly, gave, offered, or promised something of value to Dana Garnett. The term "something of value" includes a sum of money, favorable treatment, a job, or special consideration.

*Second*, that Ms. Garnett was, at that time, a public official. The term "public official" includes any employee of the government of the District of Columbia.

*Third*, that Mr. Meseretu acted corruptly.

In order to find Mr. Meseretu guilty of the offense in Count Three, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First*, that Mr. Meseretu directly or indirectly, gave, offered, or promised something of value to Patricia Bailey. The term "something of value" includes a sum of money, favorable treatment, a job, or special consideration.

*Second*, that Ms. Bailey was, at that time, a public official. The term "public official" includes any employee of the government of the District of Columbia.

*Third*, that Mr. Meseretu acted corruptly.

I will now give you some additional instructions about the law of bribery. These instructions apply to Counts Two and Three.

***Something of Value***

In order to conclude that the Government has met its burden as to the first element, you must be unanimous that a particular sum of money paid by Mr. Meseretu was a bribe. For example, half of you cannot conclude that a particular alleged payment was a bribe, and the other half of you conclude that a different alleged payment was a bribe. You must be unanimous as to the alleged payment that constituted the bribe.

***Corruptly – Defined***

The term "corruptly" means an intent to obtain an illegal benefit. To act "corruptly" requires the defendant to act with a particular kind of an unlawful purpose: the payment of something of value in exchange for (1) an official act; (2) the public official's commission of any fraud on the United States; or (3) the public official doing or omitting to do any act in violation of the lawful duty of such official.

A person acts corruptly if the person intentionally gives, offers, or promises something of value to a public official with the understanding, at least in part, that, in exchange, a public official is expected to be influenced in the performance of a specific official act, induced to violate her lawful duty, or influenced to commit fraud on the United States.

***Official Act – Defined***

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity or in such official's place of trust. Awarding a contract constitutes an official act.

***Violation of Lawful Duty – Defined***

The government also alleges that the defendant violated the bribery statute by paying a bribe to induce a public official to violate the public official's duty. The government alleges that as a public official at the D.C. Public Schools, Dana Garnett and Patricia Bailey had a lawful duty not to disclose a government-issued purchase card number without authorization.

***Fraud on the United States – Defined***

The term "fraud on the United States" means to cheat the United States government or any of its agencies out of money or property. It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. The term "United States government" includes the government of the District of Columbia.

***Course of Conduct***

The government need not prove that each payment was provided with the intent to prompt a specific official act. Instead, the government can show a course of conduct of payments flowing to a public official in exchange for a pattern of official actions favorable to the donor. Payments may be made with the intent to retain the official's services on an "as needed" basis, so that whenever the opportunity presents itself, the official will take specific action on the payor's behalf. The payments constitute a bribe in that case so long as the essential intent—a specific intent to give or receive something of value in exchange for an official act—exists.

***Exchange Need Not be Explicit***

The defendant's exchange of bribes for official acts and violations of lawful duty need not be explicit. Otherwise, the law's effect could be frustrated by knowing winks and nods. Rather, a defendant's intent may be proven by circumstantial evidence, based on his words, conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn

from them.

***Mixed Motive Not a Defense***

Finally, it is not a defense to the crime of bribery that a person paid something of value for some legal purpose in addition to intending to induce a public official to act corruptly. If you find beyond a reasonable doubt that the defendant acted corruptly, then it makes no difference that the defendant may also have had additional motives—such as friendship or goodwill.

It is not a bribe for a public official to receive gifts, loans, or compensation from friends and acquaintances when that gift, loan, or compensation is not in exchange for (1) an official act; (2) the public official's commission of any fraud on the United States; and (3) the public official doing or omitting to do any act in violation of the lawful duty of such official.

**Counts Four through Six: Wire Fraud**

Counts Four to Six of the Indictment charge Yelake Meseretu with wire fraud.

To find the defendant guilty of wire fraud as charged in Counts Four through Six, you must find that the government proved each of the following four elements for each count beyond a reasonable doubt:

*First*, that the defendant knowingly devised or participated in a scheme to defraud:

a) in order to deprive another of money or property; or

b) in order to deprive the public of the honest services of Dana Garnett and Patricia Bailey through bribes or kickbacks.

*Second*, that the scheme included a material misrepresentation or concealment of a material fact;

*Third*, that the defendant had the intent to defraud; and

*Fourth*, that in advancing, furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, sign or picture by means of wire communication in interstate commerce.

I will now describe each of these elements in more detail.

***Scheme to Defraud***

A scheme or artifice to defraud means any deliberate plan of action or course of conduct by which someone intends to deceive and to cheat another of something of value. It includes a scheme to deprive another of tangible as well as intangible property rights.

Objects of the Scheme

The Indictment in this case charges the defendant with devising and participating in a scheme to defraud with two purposes: first, to obtain money and property by means of false and fraudulent pretenses; and second, to deprive the public of the honest services of Dana Garnett and Patricia Bailey through bribes or kickbacks. To find the defendant guilty of wire fraud you must find that the defendant devised or participated in the scheme in pursuit of either end or of both.

a) *Money or Property Object*

With respect to the alleged scheme to defraud the District of Columbia of money or property, the government must prove beyond a reasonable doubt that the defendant devised or participated in a scheme to deceive and cheat the District of Columbia Public Schools out of money or property.

b) *Honest Services Object*

With respect to the alleged scheme to defraud another of the intangible right to honest services, a public official owes a duty of honest, faithful, and disinterested service to the public. Officials of government are relied upon to act in the public interest, not for their own enrichment.

When a public official accepts a thing of value in exchange for being influenced, she breaches this duty of honest, faithful, and disinterested service because she outwardly purports to be exercising independent judgment in official work, but instead has been paid privately for her public conduct. Thus, the public is not receiving what it expects and is entitled to, namely, the public official's honest and faithful service.

To prove that a defendant knowingly devised or participated in a scheme to defraud another of the right to Dana Garnett's and Patricia Bailey's honest services, the government must prove beyond a reasonable doubt that the defendant engaged in a bribery or a kickback scheme. I have already defined bribery and its related terms for you when I explained what the government must prove for Counts Four through Six and you should refer to those instructions to determine whether a defendant engaged in a scheme to defraud another of the right to honest services.

A "kickback" occurs when a public official demands, solicits, seeks, asks for, or agrees to accept or receives, directly or indirectly, something of value from another person in exchange for a promise for, or performance of, an official act, and the act itself provides the source of the funds to be "kicked back" to the public official.

If you find that the government has proven beyond a reasonable doubt that the defendant engaged in a bribery or a kickback scheme, you may find that the government has proven the defendant engaged in a scheme to defraud another of the right to honest services.

***Unanimity Requirement – Object of the Scheme to Defraud***

With respect to the first element—a scheme to defraud—Counts Four to Six each allege that the objects of the scheme were (a) to deprive another of money or property and (b) to deprive the public of the honest services of Dana Garnett and Patricia Bailey through bribes or kickbacks. The government does not have to prove both objects of the scheme. But the government must

prove at least one of the two objects beyond a reasonable doubt for you to return a guilty verdict on any of the wire fraud charges. And your verdict must be unanimous as to the scheme's object for each count. If you are unanimous that Mr. Meseretu committed wire fraud, you should identify the object(s) as to which you are unanimous on your Verdict Form.

***Material Pretenses***

A material false or fraudulent pretense, representation, or promise is a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

Material false or fraudulent pretenses, representations, or promises include actual, direct false statements as well as half-truths, and include the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

***Intent to Defraud***

To act with an intent to defraud means to act knowingly and with the intention or purpose to deceive and to deprive another of something of value. An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or by a desire or purpose to cause some loss to some person.

***Use of Interstate Wires***

A wire communication in interstate commerce includes the use of a telephone or the internet to send a communication from one state to another state. For the purpose of the wire fraud

statute, a wire transmission between the District of Columbia and a state outside the District of Columbia is considered a transmission in interstate commerce.

The government need not prove that the defendant himself actually used a wire communication in interstate commerce or that the defendant himself even intended that anything be transmitted in interstate commerce by means of a wire communication to further, or to advance, or to carry out the scheme or plan to defraud. The government must prove beyond a reasonable doubt, however, that a transmission by a wire communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. If a defendant is a knowing participant in the scheme to defraud, he is responsible for any wire communication that takes place at any point in the scheme.

For Counts Four through Six, the specific wire communications charged are as follows:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| 4 | September 9, 2019 | Purchase card charge payment to Meseretu with Transaction ID 2894796104001 |
| 5 | May 4, 2021 | Email from GARNETT to Meseretu regarding requisition number RK179322 |
| 6 | June 1, 2021 | Purchase card charge payment to Meseretu with Transaction ID 3256379804001 |

**<u>Defense Position</u>**

It is the defense position that there is reasonable doubt as to every charge against Yelake Meseretu. Defendant Yelake Meseretu contends that he is not guilty on all six counts charged in the indictment. Mr. Meseretu denies that he provided anything of value to Patricia Bailey or Dana Garnett in exchange for either of them to:

(1) perform an official act;

(2) commit any fraud on the United States; or

(3) do or omit an act in violation of their lawful duty.

Mr. Meseretu contends that the $1,000 that he gave Patricia Bailey between February and May 2023 was a gift to a friend and was not in exchange for anything in return. Mr. Meseretu contends that the government has not proven beyond a reasonable doubt that he committed bribery or honest services wire fraud, or that he entered into a conspiracy to commit either of those crimes.

Before I excuse you to deliberate, I want to discuss a few final matters with you.

**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Jurors' Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when

convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict. Because court rules do not allow sending currency into jury deliberations, if you would like to see the payments, you may send a note through the courtroom deputy.

**Cautionary Instruction on Communication and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or the courtroom deputy know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email

or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the courtroom deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the courtroom deputy, the clerk or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 11-1, or in any other fashion—or whether the vote favors the government, the defendant, or is on any other issue in the case.

**Unanimity of Verdict**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

**Multiple Counts–One Defendant**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Delivering the Verdict**

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. We will then call you into the courtroom and ask you your verdict in open court.

**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing

personal. We selected two alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats 5 and 7.

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the courtroom deputy. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

You may now retire to begin your deliberations.

**Overt Acts Alleged in Count One of the Indictment**

The Government alleges that the following overt acts were taken in furtherance of the conspiracy charged in Count One of the Indictment:

***September 2019 Purchase Card Transaction***

a. On September 6, 2019, Garnett and Bailey arranged for DCPS to purchase 75 cases of copy paper from MESERETU's company, US Office, for $2,624 through a purchase card transaction.

b. On September 6, 2019, a purchase card charge with Transaction ID 2894796104001 was made to MESERETU's company in the amount of $2,624.25. The transaction posted to MESERETU's bank account on September 9, 2019.

c. MESERETU did not deliver 75 cases of copy paper to DCPS as required by the September 6, 2019, purchase card transaction.

d. On September 9, 2019, the same day that the DCPS funds for the purchase card order posted to MESERETU's business's bank account, MESERETU withdrew $2,520 in cash.

e. On September 9, 2019, Garnett and Bailey spoke on the phone. On September 9, 2019, Garnett and MESERETU spoke on the phone.

f. MESERETU paid Garnett and Bailey a portion of the cash he had withdrawn on September 9, 2019.

***May 2021 US Office Supplies Bid on Contract***

g. On April 21, 2021, Bailey created a supply request associated with requisition number RK179322 in the DCPS contracting and procurement system and sent it to DCPS Central Office for review and approval. It was a request for various custodial and office supplies for Cardozo High School. It included 200 units of a certain type of trash bag/can liner and 100 units of a second type of trash bag/can liner.

h. On May 4, 2021, Garnett emailed MESERETU a request for quote for the supplies listed on requisition number RK179322. As indicated in the email from Garnett, the request for quote was due on May 6, 2021, at 2:00 pm.

i. On May 5, 2021, Garnett and MESERETU communicated using Signal, an end-to-end encrypted messaging system.

j. MESERETU created a US Office quotation dated May 6, 2021, for the supplies listed in RK179322. The draft paperwork reflected a price of $20,653.20, that was crossed out and replaced with “$26,100.” The quantity of 200 for the first type of trash bag was crossed out and replaced in handwriting with “50” and the quantity of 100 for the second type of trash bags was crossed out and replaced in handwriting with “25.”

k. On May 6, 2021, Garnett and MESERETU communicated using Signal.

l. On May 6, 2021, MESERETU finalized US Office’s May 6, 2021, quotation for the supplies listed in RK179322 for the purpose of submitting it to DCPS and to Garnett. The final quotation as submitted to DCPS by MESERETU listed the same goods and quantities as the final draft MESERETU created, but with higher prices for each item and a total price of $26,050.45.

m. On May 7, 2021, Garnett selected US Office as the winning bidder for the purchase of supplies worth $26,050.45 and verified that MESERETU’s bid was reasonable.

n. On or about May 17, 2021, and again on or about May 20, 2021, MESERETU withdrew $5,000 in cash.

o. On May 17 and May 20, 2021, MESERETU and Garnett communicated using Signal.

p. On May 24, 2021, Bailey falsely certified that the full amount of requested goods had been provided to DCPS, when, in fact, it had not.

q. On May 28, 2021, DCPS paid MESERETU’s business $26,050.45 in satisfaction of this order.

r. On June 4, 2021, the goods listed on the US Office quotation dated May 6, 2021, were delivered to Cardozo by US Office but in deficient quantities. For example, 50 trash bag liners of one type were actually delivered when 200 were expected, and 25 trash bag liners of a second type were actually delivered when 100 were expected.

s. MESERETU paid Garnett cash.

***June 2021 Purchase Card Transaction***

t. On May 26 and June 1, 2021, Bailey made two purchase card charges, totaling $5,623, for supplies for an order to be fulfilled by MESERETU's business, US Office.

u. On June 11, 2021, Bailey text messaged MESERETU that she "needed 3 out of the 55," and "What's a good time tomorrow," which referred to a cash payment of $3,000.

v. On June 12, 2021, a Saturday, MESERETU text messaged Bailey the address of his business in Washington, D.C. Bailey responded that she would "be there shortly." MESERETU responded to let him know when Bailey was "20 min away."

w. When Bailey arrived, MESERETU paid Bailey $3,000 in cash.

***February and May 2023 Recorded Meetings***

x. On February 14, 2023, Bailey called MESERETU and claimed to have experienced a recent financial hardship. Bailey told MESERETU, in a call that was recorded, that she "need[ed] to buy some paper for the school and get some paper for" herself. During the call, Bailey and MESERETU agreed to put in a copy paper order to allow MESERETU to pay Bailey $1,000, which he did.

y. On February 17, 2023, Bailey met MESERETU at the business location of US Office in Washington D.C. During the meeting, MESERETU gave Bailey $500 in cash concealed in a promotional catalog for US Office.

z. On May 2, 2023, Bailey called MESERETU to arrange for the second $500 payment from MESERETU.

aa. On May 5, 2023, Bailey met MESERETU at the business location of US Office in Washington D.C. During the meeting, MESERETU gave Bailey $500 in cash.